**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **COUVILLION GROUP, LLC** | * * * |
| **VERSUS** | * * |
| | *   CIVIL ACTION NO. 4:22-cv-00908 |
| | * |
| **WHITE MARLIN OPERATING COMPANY LLC** | * * * * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**VERIFIED FIRST AMENDED COMPLAINT**

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Couvillion Group, LLC ("Couvillion" or "Plaintiff"), and for its Verified First Amended Complaint against White Marlin Operating Company, LLC ("White Marlin"), Agua Tranquillo Midstream LLC ("Agua"), and Talco Petroleum, LLC ("Talco," and collectively with White Marlin and Agua, "Defendants"), respectfully avers as follows:

**PARTIES**

I.

Plaintiff, Couvillion, is a limited liability company organized under the laws of the State of Louisiana, with its principal business office located in Louisiana, and all of its members are citizens of Louisiana.

II.

Upon information and belief, Defendant White Marlin is a limited liability company organized under the laws of Delaware, with its principal business office located in Texas. Upon information and belief, all member(s) of Defendant White Marlin are citizens of Texas. Upon information and belief, Defendant White Marlin is an affiliated entity and wholly owned subsidiary of Talco.

III.

Upon information and belief, Defendant Agua is a limited liability company organized under the laws of Delaware, with its principal business office located in Texas. Upon information and belief, all member(s) of Defendant Agua are citizens of Texas. Upon information and belief, Defendant Agua is an affiliated entity and wholly owned subsidiary of Talco.

IV.

Upon information and belief, Defendant Talco is a limited liability company organized under the laws of Delaware, with its principal business office located in Texas, and its members domiciled in Texas. Upon information and belief, all member(s) of Defendant Talco are citizens of Texas.

## **JURISDICTION AND VENUE**

V.

Pursuant to 28 U.S.C. § 1332(e), this Court has diversity jurisdiction because the matter in controversy exceeds $75,000, exclusive of interest and costs, and because the action is between citizens of different states.

VI.

Pursuant to 28 U.S.C. § 1391(b), venue is proper because, upon information and belief, the Defendants reside in the State of Texas, in this judicial district, and because, by virtue of the mandatory and exclusive forum selection clause contained within the Master Service Agreement entered into between Couvillion and White Marlin at issue, the parties have consented to venue and jurisdiction in the Southern District of Texas – Houston Division.

**FACTUAL BACKGROUND**

VII.

Couvillion is a contractor providing various marine services. White Marlin retained Couvillion to provide various services, including, but not limited to, the removal of certain pipelines located in Corpus Christi, Texas. Upon information and belief, these pipelines are owned by Agua.

VIII.

White Marlin, Agua, and Talco are petroleum companies that own a variety of oil and gas assets throughout Texas. Upon information and belief, White Marlin and Agua are affiliated entities and both are wholly owned subsidiaries of Talco.

IX.

On June 5, 2021, Couvillion and White Marlin executed a Day Rate Proposal containing Couvillion's estimated scope of work, personnel and equipment required, estimated time to prepare and mobilize, proposed day, lump sum and hourly rates, and estimated total day working rate, attached hereto as Exhibit "A." On July 26, 2021, White Marlin and Couvillion executed a Master Service Agreement ("MSA") governing Couvillion's work for White Marlin, attached hereto as Exhibit "B."

X.

The Master Service Agreement between Couvillion and White Marlin contains the following forum selection clause:

> 31. **APPLICABLE LAW/JURISDICTION AND VENUE.** This MSA and all matters arising out of or relating to this MSA, including tort and statutory claims are governed by, and construed in accordance with the General Maritime Law of the United States. In the event the General Maritime Law of the United States is held inapplicable by a court or tribunal, this MSA and all matters arising out of or relating to this MSA, including tort and statutory claims are governed by, and construed in accordance with the laws of Texas, without giving effect to any conflict of laws provisions thereof that would result in the application of the laws of a different jurisdiction. Any suit or proceeding hereunder will be brought

exclusively in the United States District Court for the Southern District of Texas – Houston Division. Each Party hereby consents to the personal jurisdiction of said Court and waives any objection that such Court is an inconvenient forum.

XI.

Beginning on July 26, 2021, Couvillion performed pipeline removal work and other services for the benefit of Defendants White Marlin, Agua and Talco pursuant to the Day Rate Proposal and the MSA.

XII.

Upon commencing work, Couvillion became aware that the site conditions varied extensively from those originally represented by Defendants in the bid process and thereafter. For example, the proposed pipeline cut locations were off by as much as 30 feet, and were significantly deeper than Defendants originally represented to Couvillion.

XIII.

As a result of these substantially differing site conditions, Couvillion was compelled to make modifications to its initial operations plan, schedule and equipment to further the project. At all times, Couvillion kept representatives of Defendants fully apprised of its necessary adjustments caused by the issues involved in addressing the site conditions. These changes were discussed daily and in-depth with the on-site representatives of Defendants with no objection by such representatives.

XIV.

On September 13, 2021, Couvillion submitted an invoice (Invoice No. 204144) to White Marlin in the amount of $1,448,966, with supporting documentation, which reflected Couvillion's charges for day rates, lump sum and/or extra work, equipment, transportation, dock services, and personnel from July 26, 2021 to September 11, 2021. *See* Item 1 attached to Affidavit of Michael Roy, attached hereto as Exhibit "C."

XV.

On October 19, 2021, Couvillion submitted an invoice (Invoice No. 204255) to White Marlin in the amount of $651,701.11, with supporting documentation, which reflected Couvillion's charges for day rates, lump sum and/or extra work, equipment, transportation, dock services, and personnel from September 12, 2021 to September 26, 2021. *See* Item 2 attached to Affidavit of Michael Roy, attached hereto as Exhibit "C."

XVI.

Despite amicable demand, to date, Defendants have not paid any portion of Invoice No. 204144 for $1,448,966 or Invoice No. 204255 for $651,701.11, for a total outstanding balance associated with this project of $2,100,667.11.

XVII.

White Marlin, Agua Tranquillo and Talco are related entities, and upon information and belief, all three were involved in receiving the benefit of Couvillion's work. During the course of Couvillion's work for these entities, upon information and belief, Agua Tranquillo and Talco, as well as White Marlin, were aware of Couvillion providing services, and accepted the benefit of Couvillion's work. Therefore, Couvillion seeks recovery against White Marlin, Agua Tranquillo, and Talco.

**COUNT ONE: BREACH OF CONTRACTS UNDER GENERAL MARITIME LAW AND TEXAS LAW**

XVIII.

Couvillion repeats and reallages paragraphs I-XVII as if repeated verbatim herein.

XIX.

As expressly agreed by White Marlin in the executed Day Rate Proposal, "[p]ayments of all invoices or undisputed portions of invoices will be in United States Dollars and are due within

thirty (30) days of receipt of invoice.  An interest invoice in the amount of one and one-half percent (1.5%) per month will be issued for invoices not paid within thirty (30) days."

XX.

As expressly agreed by White Marlin in the MSA, "[f]or Work satisfactorily performed, [Couvillion] will submit invoices monthly . . . and invoices will be paid within thirty (30) days of receipt of same.  If [White Marlin] disputes any item on [Couvillion's] invoice, [White Marlin] shall notify [Couvillion] of the disputed item in writing within fourteen (14) days of receiving the invoice.  The undisputed portion of the invoice, however, shall be paid within the stated payment period."

XXI.

White Marlin also expressly agreed in the MSA that "[e]ither Party will be in default under the Agreement and any and all Work Orders hereunder if it . . . (i) materially breaches the Agreement . . . ."

XXII.

Under both the General Maritime Law and Texas law, White Marlin's non-payment for the services rendered by Couvillion constitutes a clear breach of the terms of the contracts by which Couvillion furnished the above-described services to White Marlin.

XXIII.

All conditions precedent required of Couvillion under the parties' contracts have been performed.

XXIV.

White Marlin further agreed in the MSA that "[i]f the Parties become involved in litigation or mediation arising out of this Agreement in which the services of an attorney or other expert are reasonably required, the substantially prevailing Party (giving due consideration to all relevant circumstances and not merely to which Party obtains a judgment or recovery in its

favor) will be fully compensated for the cost of its participation in such proceedings, including court costs, expenses and the reasonable costs incurred for attorneys' fees and experts' fees. . . ."

XXV.

As a result of White Marlin's breach of its obligations to Couvillion, Couvillion has suffered damages in the amount of $2,100,667.11, and under the General Maritime Law and Texas law is entitled to judgment requiring White Marlin to pay Couvillion this amount, along with interest, attorneys' fees, expenses, court costs, and further damage as to be established at trial.

**COUNT TWO: BREACH OF ORAL CONTRACT – WHITE MARLIN, AGUA AND TALCO**

XXVI.

Couvillion repeats and re-alleges paragraphs I-XXV as if repeated verbatim herein.

XXVII.

Couvillion, White Marlin, Agua and Talco are parties to a valid, enforceable oral agreement whereby Mr. Richard Watson, Vice President of Operations for White Marlin, who upon information and belief is Vice President of Operations for Agua Tranquillo, and upon information and belief has authority to bind Talco, directed Couvilllion to perform its services. Couvillion performed its obligations under the agreement.

XXVIII.

White Marlin, Agua and Talco have breached the agreement by failing to pay $2,100,667.11 for Couvillion's work and services performed. Couvillion has suffered damages as a direct result of Defendants' breach.

**COUNT THREE: SUIT ON SWORN ACCOUNT**

XXIX.

Couvillion repeats and re-alleges paragraphs I-XXVIII as if repeated verbatim herein.

XXX.

As a separate cause of action, pursuant to Texas Rule of Civil Procedure 185, Couvillion maintains an action against Defendants for $2,100,667.11, based upon Couvillion's services rendered pursuant to the written and/or oral contracts described above.

XXXI.

The amount stated above for Couvillion's services was just and reasonable in accordance with the usual and customary prices for similar services, as further shown in the attached Affidavit of Michael Roy, attached hereto as Exhibit "C," with payment due on the services within 30 days of the dates the invoices were received.

XXXII.

As alleged above, despite the fact that 30 days have passed since Defendants received the invoices, and despite numerous demands by Couvillion on Defendants for payment, Defendants have refused and failed to pay the account, to Couvillion's damage in the sum of $2,100,667.11.

XXXIII.

White Marlin, Agua and Talco's refusal to pay the $2,100,667.11 owed for the services Couvillion has timely and satisfactorily performed makes Defendants liable for the amounts due and owing.

XXXIV.

In support of its suit on sworn account under Texas Rule of Civil Procedure 185, Couvillion hereby submits the Affidavit of Michael Roy, attached hereto as Exhibit "C," attesting to the amount of $2,100,667.11 owed by Defendants to Couvillion.[1]

---

[1] Couvillion will supplement the record with a fully notarized Affidavit upon receipt.

XXXV.

Consequently, Couvillion is entitled to judgment and all further relief as provided by Texas Rule of Civil Procedure 185 and Tex. Civ. Prac. & Rem. Code § 38.001, including attorneys' fees and pre-judgment interest.  *See* TEX. R. CIV. P. 185; TEX. CIV. PRAC. & REM. CODE § 38.001; TEX. FIN. CODE § 302.002.

**COUNT FOUR: COMMON LAW FRAUD**

XXXVI.

Couvillion repeats and re-alleges paragraphs I-XXXV as if repeated verbatim herein.

XXXVII.

Couvillion would show that representatives of Defendants made material false representations to Couvillion that it would be paid for its services provided in accordance with the contracts executed by both Couvillion and White Marlin.

XXXVIII.

White Marlin, Agua and Talco made these statements and White Marlin executed these contracts with the intent that such representations would be acted upon by Couvillion, and Couvillion relied on these representations to its detriment.

XXXIX.

Couvillion would further show that Defendants concealed or failed to disclose material facts within Defendants' knowledge, that Defendants knew that Couvillion did not have knowledge of the same and did not have equal opportunity to discover the truth, and that Defendants intended to induce Couvillion to continue providing services by such concealment or failure to disclose.

XL.

As a proximate result of such fraud, Couvillion sustained the damages described more fully herein.

**COUNT FIVE: QUANTUM MERUIT**

XLI.

Couvillion repeats and re-alleges paragraphs I-XL as if repeated verbatim herein.

XLII.

Defendants accepted the above-described services provided and completed by Couvillion. Defendants had reasonable notice that Couvillion expected compensation for these services, but Defendants have not compensated Couvillion for same.

XLIII.

Defendants have benefited from the numerous services detailed herein provided by Couvillion and has made no payment for these services and equipment. In turn, Couvillion expended time, effort, and monies performing those services.

XLIV.

Couvillion avers that Defendants received said services from Couvillion and were enriched by and/or benefitted from same, to the impoverishment of Couvillion and that Couvillion remains unpaid without justification.

XLV.

Accordingly, Couvillion is entitled to judgment by the Court awarding any and all damages sustained by Couvillion for Defendants' unjust enrichment.

**COUNT SIX: EQUITABLE ESTOPPEL/DETRIMENTAL RELIANCE**

XLVI.

Couvillion repeats and re-alleges paragraphs I-XLV as if repeated verbatim herein.

XLVII.

Couvillion relied to its detriment on the representations made by Defendants that they would perform their obligations under the invoices and contracts.

XLVIII.

Defendants knew or should have known that their representation that they would perform their obligations under the invoices and contracts would induce Couvillion to rely on such representations to Couvillion's detriment.

XLIX.

Couvillion's reliance on Defendants' representations was reasonable.

L.

Couvillion is entitled to judgment by the Court awarding any and all damages sustained as a result of the detrimental reliance upon Defendants' representations.

**COUNT SEVEN: INTEREST OWED**

LI.

Couvillion repeats and re-alleges paragraphs I-L as if repeated verbatim herein.

LII.

As expressly agreed by White Marlin in the executed Day Rate Proposal, "[p]ayments of all invoices or undisputed portions of invoices will be in United States Dollars and are due within thirty (30) days of receipt of invoice. An interest invoice in the amount of one and one-half percent (1.5%) per month will be issued for invoices not paid within thirty (30) days." Accordingly, interest on each invoice is due and owing at a rate of 1.5% per month until paid, and Couvillion demands payment of same.

LIII.

In the alternative, Couvillion avers that under TEX. FIN. CODE § 302.002, interest on open accounts accrues at a rate of six (6) percent per annum, commencing on the 30th day on which the sum is due and payable. Couvillion is, therefore, entitled to prejudgment interest from the 30th day after each unpaid invoice became due and payable, until the date of judgment.

## **PRAYER**

**WHEREFORE**, Plaintiff, Couvillion Group, LLC prays that Defendants, White Marlin Operating Company, LLC, Agua Tranquillo Midstream LLC, and Talco Petroleum, LLC, be duly served and cited to appear and after due proceedings had, that there be a judgment rendered in favor of Plaintiff and against Defendants, for all unpaid amounts due, together with pre-judgment and post-judgment interest, costs and attorneys' fees, plus such other, further and different relief as the Court deems just and proper.

Respectfully submitted,

**FRILOT L.L.C.**

*/s/ Colton V. Acosta*
**PATRICK J. MCSHANE T.A. (#19055)**
*Pro hac vice*
**DANICA BENBOW DENNY (#27376)**
*Pro hac vice*
**KATHLEEN P. RICE (#31291)**
*Pro hac vice*
**COLTON V. ACOSTA (#38121)**
*Pro hac vice*
1100 Poydras Street, Suite 3700
New Orleans, LA 70163-3600
Telephone: (504) 599-8000
Facsimile: (504) 599-8100
E-mail: pmcshane@frilot.com
    ddenny@frilot.com
    krice@frilot.com
    cacosta@frilot.com

*Counsel for Plaintiff, Couvillion Group, LLC*

**AND**

**RICHARD GORMAN LAW**

*/s/ Richard L. Gorman*
**Richard L. Gorman**
**State Bar No. 00784155**
**Federal I.D. 15685**
12335 Kingsride Ln. #354
Houston, TX 77024-4116

> Telephone: (832) 725-4026
> Facsimile: (281) 854-2200
> E-mail:  rg@richardgormanlaw.com
>
> ***Local Counsel for Plaintiff, Couvillion Group, LLC***

**NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS WILL BE SERVED UPON DEFENDANTS, WHITE MARLIN OPERATING COMPANY, LLC, AGUA TRANQUILLO MIDSTREAM LLC, AND TALCO PETROLEUM, LLC**