**JORDAN, LYNCH JL& CANCIENNE PLLC**

1980 POST OAK BLVD, SUITE 2300
HOUSTON, TEXAS 77056
(713) 955-4020
WWW.JLCFIRM.COM

JEB GOLINKIN
DIRECT DIAL : (713) 955-4019
EMAIL : jgolinkin@jlcfirm.com

June 7, 2022

*Via E-Mail and CMECF*

The Honorable George C. Hanks, Jr.
United States Courthouse
515 Rusk Street, Room 6202
Houston, TX 77002
*cm4147@txs.uscourts.gov*

    Re:    Cause No. 4:22-cv-00908, *Couvillion Group, LLC v. White Marlin Operating Company LLC et. al,*, in the United States District Court for the Southern District of Texas: Request for Pre-Motion Conference

Dear Judge Hanks,

    I represent Defendants White Marlin Operating Company, LLC; Agua Tranquillo Midstream, LLC; and Talco Petroleum, LLC in claims brought by Plaintiff Couvillion Group, LLC. Defendants file this request for a pre-motion conference on a potential Motion to Dismiss under Rules 9 and 12 of the Federal Rules of Civil Procedure.[1]

    This case involves a Master Services Agreement ("MSA") between White Marlin and Plaintiff for certain alleged work related to the removal of a pipeline in the Bay of Corpus Christi. In its First Amended Complaint, Plaintiff claims Defendants are liable for breach of a written contract, breach of an oral contract, suit on sworn account, common law fraud, quantum merit, equitable estoppel/detrimental reliance, and "interest owed." As detailed below, most of these claims fail as a matter of law or are inadequately pleaded.

**A.    Agua and Targa did not execute a written contract.**

    Plaintiff's contractual claims are impermissibly vague. To the extent that Plaintiff alleges that Talco or Aqua breached a written contract, those claims should be dismissed because Plaintiff has failed to allege either of these entities was a party

---

[1] Counsel for Defendants conferred with Plaintiff's counsel via email on June 7, 2022.

to *any* written contract. *American General Life Ins. Co. v. Kirsch*, 378 F. App'x 379, 383 (5th Cir. 2010).

### B. Plaintiff has not properly alleged breach of an oral contract.

In its First Amended Complaint, Plaintiff alleges that "White Marlin, Agua, and Talco are parties to a valid, enforceable oral agreement whereby Mr. Richard Watson, Vice President of Operations for White Marlin, who upon information and belief is Vice President of Operations for Agua Tranquillo, and upon information and belief has the authority to bind Talco, directed Couvillion to perform its services." (Plaintiff's First Amended Complaint at XXXVI-XL.)

This is not sufficient to state a claim for breach of an oral contract because Plaintiff has not alleged or described any offer, acceptance, consideration, material terms, consent, duration, or even the beginning date of the alleged oral agreement. As a result, the Court should dismiss Plaintiff's claim for breach of an oral contract. *See R.P. Small Corp. v. Land Dep't,* 505 F. Supp. 3d 681, 697 (S.D. Tex. 2020) (dismissing similarly pleaded breach of oral contract claim for failure to specifically allege offer, acceptance, and consideration).

### C. Plaintiff's claim for suit on a sworn account also fails as a matter of law.

Plaintiff's claim for "suit on sworn account" against Talco and Agua also fails. To prevail on a suit on sworn account, a plaintiff must allege "(1) a sale and delivery of the goods or services; (2) that the amount of the account is just, that is, that the prices are charged in accordance with an agreement or in the absence of an agreement, they are the usual customary and reasonable prices for those goods or services; and (3) that the amount is unpaid." *SM Energy Co. v. Smackco, Ltd.,* No. 11–CV–3028, 2012 WL 4760841, at *5 (S.D. Tex. Oct.5, 2012).

Plaintiff has not alleged it sold or delivered goods or services to Talco or Agua, nor does Plaintiff allege the amount and prices charged to these entities are the "usual customary and reasonable prices" for those services. Plaintiff thus has not stated a claim as to either of these Defendants. *Cinco J., Inc. v. Pressure Trucks, Inc.*, No. SA-15-CV-214-XR, 2015 WL 1957108, at *6 (W.D. Tex. Apr. 29, 2015).

What is more, Plaintiff could not move forward against Talco or Agua on this claim even if it had pleaded the elements properly because Talco and Agua were not parties to the contract Plaintiff cites as the basis of its claim and because Plaintiff's own documents show it only transmitted the invoices to White Marlin, not Talco or Agua. *Id.*

### D. Plaintiff's common law fraud claims against Defendants must be dismissed.

Plaintiff's common law fraud claim against all Defendants fails because Plaintiff's allegations do not meet the baseline plausibility standard, much less the heightened pleading requirement for fraud claims under Federal Rule of Civil

Procedure 9(b). In its First Amended Complaint, Plaintiff alleges "Defendants made material false representations to Couvillion that it would be paid for its services provided in accordance with the contracts executed by both Couvillion and White Marlin." (Plaintiff's First Amended Complaint at at XXXVII.)

These vague allegations are insufficient because they do not "let defendants know what statements were made by whom, when they were made, and how they were made." *R.P. Small Corp.*, 505 F. Supp. at 681 (dismissing fraud claims).

### E.   Plaintiff does not state a claim for quantum meruit against Defendants.

Plaintiff does not appropriately plead a viable claim for quantum meruit. In Texas, recovery under quantum meruit is "based upon a promise implied by law to pay for beneficial services rendered and knowingly accepted." *Leasehold Expense Recovery, Inc. v. Mothers Work, Inc.*, 331 F.3d 452, 462 (5th Cir. 2003). To state a claim, Plaintiff must allege Defendants *knowingly* accepted beneficial services. Plaintiff did not do this. Instead, Plaintiff merely claims that "Defendants accepted the above-described services provided and completed by Couvillion" and that "Defendants had reasonable notice that Couvillion expected compensation for these services." (Plaintiff's First Amended Complaint at XLII.) This is not enough, and Plaintiff's claims should be dismissed. *ACS Primary Care Physicians Sw., P.A. v. United Healthcare Ins. Co.*, No. 4:20-CV-1282, 2020 WL 4932152 (S.D. Tex. Aug. 17, 2020).

### F.   Plaintiff's "equitable estoppel" claim does not exist.

Plaintiff purports to assert that Defendants are liable for "equitable estoppel/detrimental reliance." This claim fails as a matter of law because "equitable estoppel is not a cause of action in Texas, only a defensive assertion." *Guerra v. Wells Fargo Bank*, No. SA-15-CV-763-XR, 2015 WL 9451083, at *7 (W.D. Tex. Dec. 21, 2015).

### G. "Interest owed" is not a cause of action.

Finally, the Court should dismiss Plaintiff's claim for "interest owed." Plaintiff expressly bases this claim on the so-called Day Rate Proposal which it claims is part of the written contract. Given this reality, this "cause of action" is not a cause of action at all, but a subset of the damages Plaintiff seeks to recover under a written contract.

Very Respectfully,

Jeb Golinkin