**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF TEXAS – HOUSTON DIVISION**

| | | |
|---|---|---|
| **COUVILLION GROUP, LLC** | * | |
| | * | |
| **VERSUS** | * | **CIVIL ACTION NO. 4:22-cv-00908** |
| | * | |
| **WHITE MARLIN OPERATING** | * | |
| **COMPANY  LLC** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\* \* \* \* \* \* \* \* \* \*

<u>**COUVILLION'S OPPOSITION TO DEFENDANTS' AMENDED PARTIAL**</u>
<u>**MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**</u>

## **TABLE OF CONTENTS**

NATURE AND STAGE OF PROCEEDING………………………...…………….3

ISSUES BEFORE THE COURT…………………………………………………...5

SUMMARY OF ARGUMENT……………………………………………………6

LAW AND ARGUMENT……………………………………………………….6

    I.    Standard of Review……………………………………………………6

    II.    Couvillion's Claims Against Agua and Talco for Breach of Contract are Sufficiently Plead……………………………………………………7

    III.    Couvillion's Breach of Oral Contract Claims are Sufficiently Plead…….8

    IV.    Couvillion Satisfies the Pleading Standard on its Claims for Suit on Sworn Account…………………………………………………………...14

    V.    Couvillion Sufficiently Plead its Claim for Common Law Fraud………...15

    VI.    Couvillion Sufficiently Plead its Claim for Negligent Misrepresentation. 18

    VII.    Couvillion Sufficiently Plead its Claims for Quantum Meruit……………20

    VIII.    Couvillion Correctly Asserts a Claim for Interest Owed and Attorney's Fees…………………………………………………………………..21

CONCLUSION………………………………………………………………21

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Couvillion Group, LLC ("Couvillion"), who respectfully submits this Opposition to the Amended Partial Motion to Dismiss Plaintiff's Second Amended Complaint filed by Defendants, White Marlin Operating Company, LLC ("White Marlin"), Agua Tranquillo Midstream LLC ("Agua"), and Talco Petroleum, LLC ("Talco"). Couvillion filed the instant lawsuit to obtain payment for marine construction services that were rendered to and for the benefit of White Marlin, Agua, and Talco over two years ago. Despite numerous unfulfilled promises to remit payment, Couvillion was forced to bring this action against the Defendants, as they have consistently failed to satisfy their debt.

## NATURE AND STAGE OF PROCEEDING

Couvillion was forced to bring the instant lawsuit to obtain payment for services that were rendered over two years ago to White Marlin, Agua, and Talco. Despite several empty promises to remit payment, Couvillion brought this action against Defendants as over $2 million dollars in invoices has not been paid.

To add insult to injury, Defendants intentionally misrepresented the conditions of the job site to Couvillion to induce Couvillion to perform additional work for which Defendants never intended to pay for. Eventually, Couvillion was told that White Marlin did not have the resources to pay Couvillion for the invoiced amounts.[1]

---

[1] Unfortunately, this is not an isolated incident. Defendants also deceived and defrauded another contractor working on the pipeline, Axis Pipeline Construction Group. As a result of Defendants' nonpayment, Axis

Couvillion filed the instant lawsuit on March 21, 2022 as White Marlin breached its contract with Couvillion, committed fraud, and caused Couvillion to incur millions of dollars in damages.[2] After Couvillion was informed that White Marlin was unable to pay any outstanding debts, it filed a First Amended Complaint to name Talco, White Marlin's parent company, and Agua, an affiliate company, as both Talco and Agua directed Couvillion to perform certain pipeline removal services and received the benefit of those services.[3] Defendants then requested a Rule 12 Conference, after which, Couvillion filed its Second Amended Complaint ("SAC") to assert additional claims against Agua, Talco, and White Marlin. In addition, Couvillion asserted a claim directly against Nigel Solida, the sole member of Talco, as Solida directed Defendants to defraud Couvillion out of over $2 million.

After both Couvillion and Axis Pipeline Construction (another victim of Defendants' fraudulent scheme) negotiated a partial settlement with Defendants, Couvillion and Axis Pipeline paid their subcontractors. After expending significant time and resources to ensure its subcontractors were compensated first, Couvillion must now proceed against Defendants to recoup all losses.[4]

On April 21, 2023, the Court entered an Amended Scheduling Order which was jointly submitted by the parties.  Three days later, White Marlin, Agua, and

---

was forced to bring a similar lawsuit in the 94th Judicial District Court for Nueces County, Texas, (Civil Action No. 2022-DCV-0172-C).

[2] See Rec Doc. 1.

[3] Richard Watson, the VP of Operations at White Marlin, is also the VP of Operations at Torrent Oil - a company controlled by Talco and/or Nigel Solida. Watson's email communications with Couvillion all came from a Talco email address. Further, all of these corporate entities have the same office location.

[4] Couvillion has agreed to not proceed with litigation against Nigel Solida and Torrent at this time, pursuant to an agreement between the parties.

Talco filed the instant Amended Partial Motion to Dismiss Plaintiff's Second Amended Complaint.

Couvillion must be allowed an opportunity to conduct discovery, as it is clear that Defendants have committed substantial fraud in their dealings with Couvillion. It is equally clear that Defendants have failed to pay Couvillion over $2 million for services performed on their behalf. As the Motion to Dismiss is unsupported by both fact and law, it should be dismissed in its entirety.

## ISSUES BEFORE THE COURT

(1) In light of the deferential standard on a Rule 12(b)(6) motion to dismiss, Couvillion pled facts sufficient to state a claim for:

    a.  Breach of contract against White Marlin, Agua, and Talco;

    b.  Breach of oral contract under General Maritime Law or Texas law against Agua and Talco;

    c.  Suit on sworn account against White Marlin, Agua, and Talco;

    d.  Negligent misrepresentation against White Marlin, Agua, and Talco;

    e.  Quantum meruit against White Marlin, Agua, and Talco;

    f.  For interest and attorney's fees owed pursuant to contract and statute; and

(2) Couvillion specifically pled its claim for fraud against all Defendants according to Rule 9(b).

## SUMMARY OF ARGUMENT

The standard before the Court on a Rule 12(b)(6) motion to dismiss is clear and well-articulated in the case law. The Court must ask, when construing a plaintiff's complaint in the light most favorable to him, can plaintiff prove any set of facts which support his cause of action? Here, the answer is yes. Couvillion has asserted sufficient allegations to support its eight causes of action, especially in light of Rule 12(b)(6)'s very deferential standard. In addition, Couvillion has pled its fraud claim with sufficient specificity as required by Rule 9(b).

For the reasons contained herein, the Court should deny Defendants' entire Amended Partial Motion to Dismiss.

## LAW AND ARGUMENT

### I.   Standard of Review

When reviewing a party's Rule 12(b)(6) motion for failure to state a claim on which relief can be granted, the Court must construe the complaint in the light most favorable to plaintiff, accept as true all well-pleaded factual allegations, and draw all reasonable inferences in his favor.[5] "As the Fifth Circuit has succinctly espoused, "dismissal of a claim on the basis of barebones pleadings is a 'precarious disposition with a high mortality rate.'"[6] Only in these exceptional circumstances, "when it is clear that the plaintiff can prove no set of facts in support

---

[5] *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004).
[6] *Id.* (quoting *Barber v. Motor Vessel "Blue Cat*," 372 F.2d 626, 627 (5th Cir. 1967)).

of his claim" can a motion to dismiss be granted."[7] Lastly, the motion to dismiss for

failure to state a claim is viewed with disfavor and is rarely granted."[8]

## II.   Couvillion's Claims Against Agua and Talco for Breach of Contract are Sufficiently Plead

Couvillion's claims for breach of contract against Agua and Talco under the

General Maritime Law and Texas law are sufficiently plead. On July 26, 2021, the

parties entered into a Master Services Agreement ("MSA") to govern Couvillion's

work for Defendants in Corpus Christi, Texas.[9] Pursuant to the MSA and

Couvillion's Day Rate Proposal, Couvillion performed substantial services to

remove sections of underwater pipelines, which involved hiring various

subcontractors, mobilizing vessels and barges, and leasing significant heavy

machinery. Pursuant to the terms of the MSA, Couvillion provided Defendants with

several invoices totaling over $2 million; however, to date Defendants have not

paid Couvillion even a portion of the invoiced amount.

The language of the MSA itself specifically states that Agua and Talco are

parties to the contract. The MSA defines "Company" as White Marlin Operating

Company, LLC, and its "**parent or affiliated entity** that issued the Work Order."[10]

As White Marlin's parent company, Talco, and affiliated entity, Agua, are both

---

[7] *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)(citing *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990)).
[8] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982)(internal citation omitted).
[9] See Rec. Doc. 24-1 and 24-2.
[10] See Rec. Doc. 24-2, pg. 1; Master Service Agreement at § 1.1 (emphasis added).

entities included in the definition of "Company," Talco and Agua are both in privity of contract with Couvillion.[11]

### III.    Couvillion's Breach of Oral Contract Claims are Sufficiently Plead

Contrary to Defendants' assertion, and to the extent the Court concludes they are not parties to the MSA, Couvillion has sufficiently plead a cause of action against Agua and Torrent for breach of oral contract. As this oral agreement was to be performed from a barge and related to the removal of an underwater pipeline, the principles of General Maritime Law apply and govern this oral contract. Oral contracts are generally valid under the General Maritime Law.[12] Under General Maritime Law, a plaintiff must prove three basic elements of an oral contract: offer, acceptance, and consideration.[13]

Here, Couvillion alleged in the SAC that Watson (as representative of Agua and Talco) requested Couvillion perform certain maritime services (the "offer"), which Couvillion then performed (the "acceptance").[14] Couvillion specifically alleged that it performed these services to receive compensation for its hard work (the "consideration"). Couvillion stated in the SAC that Talco and Agua "breached the agreement by failing to pay for Couvillion's services."[15] Accepting just these

---

[11] See Rec. Doc. 17; Defendants' Rule & Disclosure (describing Talco Petroleum, LLC as the parent corporation of White Marlin and Agua).
[12] *One Beacon Ins. Co., v. Crowley Marine Services, Inc.*, 648 F.3d 258, 265 (5th Cir. 2011).
[13] *In re Tasch, Inc.*, 46 Fed.Appx. 731 (5th Cir. 2002).
[14] See Rec. Doc. 24, pg. 11; SAC at ¶XXXII.
[15] *Id.*

8

statements as true, Couvillion has plead facts establishing the elements of a cause of action for breach of oral contract under the General Maritime Law.

According to General Maritime Law, two parties' prior "course of dealings" can also serve to supplement any terms not defined at the time of contracting. The Fifth Circuit has declared that evidence of two parties' prior course of dealings can be used to infer that the parties were aware of and consented to certain contract terms.[16] Defendants' assertion that all terms of an oral contract must be pled at this preliminary stage is not supported by any governing jurisprudence.

As detailed above, Couvillion has alleged facts of an oral contract sufficient to overcome a 12(b)(6) challenge. Moreover, the instructions for additional work provided to Couvillion by and on behalf of Agua and Talco, for which Couvillion was not compensated, will be the subject of targeted discovery to Agua and Talco. Defendants' Motion to Dismiss represents yet another effort to avoid compensating Couvillion for the services it provided to these entities.

The U.S. Fifth Circuit previously found that a plaintiff provided sufficient evidence of an oral contract under the General Maritime Law upon a showing that (1) plaintiff was told it would be compensated for additional work, and (2) plaintiff performed the additional work. *In re Tasch, Inc.*, the Fifth Circuit's *de novo* review affirmed the holding of the trial court concluding that plaintiff had put forth sufficient evidence, at trial, to establish the basic elements of an oral contract under the

---

[16] *One Beacon Ins. Co.*, 648 F.3d at 265 (citing *Campbell v. Sonat Offshore Drilling, Inc.*, 979 F.2d 1115 (5th Cir. 1992)); see also Restatement (Second) of Contracts §223(s) ("unless otherwise agreed, a course of dealing between the parties gives meaning to or supplements or qualifies their agreement.").

General Maritime Law.[17] Plaintiff, Tasch, offered testimony of several witnesses who stated that the defendant "verbally told them to do additional work and that Tasch 'would be taken care of' at the end of the job."[18] The Fifth Circuit stated that this constituted an offer, which Tasch accepted by performing such additional work.[19] Further, "the consideration for this oral contract is that Tasch agreed to do additional work in exchange for the promise of additional compensation."[20]

Here, Couvillion plead that Agua and Talco entered into an enforceable oral contract with Couvillion after "Mr. Watson directed Couvillion to perform its services on behalf of White Marlin, Agua, Torrent, and Talco."[21] Although Couvillion performed those services, Agua and Talco failed to pay, resulting in damage to Couvillion.[22] In opposition to a 12(b)(6) motion, a plaintiff need only show that they have stated enough facts "to state a claim to relief that is plausible on its face."[23] As the Fifth Circuit found in *In re Tasch* that facts almost identical to those alleged here were sufficient to establish a claim for breach of maritime contract, Couvillion's allegations of an enforceable oral contract are surely sufficient at this early stage of litigation.

Couvillion has sufficiently plead a claim for breach of oral contract even in the event that Texas law applies in lieu of the General Maritime Law. Under Texas

---

[17] *In re Tasch, Inc.*, 2002 WL 1973463, at *3 (5th Cir. 2002).
[18] *Id.*
[19] *Id.*
[20] *Id.*
[21] Rec. Doc. 24, pg. 11; SAC at ¶ XXXII.
[22] *Id.*
[23] *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

law, the essential elements of a claim for breach of contract are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach.[24] "To determine the existence of an oral contract, a court should look to the communications between the parties and to the acts and circumstances surrounding the communications."[25] To determine if there was a meeting of the minds, a court should look to "the objective standard of what the parties said and did and not their subjective state of mind."[26] On a 12(b)(6) motion to dismiss a claim for breach of oral contract, "the determinative issue is whether [plaintiff] has pleaded sufficient facts to allege the existence of a valid contract."[27]

Here, Couvillion has alleged that (1) Couvillion, Agua, and Talco are parties to a "valid, enforceable oral agreement;" (2) Watson, as representative of Agua and Talco, requested Couvillion perform services on their behalf; (3) Couvillion performed those services; and (4) Agua and Talco breached their agreement with Couvillion by failing to pay for the services; which (5) damaged Couvillion as a result. On the face of the SAC alone, Couvillion has alleged the elements of a breach of contract claim under Texas law.

---

[24] *Kougl v. Xspedius Management Co. of Dallas/Fort Worth, L.L.C.,* 2005 WL 1421446, at *2 (N.D. Tex. June 1, 2005).
[25] *Landry v. IRX Therapeutics, Inc.*, 2017 WL 8161163, at *5 (W.D. Tex. Feb. 24, 2017)(citing *Thornton v. Dobbs*, 355 S.W. 3d 312, 316 (Tex. App.-Dallas 2011, no pet.)).
[26] *Landry v. IRX Therapeutics, Inc.*, 2017 WL 8161163, at *5 (W.D. Tex. Feb. 24, 2017).
[27] *Id.*

While Defendants may not agree, case law establishes that a plaintiff does not have to allege all material terms of an oral contract at the pleading stage. Offer and acceptance do not have to be plead with particularity.[28] "The failure to specify a price does not render the contract so indefinite as to be unenforceable."[29] The failure to specify a duration of the alleged contract also does not "necessarily suggest that the parties did not enter into an enforceable agreement."[30] In addition, circumstantial evidence can be used as evidence to fill in the terms of an oral contract.[31] Further, Texas statutory law provides "a contract does not fail for indefiniteness - although one or more terms are left open - if the parties have intended to make a contract and there is a reasonably certain basis for giving an appropriate remedy."[32] After a chance for discovery, Couvillion and White Marlin's prior dealings can supplement any terms of the oral agreement between Couvillion and Agua/Talco.

Federal courts in Texas have also rejected Defendants' ill-fated argument that a claim for breach of oral contract must be dismissed if one of the contract terms is omitted from the complaint. In *Kougl v. Xspedius Management Co. of Dallas/Forth Worth, L.L.C.*, a case substantially similar to the one at hand, the U.S.

---

[28] *See Landry v. IRX Therapeutics, Inc.*, 2017 WL 8161163, at *5 (W.D. Tex. Feb. 24, 2017).

[29] *Copeland v. Alsobrook*, 3 S.W. 3d 598, 604 (Tex. App. – San Antonio 1999, pet. denied)(quoting *Burnside Air Conditioning Heating, Inc. v. T.S. Young Corp.*, 113 S.W. 3d 889, 895 (Tex. App. – Dallas 2003, no pet.)).

[30] *See Inimitable Grp., L.P. v. Westwood Grp. Dev. II, Ltd.*, 264 S.W. 3d 892, 899 (Tex. App.- Fort Worth 2008, no pet.)

[31] *See id.*

[32] *Dura-Wood Treating Co., v. Century Forest Industries, Inc.*, 675 F.2d 745, 750 (5th Cir. 1982)(citing Tex. Bus. & Com.Code Ann. S 2.204(c)).

District Court for the Northern District of Texas found that "under the highly deferential standard of Rule 12(b)(6)[, plaintiff] has stated a claim for breach of an oral contract."[33] In *Kougl*, the plaintiff-salesman alleged in the complaint that he had entered into an oral agreement with his employer for his payment to be based on commission.[34] While not a part of any written contract, Plaintiff also alleged that the details of the company's compensation structure could be found in the company's handbook.[35] In the complaint, the plaintiff stated he "entered into a written or oral agreement which constitute[d] a valid and enforceable contract."[36] The court concluded it was "unable to say that [plaintiff] can prove no set of facts, consistent with the allegations, that would entitle him to relief." Therefore, it denied the defendants' motion to dismiss.[37]

Defendants also contend that this claim should be dismissed because of the MSA's merger clause. However, this merger clause would only apply to Agua and Talco if they were parties to the MSA, which they claim they are not. Defendants claim that "Agua and Talco are not parties to any contract with Couvillion." As they claim not to be parties under the MSA, Agua and Talco cannot benefit from the MSA while also claiming it does not apply to them. If the Court decides that Agua and Talco are parties to the MSA, then Section 35 would only affect the parties'

---

[33] *Kougl v. Xspedius Management Co. of Dallas/Fort Worth, L.L.C.,* 2005 WL 1421446, at *2 (N.D. Tex. June 1, 2005).
[34] *Id.*
[35] *Id.*
[36] *Id.*
[37] *Id.*

ability to modify to the MSA itself.[38] However, the MSA does not prevent the parties from entering into an entirely separate agreement, which is what occurred here.

As Couvillion sufficiently pled its breach of oral contract claim under General Maritime Law, Defendants' Motion to Dismiss should be denied. Alternatively, and should Texas law apply, Couvillion has likewise established that its breach of oral contract claim was sufficiently pled. Accepting all allegations as true, Couvillion has plead the requisite elements of a claim for breach of oral contract.

## IV.    Couvillion Satisfies the Pleading Standard on its Claims for Suit on Sworn Account

The very case cited by Defendants establishes that Couvillion sufficiently plead its cause of action for suit on sworn account. In *Cinco J., Inc. v. Pressure Trucks*, the Western District of Texas stated that for a suit on sworn account claim to survive a 12(b)(6) motion to dismiss, plaintiff needed to only allege in the complaint: (1) a sale and delivery of goods or services; (2) that the charges on the account were just; and (3) the amount remains unpaid.[39] While a defendant may claim to be a "stranger to the transaction" and not responsible for payment of goods or services, whether the party is a "stranger" and not liable to plaintiff is a fact-based inquiry and "not appropriately settled at the motion to dismiss stage."[40]

Couvillion's SAC states all the required elements of this cause of action:

---

[38] See Rec. Doc. 24-2, pg. 14; §35 ("No amendment, modification or revision of this MSA or any Work Order will be effective unless made in writing and signed by authorized representatives of both Parties who have actual authority to amend, modify or revise this MSA.").
[39] 2015 WL 1957108, at *6 (W.D. Tex. Apr. 29, 2015)(citing *Robbins Hardwood Flooring, Inc.*, 2003 WL 21730142, at *2).
[40] *Id.*

> *Couvillion furnished services to Defendants.* **[the first element ✓]** *The prices charged by Couvillion were just and true because they were according to the terms of a contract, and they were usual, customary, and reasonable* **[the second element ✓]…***The accounts remain unpaid* **[the third element ✓].***The damages are liquidated. Defendants owe $2,100,667.11 for the work performed.[41]*

While Defendants state, "[h]ere, Couvillion does not allege it actually delivered goods and services to any Defendant other than White Marlin," Section XXXV of Couvillion's SAC states, "Couvillion furnished services to Defendants." The definition of "Defendants" includes both Agua and Talco. Therefore, Couvillion has alleged it provided services to Agua and Talco. At this stage of litigation, Couvillion must be given the opportunity to conduct discovery. Couvillion has sufficiently plead this cause of action for suits on sworn accounts against White Marlin, Agua, and Talco.

## V.    Couvillion Sufficiently Plead its Claim for Common Law Fraud

"To satisfy Rule 9(b), a plaintiff must at a minimum allege the 'time, place, and contents of the false representations, as well as the identity of the person making the misrepresentations and what he obtained thereby.'"[42] Though this burden requires specificity, a "complainant need not, however, state all facts pertinent to a case to satisfy the requirements of Rule 9(b)."[43]

---

[41] See Rec. Doc. 24, pg. 11; SAC ¶ XXXV.
[42] *Cypress/Spanish Ft. I, L.P. v. Professional Service Industries, Inc.*, 814 F.Supp. 698, 711 (N.D. Tex. Aug. 29, 2011)(citing *Tel-phonic Servs., Inc. v. TBS Intern., Inc.*, 975 F.2d 1134, 1138 (5th Cir. 1992)).
[43] *Id.* (citing *Mitchell Energy Corp. v. Martin*, 616 F.Supp. 924, 927 (S.D. Tex. 1985)).

Here, Defendants fraudulently represented various site conditions to induce Couvillion to perform additional work for which they did not intend to compensate Couvillion. Once on the work site, it became apparent that the conditions were not as Defendants stated. Despite Couvillion's apprehension with proceeding, Defendants' falsely represented to Couvillion that it would be paid in full for the additional expense incurred as a result of the drastically different conditions of the work site. Defendants made this representation knowing they never intended on paying Couvillion. Based on Defendants' intentional misrepresentation of both the job site and their ability to pay, Couvillion continued to work on the project until it became apparent that none of the invoices would be paid. As a result, Couvillion suffered great damage and loss and seeks exemplary damages.

Couvillion sufficiently plead the heightened Rule 9(b) standard for fraud. Couvillion alleged that Richard Watson ("identity"), along with other representatives of Defendants, misrepresented the conditions of the work site ("contents") during the bid process ("time") while the parties were working in Corpus Christi, Texas ("place"). Richard Watson ("identity") also misrepresented Defendants' ability to pay ("contents"), after the dramatically different job site conditions were discovered ("time"), while Couvillion was working in Corpus Christi, Texas ("place"). Therefore, Couvillion has satisfied the heightened pleading requirement of Rule 9(b).

Defendants' contention that Couvillion cannot claim fraud due to the provisions of the MSA is both unsupported by fact and law. The section of the MSA

which Defendants cite to does not state that Couvillion waives its right to assert fraud. Paragraph 35 states that "all prior negotiations and dealings regarding the subject matter hereof are superseded by and merged into this MSA."[44] A waiver of rights must be clear an explicitly stated. Further, "fraud vitiates whatever it touches and cannot be waived."[45] Therefore, this argument is without merit.

Defendants' argument that Couvillion has waived its right to assert fraud in the Day Rate Proposal is likewise unsupported. A plain reading of the Day Rate Proposal language does not limit a party's right to bring a fraud or negligence claim, but solely a claim for "incidental, special, or consequential or other indirect damages" arising from a tort. Regardless, a claim for fraud cannot be waived.[46]

Couvillion satisfied its Rule 9(b) obligation as it plead fraud with particularity. In the alternative, and if the Court determines Couvillion's fraud claims lack specificity, Couvillion request to be provided an opportunity to amend its pleadings.

## VI.   Couvillion Sufficiently Plead its Claim for Negligent Misrepresentation

As an initial matter, Couvillion's negligent misrepresentation claim is not subject to Rule 9(b) requirements. Rule 9(b) applies only to claims based in fraud or mistake, and a claim for negligent misrepresentation involves neither. "The text of Rule 9(b) precludes any interpretation that would require a plaintiff to plead negligent misrepresentation, per se, in conformity with the heightened

---

[44] See Rec. Doc. 24-2, pg. 14; ¶35.
[45] *Stonecipher v. Butts*, 591 S.W. 2d. 806, 809 (Tex. 1979).
[46] *Id.*

requirements. Rule 9(b)'s heightened pleading standard applies only to 'the circumstances constituting fraud and mistake…'"[47] As Couvillion's claim for negligent misrepresentation is plead in the alternative to fraud, it stands separate from any allegations of fraud, and no heightened pleading standard applies.

To prove a claim for negligent misrepresentation, a plaintiff must assert: (1) a representation was made in the course of the defendant's business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplied false information for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffered pecuniary loss by justifiably relying on the representation.[48] Couvillion's SAC alleges facts relative to each of the above elements. The SAC specifically alleges that: (1) in the course of Defendants' business; (2) Defendants made a false representation to Couvillion; (3) in which Defendants failed to use reasonable care or competence in obtaining and communicating; and (4) which resulted in Couvillion suffering a pecuniary loss from relying on the representation. Accordingly, Couvillion has plead sufficient facts relative to all of the necessary elements of its claim for negligent misrepresentation.

---

[47] *American Reality Trust, Inc. v. Travelers Cas. and Sur. Co. of American*, 362 F.Supp. 2d 744, 749 (N.D. Tex. Mar. 30, 2005).
[48] *Morris v. Select Portfolio Servicing Inc.*, 2018 WL 577229, at * 5 (W.D. Tex. Jan 26, 2018)(citing *Fed. Land Bank Ass'n. of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991)).

Defendants' claim that the economic loss rule bars Couvillion's claims of negligent misrepresentation and fraud is also incorrect. Here, Couvillion alleges that Defendants' fraud and negligent misrepresentations induced Couvillion to "stay on the project, and incur additional expenses" due to its reliance on the fraudulent misstatements or misrepresentations. The SAC states that "Couvillion suffered pecuniary damages by justifiably relying on the representations from these Defendants. As a result of Defendants' negligence, Couvillion suffered actual damages."[49] As such, Couvillion is claiming reliance damages in association with its claim for negligent misrepresentation and fraud.[50] In addition, Couvillion also seeks a claim for exemplary damages. Further, both fraud and negligent misrepresentation causes of action are based on a duty "imposed by law" and not merely "created by contract." As such, these damages are separate and distinct from any contractual damages.

## VII.   Couvillion Sufficiently Plead its Claims for Quantum Meruit.

Here, Couvillion sufficiently plead a cause of action against Agua and Talco based in quantum meruit. "Quantum meruit is an equitable theory of recovery which is based on an implied agreement to pay for benefits received, usually personal services."[51] Quantum meruit "is an independent cause of action that allows recovery when there is no express contract covering the services

---

[49] See Rec Doc. 24, pg. 14; ¶XLV.
[50] *See Container Store, Inc. v. Fortna Inc.*, 2021 WL 1250334, at * 6-7 (N.D. Tex. Apr. 5, 2021)(wherein the court denied a 12(b)(6) motion to dismiss claims of negligent misrepresentation and fraud).
[51] *Vortt Exploration Co., Inc. v. Chevron U.S.A., Inc.*, 787 S.W.2d 942, 944 (Tex. 1990).

rendered."[52] However, this rule "does not preclude a plaintiff from alleging quasi-contract theories of recovery in addition to asserting a claim for breach of contract."[53]

In direct contrast to Defendants' claim in the Motion to Dismiss, Couvillion alleged it provided services to the Defendants. The SAC states, "Couvillion provided valuable services to Defendants." Further, it states that Defendants accepted Couvillion's services, but failed to pay Couvillion for the reasonable value of these services. Therefore, Couvillion plead all of the required elements to state a viable claim for quantum meruit, and Defendants' Motion to Dismiss should be denied.

## VIII.   Couvillion Correctly Asserts a Claim for Interest Owed and Attorney's Fees

Couvillion has specified several independent grounds on which interest and attorney's fees should be awarded, including for breach of contract under the MSA,[54] as provided by statute,[55] and as equity demands.[56] These claims should not be dismissed, and Defendants offer no support based in law or fact for their dismissal. As such, Couvillion's claims for interest and attorney's fees should not be dismissed.

---

[52] *Nart v. Open Text Corp.*, 2011 WL 3844216, at *4 (W.D. Tex. Aug. 29, 2011).
[53] *Middaugh v. InterBank*, 528 F.Supp. 3d 509, 559 (N.D. Tex. 2021)(citing *Pension Advisory Group, Ltd. v. Country Life Ins. Co.*, 771 F. Supp. 2d 680, 704 (S.D. Tex. 2011) (concluding that quantum meruit and unjust enrichment claims may be asserted under Texas law in the alternative to a breach of contract claim).
[54] See Rec. Doc. 24-2, pg. 12; §26.
[55] See Rec. Doc. 24, pg. 15; ¶LI; See Tex. Fin. Code § 302.002 for interest on open accounts.
[56] See Rec. Doc. 24, pg. 15;  ¶LI; See TEX. CIV. PRAC. & REM. CODE. ANN. § 38.001.

## <u>CONCLUSION</u>

Defendants' Amended Partial Motion to Dismiss Plaintiffs' Second Amended Complaint is not supported by fact or law and falls woefully short of the highly deferential standard afforded to plaintiffs in Rule 12(b)(6). Further, Couvillion has established that it plead fraud with particularity.  Accordingly, the Motion to Dismiss should be denied.

Respectfully submitted,

**FRILOT L.L.C.**

*/s/ Daniel E. Schwank*
**PATRICK J. MCSHANE T.A. (#19055)**
*Pro hac vice*
**DANICA BENBOW DENNY (#27376)**
*Pro hac vice*
**KATHLEEN P. RICE (#31291)**
*Pro hac vice*
**DANIEL E. SCHWANK (#39333)**
*Pro hac vice*
1100 Poydras Street, Suite 3700
New Orleans, LA  70163-3700
Telephone: (504) 599-8000
Facsimile: (504) 599-8100
E-mail: pmcshane@frilot.com
ddenny@frilot.com
krice@frilot.com
dschwank@frilot.com
***Counsel for Plaintiff, Couvillion Group, LLC***

**AND**

**RICHARD GORMAN LAW**

*/s/ Richard L. Gorman*

**Richard L. Gorman**
**State Bar No. 00784155**
**Federal I.D. 15685**
12335 Kingsride Ln. #354
Houston, TX  77024-4116
Telephone: (832) 725-4026
Facsimile: (281) 854-2200
E-mail: rg@richardgormanlaw.com
*Local Counsel for Plaintiff, Couvillion*
*Group, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 12th day of May, 2023, the foregoing was filed electronically with the Clerk of Court by using the CM/ECF system.  Notice of this filing will be sent to all parties who participate in electronic filing by operation of the Court's electronic filing system.

*/s/ Daniel E. Schwank*