# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF TEXAS

# HOUSTON DIVISION

| | |
|---|---|
| **COUVILLION GROUP, LLC** | * |
| | * |
| **VERSUS** | *    CIVIL ACTION NO. 4:22-cv-00908 |
| | * |
| **WHITE MARLIN OPERATING COMPANY LLC** | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COUVILLION'S EXCEPTION AND ANSWER TO COUNTERCLAIM BY WHITE MARLIN

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Couvillion Group, LLC ("Couvillion), and for its Answer to Defendant, White Marlin Operating Company LLC's ("White Marlin"), Counterclaim against Couvillion, respectfully avers as follows:

### FIRST DEFENSE

White Marlin has no cause of action against Couvillion, and the subject Counterclaim is unsupported on multiple grounds.  It is clear from White Marlin's own allegations, that White Marlin did not issue any purported payments with respect to the subject project. Instead, the Counterclaim itself provides only that certain funds were placed in escrow by other entities. Accordingly, the subject Counterclaim should be dismissed as fundamentally lacking support in law or in fact.

### SECOND DEFENSE

**AND NOW,** answering separately the allegations of Defendant's Counterclaim, Couvillion avers as follows:

1.

The allegations contained in the first unnumbered paragraph of the Counterclaim do not pertain to Couvillion and require no response from Couvillion. To the extent that a response is required, the allegations are denied for a lack of information sufficient to justify a belief therein.

2.

In response to Paragraph 1 of the Counterclaim, Couvillion asserts that the best evidence of the terms of the Master Service Agreement (Rec. Doc. 11-2) and the Day Rate Proposal (Rec. Doc. 11-1) are the documents themselves. The remaining allegations contained in Paragraph 1 of the Counterclaim are denied.

3.

The allegations contained in Paragraph 2 of the Counterclaim do not pertain to Couvillion and do not require a response from Couvillion. To the extent a response is required, Couvillion admits that White Marlin has filed an appearance in the instant litigation.

4.

In response to Paragraph 3 of the Counterclaim, Couvillion admits that it is the Plaintiff in this action.

5.

The allegations contained in Paragraph 4 of the Counterclaim state conclusions of law which require no response from Couvillion. To the extent a response is required, Couvillion admits that this Court has diversity jurisdiction over this matter.

6.

The allegations contained in Paragraph 5 of the Counterclaim state conclusions of law which require no response from Couvillion. To the extent a response is required, Couvillion admits

that the United States District Court for the Southern District of Texas – Houston Division is the proper venue for this action.

7.

The allegations contained in Paragraph 6 of the Counterclaim do not pertain to Couvillion and require no response from Couvillion. To the extent a response is required, the allegations are denied for a lack of sufficient information to justify a belief therein.

8.

The allegations contained in Paragraph 7 of the Counterclaim do not pertain to Couvillion and require no response from Couvillion. To the extent a response is required, the allegations are denied for a lack of sufficient information to justify a belief therein.

9.

The allegations contained in Paragraph 8 of the Counterclaim do not pertain to Couvillion and require no response from Couvillion. To the extent a response is required, the allegations are denied as written.

10.

The allegations contained in Paragraph 9 of the Counterclaim do not pertain to Couvillion and require no response from Couvillion. To the extent a response is required, the allegations are denied as written.

11.

The allegations contained in Paragraph 10 of the Counterclaim do not pertain to Couvillion and require no response from Couvillion. To the extent a response is required, the allegations are denied as written.

12.

The allegations contained in Paragraph 11 of the Counterclaim do not pertain to Couvillion and require no response from Couvillion. To the extent a response is required, the allegations are denied as written.

13.

The allegations contained in Paragraph 12 of the Counterclaim do not pertain to Couvillion and require no response from Couvillion. To the extent a response is required, the allegations are denied as written.

14.

The allegations contained in Paragraph 13 of the Counterclaim do not pertain to Couvillion and require no response from Couvillion. To the extent a response is required, the allegations are denied as written.

15.

In response to the allegations contained in Paragraph 14 of the Counterclaim, Couvillion admits that it entered into an agreement with White Marlin, the best evidence of which is contained in the Master Service Agreement and the Day Rate Proposal. The remaining allegations are denied as written.

16.

The allegations contained in Paragraph 15 of the Counterclaim are denied as written.

17.

In response to the allegations contained in Paragraph 16 of the Counterclaim, Couvillion asserts that the best evidence of the terms of the Master Service Agreement and the Day Rate Proposal are the documents themselves. The remaining allegations contained in Paragraph 16 are denied as written.

18.

In response to the allegations contained in Paragraph 17 of the Counterclaim, Couvillion asserts that the best evidence of the terms of the Master Service Agreement and the Day Rate Proposal are the documents themselves. The remaining allegations contained in Paragraph 17 are denied as written.

19.

The allegations contained in Paragraph 18 of the Counterclaim are denied as written.

20.

In response to the allegations contained in Paragraph 19 of the Counterclaim, Couvillion asserts that the best evidence of the terms of the Master Service Agreement and the Day Rate Proposal are the documents themselves. The remaining allegations contained in Paragraph 19 are denied as written.

21.

In response to the allegations contained in Paragraph 20 of the Counterclaim, Couvillion asserts that the best evidence of the terms of the Master Service Agreement and the Day Rate Proposal are the documents themselves. The remaining allegations contained in Paragraph 20 are denied as written.

22.

In response to the allegations contained in Paragraph 21 of the Counterclaim, Couvillion asserts that the best evidence of the terms of the Master Service Agreement and the Day Rate Proposal are the documents themselves. The remaining allegations contained in Paragraph 21 are denied as written.

23.

The allegations contained in Paragraph 22 of the Counterclaim are denied.

24.

The allegations contained in Paragraph 23 of the Counterclaim are denied as written.

25.

The allegations contained in Paragraph 24 of the Counterclaim are denied.

26.

The allegations contained in Paragraph 25 of the Counterclaim are denied.

27.

The allegations contained in Paragraph 26 of the Counterclaim are denied.

28.

The allegations contained in Paragraph 27 of the Counterclaim are denied.

29.

The allegations contained in Paragraph 28 of the Counterclaim are denied.

30.

The allegations contained in Paragraph 29 of the Counterclaim are denied as written. To date, White Marlin and its various related entities, all of which accepted the benefit of Couvillion's work, failed to pay Couvillion for amounts due to Couvillion under the governing contractual terms.

31.

The allegations contained in Paragraph 30 of the Counterclaim are denied.

32.

The allegations contained in Paragraph 31 of the Counterclaim are denied as written.

33.

The allegations contained in Paragraph 32 of the Counterclaim are denied as written.

34.

The allegations contained in Paragraph 33 of the Counterclaim are denied as written.

35.

The allegations contained in Paragraph 34 of the Counterclaim are denied.

36.

The allegations contained in Paragraph 35 of the Counterclaim are denied.

37.

In response to the allegations contained in Paragraph 36 of the Counterclaim, Couvillion re-avers, re-alleges, and reiterates herein each and every answer, denial, response and affirmative defense to the allegations set forth in the preceding paragraphs, as if set forth herein, verbatim and *in extensor.* Except to the extent expressly admitted above, any remaining factual allegations are denied.

38.

In response to allegations contained in Paragraph 37 of the Counterclaim, Couvillion admits that the best evidence of the terms of the Master Service Agreement and the Day Rate Proposal are the documents themselves. The remaining allegations contained in Paragraph 37 are denied as written.

39.

In response to allegations contained in Paragraph 38 of the Counterclaim, Couvillion admits that the best evidence of the terms of the Master Service Agreement and the Day Rate Proposal are the documents themselves. The remaining allegations contained in Paragraph 38 are denied as written.

40.

The allegations contained in Paragraph 39 of the Counterclaim are denied.

41.

The allegations contained in Paragraph 40 of the Counterclaim are denied.

42.

The allegations contained in Paragraph 41 of the Counterclaim are denied.

43.

In response to the allegations contained in Paragraph 42 of the Counterclaim, Couvillion re-avers, re-alleges, and reiterates herein each and every answer, denial, response and affirmative defense to the allegations set forth in the preceding paragraphs, as if set forth herein, verbatim and *in extensor.* Except to the extent expressly admitted above, any remaining factual allegations are denied.

44.

The allegations contained in Paragraph 43 of the Counterclaim are denied.

45.

The allegations contained in Paragraph 44 of the Counterclaim are denied.

46.

In response to the allegations contained in Paragraph 45 of the Counterclaim, Couvillion denies that it has requested a jury in the instant matter.

47.

The allegations contained in White Marlin's Prayer for Relief, including all subparts, all unnumbered articles, and any allegations not specifically admitted herein are denied.

**THIRD DEFENSE**

Defendant's claims are barred because it failed to perform all conditions precedent to their claims.

### FOURTH DEFENSE

Defendant's claims fail because of their prior material breach of the subject contract or contracts.

### FIFTH DEFENSE

Defendant's claims are barred, in whole or in part, by the terms of the valid contract or contracts covering the dispute.

### SIXTH DEFENSE

Defendant's claims are barred, in whole or in part, by the doctrine of laches, estoppel, or unclean hands and are barred to the extent that Defendant's conduct was fraudulent or illegal.

### SEVENTH DEFENSE

Defendant's claims are barred, in whole or in part, due to release, waiver, consent, or acquiescence.

### EIGHTH DEFENSE

Defendant's claims are barred by the doctrines of recission, by accord and satisfaction, or in whole or part by the doctrine of justification.

### NINTH DEFENSE

Defendant's claims are subject to a setoff or recoupment.

### TENTH DEFENSE

Defendant's claims are barred because Defendant did not incur the damages alleged and/or pay the sums referred in the Counterclaim.

### ELEVENTH DEFENSE

Defendant's claims are barred because Defendant does not own or maintain right or interest in the claims alleged in the Counterclaim.

**WHEREFORE**, Plaintiff/Defendant in Counterclaim, Couvillion Group, LLC, prays that this Answer be deemed good and sufficient and that, after due proceedings are had, the Court enter judgment dismissing all of the claims against Couvillion in the instant Counterclaim brought by White Marlin, LLC. Couvillion Group, LLC further prays for judgment in its favor and against White Marlin, LLC, rejecting White Marlin, LLC's Counterclaim at its sole cost and for all other just and equitable relief as the Court deems proper.

Respectfully submitted,

**FRILOT L.L.C.**

*/s/ Daniel E. Schwank*
**PATRICK J. MCSHANE T.A. (#19055)**
*Pro hac vice*
**DANICA BENBOW DENNY (#27376)**
*Pro hac vice*
**KATHLEEN P. RICE (#31291)**
*Pro hac vice*
**DANIEL E. SCHWANK (#39333)**
*Pro hac vice*
1100 Poydras Street, Suite 3700
New Orleans, LA 70163-3600
Telephone: (504) 599-8000
Facsimile: (504) 599-8100
E-mail: pmcshane@frilot.com
　　　　ddenny@frilot.com
　　　　krice@frilot.com
　　　　dschwank@frilot.com

***Counsel for Plaintiff, Couvillion Group, LLC***

AND

**RICHARD GORMAN LAW**

*/s/ Richard L. Gorman*
**Richard L. Gorman**
**State Bar No. 00784155**
**Federal I.D. 15685**
12335 Kingsride Ln. #354
Houston, TX 77024-4116
Telephone: (832) 725-4026
Facsimile: (281) 854-2200
E-mail:  rg@richardgormanlaw.com

*Local Counsel for Plaintiff, Couvillion Group, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 15th day of June, 2023, the foregoing was filed electronically with the Clerk of Court by using the CM/ECF system.  Notice of this filing will be sent to all parties who participate in electronic filing by operation of the Court's electronic filing system.

*/s/ Daniel E. Schwank*