The Honorable Andrew Edison
601 Rosenberg, Seventh Floor
Galveston, TX 77550
Ruben_Castro@txs.uscourts.gov

Re:     Cause No. 4:22-cv-00908, *Couvillion Group, LLC v. White Marlin Operating Company
        LLC et. al.*: Joint Letter Regarding Couvillion's Discovery Requests

Dear Judge Edison,

Consistent with the Court's procedures, the parties submit this joint letter regarding an ongoing discovery dispute. Specifically, the parties disagree over whether White Marlin Operating Company, LLC ("White Marlin"); Agua Tranquillo Midstream LLC ("Agua"); and Talco Petroleum, LLC ("Talco") (together, the "White Marlin Defendants") should have to respond to Couvillion Group, LLC's ("Couvillion") discovery requests before the Court has ruled on their outstanding Motion to Dismiss.

## Background

On August 22, 2022, Couvillion filed a Verified Second Amended Complaint asserting causes of action based in breach of contract, breach of oral contract, suit on sworn account, corporate alter ego, fraud, and negligent misrepresentation based on the White Marlin Defendants' failure to pay Couvillion for services rendered in the summer of 2021. (ECF 24). On April 24, 2023, the White Marlin Defendants filed a Motion to Dismiss Couvillion's Second Amended Complaint. (ECF 37.) In their Motion, Agua and Talco ask the Court to dismiss *all* of Couvillion's claims pending against them, while White Marlin seeks dismissal of all but two of Couvillion's claims (the breach of contract and suit on sworn account claim). (ECF 37.) Couvillion filed an Opposition on May 12, 2023 asserting that Couvillion can prove facts to support its eight causes of action, and that Couvillion should be allowed to conduct discovery. On May 25, 2023, White Marlin also filed a Counterclaim against Couvillion (ECF 42), which Couvillion answered on June 15, 2023. (ECF 43). To date, the Court has not ruled on the Motion to Dismiss, thus none of the White Marlin Defendants have answered.

On August 15, 2023, White Marlin propounded discovery on Couvillion.  Couvillion responded to the discovery on September 29, 2023, producing over 1,700 documents. On October 2, 2023, Couvillion served 66 requests for production[1] and 14 interrogatories[2] on White Marlin, Agua, and Talco. Couvillion asserts that the White Marlin Defendants defrauded Couvillion, so its discovery seeks information evidencing White Marlin, Agua, and Talco's owners, bank accounts, loans, finances, contractual relationships, and other information.[3] The White Marlin Defendants argue that Couvillion will not be entitled to this information if the Court grants the outstanding Motion to Dismiss.

On October 11, 2023, counsel for the White Marlin Defendants asked counsel for Couvillion to "withdraw both [its] interrogatories and requests for production until the Court has

---

[1] Couvillion's First Requests for Production (Ex. A).
[2] Couvillion's First Interrogatories (Ex. B).
[3] *See* Ex. A at RFP Nos. 1-30, Ex. B at Rog Nos. 1-6.

ruled on the Motion to Dismiss."[4] The White Marlin Defendants also suggested that the parties jointly ask the Court to extend the expert deadlines, which were set for 10/16 and 11/16 respectively.[5] Couvillion explained it could not withdraw its discovery requests, nor could it agree to extend the deadline for expert disclosures as the Court's Scheduling Order set a discovery deadline of January 15, 2024, and that Couvillion is entitled to conduct discovery based on the allegations in its Complaint and White Marlin's Counterclaim.[6]

### The White Marlin Defendants' Request for a Protective Order

Under Federal Rule of Civil Procedure 26(c), the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). Where, as here, a party seeks a stay of discovery pending the resolution of a Motion to Dismiss, courts consider (1) the breadth of discovery sought; (2) the burden of responding to such discovery; and (3) the strength of the dispositive motion filed by the party seeking a stay."[7] These factors support staying discovery pending resolution of the outstanding Motion.

Agua and Talco were not parties to any contract with Couvillion, and these entities contend that Couvillion has not identified any viable basis for its extra contractual claims against them. If the Court agrees, then the White Marlin Defendants will not be parties to this case at all. As such, and given the strength of its arguments, Agua and Talco should not have to produce "financial statements . . . for the past five years";  "all documents which relate to the transfer of assets between White Marlin,  Agua, Talco, Torrent, and/or Nigel Solida"; "any and all corporate records evidencing the identity and address of each person or entity that had an ownership interest in" White Marlin, Agua, and Talco for the past five years; tax returns for the past five years; "payroll records for each and every person employed by White Marlin, Agua, and Talco for the past five years" and numerous other documents, nor should they have to "identify by name and title every person employed by White Marlin, Agua, Talco, and Torrent during the past five years and dates of such employment"; and "identify each and every bank account maintained by White Marlin, Agua, Talco, and Torrent for the past five years" until the Court rules on the Motion to Dismiss.[8]

Along the same lines, White Marlin asks the Court to strike RFP Nos. 1-30 and Interrogatory Nos. 1-6 pending resolution of the Motion to Dismiss. These discovery requests seek detailed, burdensome financial information related to White Marlin's relationship with Agua and Talco that will not be relevant if the Court grants its Motion to Dismiss. Given the strength of White Marlin's arguments, it therefore requests that the Court stay these discovery requests until it rules on the pending Motion to Dismiss.

---

[4] Email Chain between JG and DS (Ex. C) at 4.

[5] *Id.*

[6] *Id.* at 1-3.

[7] *Von Drake v. Nat'l Broad. Co.*, No. 3-04-CV-0652R, 2004 WL 1144142, at *2 (N.D. Tex. May 20, 2004) (staying discovery because "a cursory review of the motion reveals that defendants have substantial arguments for dismissal of many, if not all, of plaintiff's claims" and because "many of the interrogatories and document requests served on defendants are overly broad and harassing.")

[8] *Ideus v. Deere & Co.*, No. 2:22-CV-00132, 2023 WL 3040303, at *2 (S.D. Tex. Feb. 16, 2023) (staying discovery pending resolution of motion to dismiss because doing so would "improve efficiency as to volume of discovery by focusing on parties remaining in the case" and because the discovery requests were "voluminous.").

### Couvillion's Response in Opposition

Couvillion is entitled to seek discovery, and the White Marlin Defendants' mere belief that they will prevail on their Motion to Dismiss does not establish good cause to stay discovery. The relief requested by the White Marlin Defendants "is by no means automatic."[9] "Nor is a stay of discovery permitted merely because defendant believes it will prevail on its motion to dismiss."[10] A stay of discovery while dispositive motions are pending "is the exception rather than the rule."[11]

Couvillion's Opposition to the Motion to Dismiss establishes that the White Marlin Defendants' Motion to Dismiss will not prevail on the merits. Critically, the standard before the Court on the Motion to Dismiss is whether Couvillion can prove any set of facts which will support its cause of action. Couvillion satisfied this burden, including in regard to its claim that the White Marlin Defendants perpetuated fraudulent acts to induce Couvillion to perform while knowing they did not have the resources to timely pay Couvillion. (ECF 24) Therefore, Couvillion's discovery is entirely relevant and necessary to the claims asserted in its Complaint.

For over two years, the White Marlin Defendants have failed to pay Couvillion amounts owed for the work Couvillion performed. The Court's Scheduling Order has already been amended once, and Couvillion must respect the Court's deadline for expert reports and the January 15, 2024 discovery deadline. "When the Court's discovery deadline is approaching, discovery must proceed."[12] While the White Marlin Defendants seek to avoid responding to discovery, they have propounded their own discovery, which Couvillion has fully answered, including a substantial document production. Couvillion submits that the White Marlin Defendants must respond to all of its discovery.

Respectfully,

/s/ Jeb Golinkin and /s/ Daniel  Schwank

---

[9] *Glazer's Wholesale Drug Co., Inc. v. Klein Foods, Inc.*, 2008 WL 2930482, at *1 (N.D. Tex. July 23, 2008) (internal citations omitted).

[10] *Valenzuela v. Crest-Mex Corporation*, 2017 WL 2778104, at *5 (N.D. Tex. June 26, 2017).

[11] *AIG Specialty Insurance Company v. Agee*, 2023 WL 5565063, at *2 (E.D. La. Aug. 29, 2023).

[12] *Id* at *3.

# Exhibit A

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF TEXAS – HOUSTON DIVISION

| | | |
|---|---|---|
| **COUVILLION GROUP, LLC** | * | |
| | * | |
| | * | |
| **VERSUS** | * | **CIVIL ACTION NO. 4:22-cv-00908** |
| | * | |
| | * | |
| **WHITE MARLIN OPERATING COMPANY** | * | |
| **LLC** | * | |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## REQUESTS FOR PRODUCTION

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, Couvillion Group, LLC ("Couvillion") and propounds the following Requests for Production to White Marlin Operating Company, LLC ("White Marlin"), Agua Tranquillo Midstream LLC ("Agua"), and Talco Petroleum, LLC ("Talco"):

      A.      In the following Requests for Production:

"You" and "Your" means Defendant, White Marlin Operating Company, LLC, and all representatives or other persons acting on behalf of Defendant.

"Document" means any written, recorded or graphic matter however produced or reproduced.

"Identity" or "identification" when used with respect to an individual means to state his full name, his present or last known employment, and his present or last known address.

"Identify" or "identification" when used with reference to a document means to state the type of document (e.g. lease, memorandum, contract, telegram, chart, etc.) or some other means of identifying its location and custodian, the date thereon, if any, and the identity of the party or parties whose name or names appear thereon, or in lieu thereof, you may attach to your answers a copy of each such document.

"Complaint" refers to the Complaint filed by Plaintiff in this litigation and any subsequent Complaint.

*If you assert a claim of privilege for any reason, you are required to submit a Privilege Log which complies with the requirements of the Federal Rules of Civil Procedure.*

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All documents and communications referred to or relied on when answering Couvillion's First Set of Interrogatories.

**REQUEST FOR PRODUCTION NO. 2:**

Any chart depicting the corporate relationship between You, Agua, Talco, and Torrent Oil, LLC ("Torrent") which was generated or maintained in the past five years.[1]

**REQUEST FOR PRODUCTION NO. 3:**

A copy of the following documents for White Marlin, Agua, Talco, and Torrent:

(1) The Articles of Incorporation, and any amendments thereto;

(2) The Bylaws, and any amendments thereto;

(3) The Certificate of Incorporation from the Secretary of State evidencing each entities' corporate existence;

(4) The Notice of Incorporation as it appeared when first published;

(5) Copies of the minutes from all meetings of members during the past five years; and

(6) Copies of the minutes from all meetings of the Board of Directors during the past five years.

**REQUEST FOR PRODUCTION NO. 4:**

A copy of all of White Marlin's financial statements, whether audited or unaudited, and all monthly profit and loss statements, from the past five years.

---

[1] Of note, precedent from the United States Fifth Circuit Court of Appeal and courts in Texas establishes that the information sought in this Request for Production, and throughout Couvillion's discovery, is entirely relevant to the claims alleged by Couvillion in its Verified Second Amended Complaint. See De La Hoya, v. Coldwell Banker Mexico, Inc., 125 Fed. App'x. 533, 538 (5th Cir. 2005); Perez v. McCreary, Veselka, Bragg & Allen, P.C., 2021 WL 352433 (W.D. Tex. Feb 2, 2021) (wherein the Court granted a party's Motion to Compel information about ownership interests, organizational structure, and employee data, in addition to information regarding the organization's net worth, on the basis of an alter ego and joint enterprise claim).

**REQUEST FOR PRODUCTION NO. 5:**

A copy of all of Agua's financial statements, whether audited or unaudited, and all monthly profit and loss statements, from the past five years.

**REQUEST FOR PRODUCTION NO. 6:**

A copy of all of Talco's financial statements, whether audited or unaudited, and all monthly profit and loss statements, from the past five years.

**REQUEST FOR PRODUCTION NO. 7:**

A copy of all of Torrent's financial statements, whether audited or unaudited, and all monthly profit and loss statements, from the past five years.

**REQUEST FOR PRODUCTION NO. 8:**

For each bank account maintained by White Marlin, a copy of the monthly statement for the period beginning on January 1, 2019 until the present day, including the specific transaction number, date, amount of transaction, and transaction description for any transfer of funds between a bank account maintained by White Marlin, Agua, Talco, Torrent, and Nigel Solida.

**REQUEST FOR PRODUCTION NO. 9:**

A copy of all documents which relate to any transfer of assets between White Marlin and Agua, Talco, Torrent, and/or Nigel Solida, between January 1, 2019 and the present day.

**REQUEST FOR PRODUCTION NO. 10:**

A copy of any and all corporate records or ledgers evidencing the identity and address of each person or entity that has or had an ownership interest in White Marlin during the past five years.

**REQUEST FOR PRODUCTION NO. 11:**

A copy of any and all corporate records or ledgers evidencing the identity and address of each person or entity that has or had an ownership interest in Agua during the past five years.

**REQUEST FOR PRODUCTION NO. 12:**

A copy of any and all corporate records or ledgers evidencing the identity and address of each person or entity that has or had an ownership interest in Talco during the past five years.

**REQUEST FOR PRODUCTION NO. 13:**

A copy of any and all corporate records or ledgers evidencing the identity and address of each person or entity that has or had an ownership interest in Torrent during the past five years.

**REQUEST FOR PRODUCTION NO. 14:**

Copies of the federal tax return, and any state tax returns, for White Marlin, including all schedules and attachments, for the past five years.

**REQUEST FOR PRODUCTION NO. 15:**

Copies of the federal tax return, and any state tax returns, for Agua, including all schedules and attachments, for the past five years.

**REQUEST FOR PRODUCTION NO. 16:**

Copies of the federal tax return, and any state tax returns, for Talco, including all schedules and attachments, for the past five years.

**REQUEST FOR PRODUCTION NO. 17:**

Copies of the federal tax return, and any state tax returns, for Torrent, including all schedules and attachments, for the past five years.

**REQUEST FOR PRODUCTION NO. 18:**

All payroll records for each and every person employed by White Marlin during the past five years.

**REQUEST FOR PRODUCTION NO. 19:**

All payroll records for each and every person employed by Agua during the past five years.

**REQUEST FOR PRODUCTION NO. 20:**

All payroll records for each and every person employed by Talco during the past five years.

**REQUEST FOR PRODUCTION NO. 21:**

All payroll records for each and every person employed by Torrent during the past five years.

**REQUEST FOR PRODUCTION NO. 22:**

Any job description or document(s) evidencing the responsibilities and duties of any person employed by White Marlin during the past five years.

**REQUEST FOR PRODUCTION NO. 23:**

Any job description or document evidencing the responsibilities and duties of any person employed by Agua during the past five years.

**REQUEST FOR PRODUCTION NO. 24:**

Any job description or document evidencing the responsibilities and duties of any person employed by Talco during the past five years.

**REQUEST FOR PRODUCTION NO. 25:**

Any job description or document evidencing the responsibilities and duties of any person employed by Torrent during the past five years.

**REQUEST FOR PRODUCTION NO. 26:**

Any and all contracts, agreements, promissory notes, applications, loan documents, proposals, or bid documents which were executed by Richard Watson on behalf of Agua or Torrent during the past five years.

**REQUEST FOR PRODUCTION NO. 27:**

Copies of all documents evidencing loans provided by White Marlin to Agua, Talco, Torrent, and/or Nigel Solida during the past five years.

**REQUEST FOR PRODUCTION NO. 28:**

Copies of all documents evidencing loans from Agua, Talco, Torrent, and/or Nigel Solida to White Marlin during the past five years.

**REQUEST FOR PRODUCTION NO. 29:**

All documents evidencing or describing any security or other collateral provided by Agua, Talco, or Torrent for White Marlin's benefit to secure any loan issued to White Marlin during the past five years.

**REQUEST FOR PRODUCTION NO. 30:**

Copies of any agreements, contracts, leases, or acts of sale concerning property which White Marlin, Agua, Talco, or Torrent have utilized as office space during the past five years.

**REQUEST FOR PRODUCTION NO. 31:**

Copies of any agreements, contracts, or written instruments (including any amendments) executed between White Marlin and Agua, Talco, or Torrent which pertain, refer, or relate to the work performed by Couvillion as referenced in the Complaint and/or relate to the 12" A11 pipeline located in the Corpus Christi Ship Channel.

**REQUEST FOR PRODUCTION NO. 32:**

Copies of any agreements, contracts, or written instruments (including any amendments) executed between White Marlin, Agua, Talco, or Torrent and TTL, Inc. which pertain, refer, or relate to the work performed by Couvillion as referenced in the Complaint and/or relate to the 12" A11 pipeline located in the Corpus Christi Ship Channel.

**REQUEST FOR PRODUCTION NO. 33:**

Copies of any agreements, contracts, or written instruments (including any amendments) executed between White Marlin, Agua, Talco, or Torrent and T. Baker Smith which pertain, refer, or relate to the work performed by Couvillion as referenced in the Complaint and/or relate to the 12" A11 pipeline located in the Corpus Christi Ship Channel.

**REQUEST FOR PRODUCTION NO. 34:**

Copies of any agreements, contracts, or written instruments (including any amendments) executed between White Marlin, Agua, Talco, or Torrent and Eagle Energy Services or Eagle LLC

which pertain, refer, or relate to the work performed by Couvillion as referenced in the Complaint and/or relate to the 12" A11 pipeline located in the Corpus Christi Ship Channel.

**REQUEST FOR PRODUCTION NO. 35:**

Copies of any agreements, contracts, or written instruments (including any amendments) executed between White Marlin, Agua, Talco, or Torrent and Axis Pipeline Construction, LLC or Axis Subsea Construction Group which pertain, refer, or relate to the work performed by Couvillion as referenced in the Complaint and/or relate to the 12" A11 pipeline located in the Corpus Christi Ship Channel.

**REQUEST FOR PRODUCTION NO. 36:**

Copies of any agreements, contracts, or written instruments (including any amendments) executed between White Marlin, Agua, Talco, or Torrent and Southcross Energy LP LLC which pertain, refer, or relate to the work performed by Couvillion as referenced in the Complaint and/or relate to the 12" A11 pipeline located in the Corpus Christi Ship Channel.

**REQUEST FOR PRODUCTION NO. 37:**

Copies of any agreements, contracts, or written instruments (including any amendments) executed between White Marlin, Agua, Talco, or Torrent and Encinal Midstream, LLC which pertain, refer, or relate to the work performed by Couvillion as referenced in the Complaint and/or relate to the 12" A11 pipeline located in the Corpus Christi Ship Channel.

**REQUEST FOR PRODUCTION NO. 38:**

Copies of any and all documents, communications, emails, text messages, and letters sent or received by White Marlin, its employee(s), representative(s), and/or subcontractor(s) which pertain, refer, or relate to the work performed by Couvillion as referenced in the Complaint and/or relate to the 12" A11 pipeline located in the Corpus Christi Ship Channel.

**REQUEST FOR PRODUCTION NO. 39:**

Copies of any and all documents, communications, emails, text messages, and letters sent or received by Agua, its employee(s), its representative(s), and/or its subcontractor(s) which

pertain, refer, or relate to the work performed by Couvillion as referenced in the Complaint and/or related to the 12" A11 pipeline located in the Corpus Christi Ship Channel.

**REQUEST FOR PRODUCTION NO. 40:**

Copies of any and all documents, communications, emails, text messages, and letters sent or received by Talco, its employee(s), its representative(s), and/or its subcontractor(s) which pertain, refer, or relate to the work performed by Couvillion as referenced in the Complaint and/or related to the 12" A11 pipeline located in the Corpus Christi Ship Channel.

**REQUEST FOR PRODUCTION NO. 41:**

Copies of any and all documents, communications, emails, text messages, and letters sent or received by Torrent, its employee(s), its representative(s), and/or its subcontractor(s) which pertain, refer, or relate to the work performed by Couvillion as referenced in the Complaint and/or related to the 12" A11 pipeline located in the Corpus Christi Ship Channel.

**REQUEST FOR PRODUCTION NO. 42:**

Any and all letters, correspondence, text messages, e-mails, facsimiles, documents, memoranda, or reports prepared, authored, or sent by You to any person or entity which pertain, refer, or relate to Couvillion's Invoice No.204144 or Invoice No. 204255.

**REQUEST FOR PRODUCTION NO. 43:**

Any and all invoices submitted by Couvillion to White Marlin for work performed pursuant to the Day Rate Proposal (Rec. Doc. 11-1), Master Service Agreement (Rec. Doc. 11-2), and/or any oral agreement between Couvillion and White Marlin for to work performed by Couvillion at White Marlin's request between January 1, 2021 and the present day.

**REQUEST FOR PRODUCTION NO. 44:**

Any and all documents which White Marlin alleges support any claim that White Marlin paid Couvillion for the amount(s) owed under the Day Rate Proposal or Master Service Agreement.

**REQUEST FOR PRODUCTION NO. 45:**

Any and all documents, communications, e-mails, text messages, facsimiles, or reports allegedly sent to Couvillion by White Marlin, Agua, Talco, and/or Torrent disputing the amounts invoiced.

**REQUEST FOR PRODUCTION NO. 46:**

Any and all documents, communications, e-mails, text messages, facsimiles, or reports which support White Marlin's contention that "White Marlin solicited bids from eleven contractors" for the removal of the A11 pipeline.

**REQUEST FOR PRODUCTION NO. 47:**

Please produce all documents, communications, e-mails, text messages, facsimiles, or reports which support White Marlin's contention that "Couvillion egregiously breached its obligations under both the Day Rate Proposal and the MSA…"

**REQUEST FOR PRODUCTION NO. 48:**

Please produce the contract between Aqua and White Marlin referenced in Paragraph 13 of White Marlin's Counterclaims.

**REQUEST FOR PRODUCTION NO. 49:**

Any and all documents, communications, e-mails, text messages, facsimiles, or reports which support White Marlin's contention that "the change in conditions was not the driving force behind Couvillion's complete failure to satisfy its obligations."

**REQUEST FOR PRODUCTION NO. 50:**

Any and all documents, communications, e-mails, text messages, facsimiles, or reports which support White Marlin's contention that "Couvillion did not timely perform under the Contracts because of gross incompetence."

**REQUEST FOR PRODUCTION NO. 51:**

Any and all documents, communications, e-mails, text messages, facsimiles, or reports which support White Marlin's contention that "Couvillion could not even find the pipe it was

supposed to remove, nor did it furnish the equipment it needed…to timely perform under the Contract."

**REQUEST FOR PRODUCTION NO. 52:**

Any and all documents, communications, e-mails, text messages, facsimiles, or reports which support White Marlin's contention that "Couvillion repeatedly assured White Marlin that White Marlin would not be charged for overages caused by Couvillion's own failures to comply with the Contracts."

**REQUEST FOR PRODUCTION NO. 53:**

Any and all documents, communications, e-mails, text messages, facsimiles, or reports which support White Marlin's contention that "[w]hen Couvillion management learned that its project manager had made these representations to White Marlin, however, Couvillion removed him from the job, and replaced him with a new project manager who reversed course."

**REQUEST FOR PRODUCTION NO. 54:**

Any and all documents, communications, e-mails, text messages, facsimiles, or reports which support White Marlin's contention that "White Marlin fired Couvillion on September 24, 2021."

**REQUEST FOR PRODUCTION NO. 55:**

Any and all documents, communications, e-mails, text messages, facsimiles, or reports which support White Marlin's contention that "[a]s a result of Couvillion's Breaches of Contract, White Marlin had to retain and pay another company to complete Couvillion's scope of work."

**REQUEST FOR PRODUCTION NO. 56:**

Any and all documents, communications, e-mails, text messages, facsimiles, or reports which support White Marlin's contention that "the 'work' Couvillion performed in connection with the Contracts…was worth, at most, $341,612."

**REQUEST FOR PRODUCTION NO. 57:**

Any and all plans, schematics, and surveys, including but not limited to pipeline clearance surveys, of the A11 pipeline in White Marlin's possession, or in the possession of Agua, Talco, or Torrent, between 2019 and the present day.

**REQUEST FOR PRODUCTION NO. 58:**

Any and all documents, communications, e-mails, text messages, facsimiles, or reports which pertain, relate, or mention any surveys, including but not limited to pipeline clearance surveys, of the A11 pipeline in White Marlin's possession, or in the possession of Agua, Talco, or Torrent between 2019 and the present day.

**REQUEST FOR PRODUCTION NO. 59:**

Copies of any and all communications, emails, text messages, letters, facsimiles, reports, or invoices exchanged between White Marlin, Agua, Talco, or Torrent and the entity or entities which White Marlin alleges it was forced to retain "to complete Couvillion's scope of work." See Paragraph 30 of White Marlin's Counterclaim.

**REQUEST FOR PRODUCTION NO. 60:**

Any and all non-privileged documents, communications, memorandum, e-mails, text messages, facsimiles, or reports which pertain, relate, or mention White Marlin's decision to "fire[]" Couvillion on September 25, 2021.

**REQUEST FOR PRODUCTION NO. 61:**

Any and all documents, communications, memorandum, e-mails, text messages, facsimiles, or reports in White Marlin's possession, or the possession of Agua, Talco, or Torrent, which pertain, relate, or mention delays in the removal of the A11 pipeline due to COVID 19.

**REQUEST FOR PRODUCTION NO. 62:**

Any and all documents, communications, memorandum, e-mails, text messages, facsimiles, or reports in White Marlin's possession, or the possession of Agua, Talco, or Torrent,

which pertain, relate, or mention delays in the removal of the A11 pipeline due to vessel traffic in the Corpus Christi Intercoastal Waterway.

**REQUEST FOR PRODUCTION NO. 63:**

Any and all documents, communications, memorandum, e-mails, text messages, facsimiles, or reports in White Marlin's possession, or the possession of Agua, Talco, or Torrent, which pertain, relate, mention, or provide an estimate for the number of days it would take to remove the A11 pipeline.

**REQUEST FOR PRODUCTION NO. 64:**

Any and all financial documents, including bank statements, in White Marlin's possession or the possession of Agua, Talco, or Torrent, related to the purchase and return of a clamp obtained from PetroQuip for work performed on the A11 pipeline.

**REQUEST FOR PRODUCTION NO. 65:**

Any and all documents, communications, memorandum, e-mails, text messages, facsimiles, or reports in White Marlin's possession, or the possession of Agua, Talco, or Torrent, which pertain, relate, mention the return of the clamp obtained from PetroQuip, and/or the reimbursement of money for the clamp to White Marlin, Agua, Talco, or Torrent.

**REQUEST FOR PRODUCTION NO. 66:**

Any written or recorded statement(s) in White Marlin's possession, or the possession of Agua, Talco, or Torrent, regarding any work performed by Couvillion on the A11 pipeline.

Respectfully submitted,

**FRILOT L.L.C.**

*/s/ Daniel E. Schwank*
**PATRICK J. MCSHANE T.A. (#19055)**
*Pro hac vice*
**DANICA BENBOW DENNY (#27376)**
*Pro hac vice*
**KATHLEEN P. RICE (#31291)**
*Pro hac vice*
**DANIEL E. SCHWANK (#39333)**
*Pro hac vice*
1100 Poydras Street, Suite 3700
New Orleans, LA 70163-3600
Telephone: (504) 599-8000
Facsimile: (504) 599-8100
E-mail: pmcshane@frilot.com
            ddenny@frilot.com
            krice@frilot.com
            dschwank@frilot.com
***Counsel for Plaintiff, Couvillion Group, LLC***

**AND**

**RICHARD GORMAN LAW**

**Richard L. Gorman**
**State Bar No. 00784155**
**Federal I.D. 15685**
12335 Kingsride Ln. #354
Houston, TX 77024-4116
Telephone: (832) 725-4026
Facsimile: (281) 854-2200
E-mail:  rg@richardgormanlaw.com
***Local Counsel for Plaintiff, Couvillion***
***Group, LLC***


**CERTIFICATE OF CIRCULATION AND SERVICE**

I certify that on October 2, 2023, the following was circulated and served on all counsel of

record via electronic mail.

*/s/ Daniel E. Schwank*

13

# Exhibit B

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF TEXAS – HOUSTON DIVISION

| | | |
|---|---|---|
| **COUVILLION GROUP, LLC** | * | |
| | * | |
| | * | |
| **VERSUS** | * | **CIVIL ACTION NO. 4:22-cv-00908** |
| | * | |
| | * | |
| **WHITE MARLIN OPERATING COMPANY LLC** | * | |
| | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## <u>INTERROGATORIES</u>

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, Couvillion Group, LLC ("Couvillion") and propounds the following Interrogatories to White Marlin Operating Company, LLC ("White Marlin"), Agua Tranquillo Midstream LLC ("Agua"), and Talco Petroleum, LLC ("Talco"):

      A.     In the following Interrogatories:

"You" and "Your" means Defendant, White Marlin Operating Company, LLC, and all representatives or other persons acting on behalf of Defendant.

"Document" means any written, recorded or graphic matter however produced or reproduced.

"Identity" or "identification" when used with respect to an individual means to state his full name, his present or last known employment, and his present or last known address.

"Identify" or "identification" when used with reference to a document means to state the type of document (e.g. lease, memorandum, contract, telegram, chart, etc.) or some other means of identifying its location and custodian, the date thereon, if any, and the identity of the party or parties whose name or names appear thereon, or in lieu thereof, you may attach to your answers a copy of each such document.

"Complaint" refers to the Complaint filed by Plaintiff in this litigation and any subsequent Complaint.

      ***If you assert a claim of privilege for any reason, you are required to submit a Privilege Log which complies with the requirements of the Federal Rules of Civil Procedure.***

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Please provide the following information for White Marlin, Agua, Talco, and Torrent Oil, LLC ("Torrent"):

    (1) The identity of each and every affiliate, subsidiary, and parent entity between January 1, 2019 and the present day;

    (2) The identity of each and every director, officer, and member with a financial interest between January 1, 2019 and the present day;

    (3) Each state or jurisdiction of incorporation and the date of incorporation in each state or jurisdiction;

    (4) The net worth of each; and

    (5) The address for each and every office.[1]

**INTERROGATORY NO. 2:**

Please identify by name and title each and every person employed by White Marlin, Agua, Talco, and Torrent during the past five years and the dates of such employment. Please also state which entity employed each person.

**INTERROGATORY NO. 3:**

Please identify the accounting firm(s)/CPA that prepared financial documents, such as tax returns or balance sheets, for White Marlin, Agua, Talco, and Torrent during the past five years.

---

[1] Of note, precedent from the United States Fifth Circuit Court of Appeal and courts in Texas establishes that the information sought in this Interrogatory, and throughout Couvillion's discovery, is entirely relevant to the claims alleged by Couvillion in its Verified Second Amended Complaint. *See De La Hoya, v. Coldwell Banker Mexico, Inc.*, 125 Fed. App'x. 533, 538 (5th Cir. 2005); *Perez v. McCreary, Veselka, Bragg & Allen, P.C.*, 2021 WL 352433 (W.D. Tex. Feb 2, 2021) (wherein the Court granted a party's Motion to Compel information about ownership interests, organizational structure, and employee data, in addition to information regarding the organization's net worth, on the basis of an alter ego and joint enterprise claim).

**INTERROGATORY NO. 4:**

Please identify each and every bank account maintained by White Marlin, Agua, Talco, and Torrent for the past five years, including the name of the financial institution where the account is maintained and each account number.

**INTERROGATORY NO. 5:**

Please identify each and every instance when funds were transferred between a bank account maintained by the following entities during the past five years: White Marlin, Agua, Talco, Torrent, or Nigel Solida. Please also describe each and every document, ledger, or itemized account statement which evidences each payment.

**INTERROGATORY NO. 6:**

Please identify each and every payment made or received by White Marlin, Agua, Talco, Torrent, or Nigel Solida arising or related to the removal of the A11 pipeline, and please describe each and every document, ledger, or itemized account statement which evidences each payment.

**INTERROGATORY NO. 7:**

Please provide all facts which you will rely in asserting that White Marlin, Agua, Talco, and Torrent are not in breach of their obligations under the Day Rate Proposal, executed on July 23, 2021, or Master Service Agreement, dated July 26, 2021, and describe each and every document which supports this assertion.

**INTERROGATORY NO. 8:**

Please provide all facts which you will rely in asserting that Couvillion "did not timely perform under the Contracts because of gross incompetence." Please also describe each and every document which supports this assertion.

**INTERROGATORY NO. 9:**

Please provide all facts which you will rely in asserting that "the change in conditions was not the driving force behind Couvillion's complete failure to satisfy its obligations." Please also describe each and every document which supports this assertion.

**INTERROGATORY NO. 10:**

Please provide all facts which you will rely in asserting that "the 'work' Couvillion performed in connection with the Contracts…was worth, at most, $341,612." Please also describe each and every document which supports this assertion.

**INTERROGATORY NO. 11:**

Please identify each and every plan, schematic, and survey related to the A11 pipeline which was provided to Couvillion by White Marlin, Agua, Talco, and/or Torrent, and/or any agent(s) or representative(s) acting on their behalf, in addition to the date each survey was provided to Couvillion, the identity of who performed the survey, when each survey was conducted, and when White Marlin, Agua, Talco, and/or Torrent first obtained the survey, and from whom it obtained any survey.

**INTERROGATORY NO. 12:**

Please describe all documents, notes, logs, memoranda or diary maintained in connection with any of your activities that concern or in any way relate to the claims asserted by Couvillion in the Complaint or the claims asserted by You in the Counterclaim.

**INTERROGATORY NO. 13:**

Please state the names and addresses of each person known or reasonably felt by you to be in possession of or having control of any document relevant to the claims asserted by Couvillion in the Complaint or the claims asserted by You in the Counterclaim.

**INTERROGATORY NO. 14:**

Please state the names and addresses of each person known or reasonably felt by you to be a witness to the trial of this case, whether expert or non-expert.

Respectfully submitted,

**FRILOT L.L.C.**

_/s/ Daniel E. Schwank_
**PATRICK J. MCSHANE T.A. (#19055)**
_Pro hac vice_
**DANICA BENBOW DENNY (#27376)**
_Pro hac vice_
**KATHLEEN P. RICE (#31291)**
_Pro hac vice_
**DANIEL E. SCHWANK (#39333)**
_Pro hac vice_
1100 Poydras Street, Suite 3700
New Orleans, LA 70163-3600
Telephone: (504) 599-8000
Facsimile: (504) 599-8100
E-mail: pmcshane@frilot.com
          ddenny@frilot.com
          krice@frilot.com
          dschwank@frilot.com
**_Counsel for Plaintiff, Couvillion Group, LLC_**

**AND**

**RICHARD GORMAN LAW**
**Richard L. Gorman**
**State Bar No. 00784155**
**Federal I.D. 15685**
12335 Kingsride Ln. #354
Houston, TX 77024-4116
Telephone: (832) 725-4026
Facsimile: (281) 854-2200
E-mail:  rg@richardgormanlaw.com
**_Local Counsel for Plaintiff, Couvillion_**
**_Group, LLC_**

## CERTIFICATE OF CIRCULATION AND SERVICE

I certify that on October 2, 2023, the following was circulated and served on all counsel of

record via electronic mail.

_/s/ Daniel E. Schwank_

# Exhibit C

## Schwank, Daniel

| | |
|---|---|
| **From:** | Jeb Golinkin <jgolinkin@jlcfirm.com> |
| **Sent:** | Tuesday, October 17, 2023 3:32 PM |
| **To:** | Schwank, Daniel; McShane, Patrick J.; Denny, Danica; Rice, Katie |
| **Cc:** | Michael Cancienne; Kasey Todd |
| **Subject:** | RE: Couvillion v. White Marlin et. al: Scheduling Order and Discovery |
| **Attachments:** | Couvillion Group v. WM_Draft Joint Letter to Judge Edison.docx |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Daniel,

On White Marlin, we do not agree that it should have to respond to RFP Nos. 1-30 or Rogs 1-6, but does not object to having to serve objections/respond to the remainder of the discovery requests.

Given that we are at an impasse, we are going to seek relief from the Court. The Court's local procedures require us to submit a joint letter that is two pages or less outlining the dispute and our respective positions. The Court will then essentially have a zoom conference so we can discuss. I have prepared a draft for your review. For Couvillion's position, I essentially quoted from your emails to us. Please let me know if you have any changes/additions. **We intend to file tomorrow, so please turn this this evening or tomorrow.**

Respectfully,

Jeb
--
**Joseph W. Golinkin II**
Trial Attorney | Jordan, Lynch & Cancienne PLLC
(o) 713-955-4019 | (c) 832-250-6567
1980 Post Oak Blvd., Suite 2300 Houston, Texas 77056
www.jlcfirm.com |   Attorney Biography



**From:** Schwank, Daniel <DSchwank@frilot.com>
**Sent:** Monday, October 16, 2023 4:46 PM
**To:** Jeb Golinkin <jgolinkin@jlcfirm.com>; McShane, Patrick J. <PMcShane@frilot.com>; Denny, Danica <DDenny@frilot.com>; Rice, Katie <krice@frilot.com>
**Cc:** Michael Cancienne <mcancienne@jlcfirm.com>; Kasey Todd <ktodd@jlcfirm.com>
**Subject:** RE: Couvillion v. White Marlin et. al: Scheduling Order and Discovery

Dear Jeb,

Thank you for clarifying Defendants' position. According to the Court's April 21, 2023 scheduling order, all written discovery must be completed by January 15, 2024. As such, we must respect the deadlines set by the Court for expert disclosures and reports. While we are more than happy to extend you the same courtesy provided to Couvillion - agreeing to an extension of fifteen days to respond to discovery - we cannot agree to withdraw any of the discovery requests issued to the Defendants. As you will note, our Verified Second Amended Complaint asserts that the

1

Defendants co-mingled funds, and Couvillion's discovery responses (and the 1,700 documents produced therein) are replete with examples of Agua and Talco directing operations for White Marlin.

Accordingly, the discovery propounded by Couvillion is entirely relevant to the subject matter of this case and Defendants' failure to pay Couvillion for the work it performed over two years ago, in addition to the allegations asserted by White Marlin in its Counterclaim. We also understand from the analysis provided below that White Marlin has no objection to responding to the discovery propounded. Please let us know if you need an extension of time to prepare White Marlin's discovery responses.

Please let us know what time you are available tomorrow should you like to set up a call to discuss any of this further.

Best regards,
Daniel



**Daniel E. Schwank** (he/him)
1100 Poydras Street, Suite 3700
New Orleans, LA 70163
504.599.8247 office
504.599.8137 fax

---

**From:** Jeb Golinkin <jgolinkin@jlcfirm.com>
**Sent:** Monday, October 16, 2023 12:24 PM
**To:** Schwank, Daniel <DSchwank@frilot.com>; McShane, Patrick J. <PMcShane@frilot.com>; Denny, Danica <DDenny@frilot.com>; Rice, Katie <krice@frilot.com>
**Cc:** Michael Cancienne <mcancienne@jlcfirm.com>; Kasey Todd <ktodd@jlcfirm.com>
**Subject:** Re: Couvillion v. White Marlin et. al: Scheduling Order and Discovery

Daniel,

You served 66 RFPs on "White Marlin Operating Company, LLC ("White Marlin"), Agua Tranquillo Midstream LLC ("Agua"), and Talco Petroleum, LLC ("Talco")." All 66 are premature to the extent you expect responses from Agua and Talco. The same is true with respect to all of your interrogatories.

As far as subject matter goes, RFPs 1-30 and Rogs 1-6 are particularly problematic as they have absolutely nothing to do with the subject matter of this case, especially if the Court grants the outstanding motion to dismiss.

Let me know *today* if you will with withdraw all of the discovery served on Agua and Talco, and further whether you will withdraw RFP Nos. 1-30 and Rogs 1-6 to Agua. If not, we are going to seek protection. I am happy to discuss further on the phone. My cell is 832-250-6567. I have called you twice and have not been able to reach you.

-Jeb Golinkin
--
**Joseph W. Golinkin II**
Trial Attorney | Jordan, Lynch & Cancienne PLLC
(o) 713-955-4019 | (c) 832-250-6567
1980 Post Oak Blvd., Suite 2300 Houston, Texas 77056
www.jlcfirm.com |  Attorney Biography



**From:** "Schwank, Daniel" <DSchwank@frilot.com>
**Date:** Monday, October 16, 2023 at 11:43 AM
**To:** Jeb Golinkin <jgolinkin@jlcfirm.com>, "McShane, Patrick J." <PMcShane@frilot.com>, "Denny, Danica" <DDenny@frilot.com>, "Rice, Katie" <krice@frilot.com>
**Cc:** Michael Cancienne <mcancienne@jlcfirm.com>, Kasey Todd <ktodd@jlcfirm.com>
**Subject:** RE: Couvillion v. White Marlin et. al: Scheduling Order and Discovery

Hi Jeb,

Thank you for the email, but we cannot agree to an extension of the expert deadlines, nor do we believe the discovery propounded by Couvillion Group is premature. Please provide us with an outline of what specific discovery requests Defendants contend are premature subject to the Motion to Dismiss.

Thanks,
Daniel



**Daniel E. Schwank** (he/him)
1100 Poydras Street, Suite 3700
New Orleans, LA 70163
504.599.8247 office
504.599.8137 fax

---

**From:** Jeb Golinkin <jgolinkin@jlcfirm.com>
**Sent:** Monday, October 16, 2023 11:02 AM
**To:** Schwank, Daniel <DSchwank@frilot.com>; McShane, Patrick J. <PMcShane@frilot.com>; Denny, Danica <DDenny@frilot.com>; Rice, Katie <krice@frilot.com>
**Cc:** Michael Cancienne <mcancienne@jlcfirm.com>; Kasey Todd <ktodd@jlcfirm.com>
**Subject:** Re: Couvillion v. White Marlin et. al: Scheduling Order and Discovery

Hi guys,

Following up on the below. Please let me know this morning how you'd like to proceed. I am available to confer regarding the discovery over the phone anytime.

Thanks,

Jeb

--
**Joseph W. Golinkin II**
Trial Attorney | Jordan, Lynch & Cancienne PLLC
(o) 713-955-4019 | (c) 832-250-6567
1980 Post Oak Blvd., Suite 2300 Houston, Texas 77056
www.jlcfirm.com | Attorney Biography



---

**From:** Jeb Golinkin <jgolinkin@jlcfirm.com>
**Date:** Wednesday, October 11, 2023 at 5:54 PM
**To:** "Schwank, Daniel" <DSchwank@frilot.com>, "pmcshane@frilot.com" <pmcshane@frilot.com>, "ddenny@frilot.com" <ddenny@frilot.com>, "krice@frilot.com" <krice@frilot.com>
**Cc:** Michael Cancienne <mcancienne@jlcfirm.com>, Kasey Todd <ktodd@jlcfirm.com>
**Subject:** Couvillion v. White Marlin et. al: Scheduling Order and Discovery

Dear Patrick, Danica, Kathleen, and Daniel,

As you know, White Marlin, Agua, Talco, and Torrent have not yet answered Couvillion's complaint because the Court has not ruled on their outstanding Motion to Dismiss. This has obviously put the parties in a bit of a holding pattern. That said, you recently responded to our discovery, and served discovery of your own on us. While we share your desire to continue to move the case forward, though, Agua, Talco, and Torrent will not have any obligation to respond to discovery if the Court grants their Motion to Dismiss. Accordingly, we believe Couvillion's discovery request is premature, and further ask that you withdraw both your interrogatories and requests for production until the Court has ruled on the Motion to Dismiss.

Somewhat relatedly, expert deadlines fall on 10/16 and 11/16. Do you agree that we need to extend these deadlines? If so, the question becomes how much time to ask for. If you are willing to withdraw your discovery, we can just agree on dates. However, if you are not willing to withdraw your discovery requests pending resolution of the Motion to Dismiss, I suggest that we jointly seek a status conference to discuss our request for protection from having to respond to your discovery and the schedule. To do this, we simply have to submit a joint letter (2 pages or less) to the Court outlining the issues to be discussed and our respective positions on the issues and the Court will convene a zoom conference (usually within days of the request). I am happy to take the first crack at this and send over to you for thoughts, comments, edits, etc.

For what it's worth, I think a status conference could be an extremely useful exercise for both parties regardless of how he decides the issue related to your discovery. Judge Edison is among the hardest working and most efficient judges we have in the Southern District of Texas and he usually moves cases along pretty aggressively. As such, I think there's a decent chance he will rule quickly once he realizes that the motion is impacting the schedule.

Let me know how you would like to proceed. Happy to discuss further if you think it would be helpful. My cell is 832-250-6567.

Respectfully,

Jeb Golinkin

--
**Joseph W. Golinkin II**
Trial Attorney | Jordan, Lynch & Cancienne PLLC
(o) 713-955-4019 | (c) 832-250-6567
1980 Post Oak Blvd., Suite 2300 Houston, Texas 77056
www.jlcfirm.com | Attorney Biography



**Disclaimer**

This communication, including any attachments, may contain confidential attorney-client information or may otherwise be privileged or confidential. It is solely for use by the intended recipient and others authorized to receive it. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation to this information is strictly prohibited and may be unlawful. Please notify the sender immediately by replying to this message, then deleting the e-mail and any attachments from your systems.

**Disclaimer**

This communication, including any attachments, may contain confidential attorney-client information or may otherwise be privileged or confidential. It is solely for use by the intended recipient and others authorized to receive it. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation to this information is strictly prohibited and may be unlawful. Please notify the sender immediately by replying to this message, then deleting the e-mail and any attachments from your systems.