January 24, 2024

**VIA EMAIL and CMECF**
The Honorable George C Hanks, Jr.
United States Courthouse
515 Rusk Street, Room 6202
Houston, Texas 77022
Cm4147@txs.uscourts.gov

        **Re:**   *Couvillion Group, LLC v. White Marlin Operating Company, LLC, et al;* Civil Action No. 4:22-cv-00908
               Couvillion's Request for Pre-Motion Conference

Dear Judge Hanks,

      In accordance with the court's procedures, the parties submit the instant request regarding an ongoing discovery dispute. Specifically, the parties disagree whether White Marlin Operating Company, LLC ("White Marlin"), Agua Tranquillo Midstream LLC ("Agua"), and Talco Petroleum, LLC ("Talco") (together, the "White Marlin Defendants" or "Defendants") must provide substantive answers and documents in response to Interrogatories and Requests for Production of Documents propounded by Couvillion Group, LLC ("Couvillion") on October 2, 2023 and December 14, 2023.

## Background

      Couvillion's Verified Second Amended Complaint asserts causes of action based in breach of contract, breach of oral contract, suit on sworn account, alter ego, fraud, negligent misrepresentation, and quantum meruit arising out of the White Marlin Defendants' failure to pay Couvillion for services rendered in the summer of 2021. (ECF 24).[1] On April 24, 2023, the White Marlin Defendants filed a Motion to Dismiss, wherein Agua and Talco sought dismissal of all of Couvillion's claims against them, in addition to White Marlin seeking dismissal of all but two of Couvillion's claim. (ECF 37). While the Motion to Dismiss was pending, the parties filed a joint letter with the Court regarding the White Marlin Defendants' request for a protective order from answering Couvillion's discovery. (ECF 44). In response, the Court set a discovery hearing on October 25, 2023, during which it denied the White Marlin Defendants' Motion to Dismiss in its entirety. (ECF 46)

      On November 20, 2023, the White Marlin Defendants served their objections and responses to Couvillion's written discovery, and ultimately produced more than 20,000 pages of documents. On January 22, 2024, the White Marlin Defendants served objections and responses to Couvillion's First Supplemental Requests for Production, but have produced no additional documents. Couvillion maintains that the White Marlin Defendants have not complied with their obligations under the Federal Rules of Civil Procedure. Specifically, Couvillion argues that the White Marlin Defendants failed to provide substantive responses to 10 of Couvillion's 14 Interrogatories and failed to

---

[1] White Marlin also filed a Counterclaim against Couvillion (ECF 42), which Couvillion answered on June 15, 2023. (ECF 43).

1

produce documents responsive to Couvillion's RPD Nos. 3 through 29 and 67 through 86.[2] (*See* Exhibit A). While the parties attempted to reach a compromise, they were unsuccessful. The parties conferred at length via telephone on December 5, 2023, in addition to January 23, 2024.

## Couvillion's Motion to Compel

In its anticipated Motion, Couvillion will request the Court enter an order compelling the White Marlin Defendants fully respond to discovery, as the information sought is relevant to the pending causes of action, and Defendants' objections to providing complete responses are grounded in arguments previously rejected by this Court. As detailed in the parties' first letter, Defendants maintained that they should not be required to respond to discovery related to the Defendants' ownership, control, and financial relationship, as these requests were premature, irrelevant, and overly burdensome. Defendants stated further that they should not produce the documents and information sought "until the Court rules on the Motion to Dismiss." (ECF 44). The Court has since denied Defendants' Motion to Dismiss, and Defendants agreed their objections to responding to discovery were moot. (ECF 46) However, Defendants continue in their refusal to respond to Couvillion's discovery on the same grounds, objecting on the basis of relevancy and burden.

Couvillion's discovery seeks specific financial statements, asset transfers, banking information, and employment records, as the information therein is relevant to Couvillion's pending claims of fraud, alter ego, and breach of contract. Subsequent to the Court's denial of Defendants' Motion to Dismiss, Couvillion maintains the right to conduct discovery related to **all** of its claims, including its claim that Defendants perpetuated acts of fraud to induce Couvillion's performance while knowing they did not have the resources to timely pay Couvillion.

As such, Couvillion respectfully requests the Court intervene and order Defendants provide all documents responsive to RFP Nos. 3-29 and 67-86. (*See* Exhibit B – Def's Responses to RFP). In addition, Couvillion requests the Court order Defendants supplement their responses to Interrogatory Nos. 1 through 6. (*See* Exhibit C – Def's Responses to ROGS). Further, Couvillion requests the Court order Defendants to supplement their written responses to Requests for Production and identify which documents are produced in response to each Request. This is the only way for Couvillion to verify whether Defendants have responded to each of its Requests, as Defendants' current responses wholly fail to indicate whether documents have been produced.

## Opposition by White Marlin Defendants

The White Marlin Defendants have produced more than 20,000 documents in response to Couvillion's Requests for Production. Couvillion ignores this and attempts to persuade this Court that the White Marlin Defendants "agreed their objections to responding to discovery were moot" during the Court's hearing on their Motion for Protection. Couvillion's assertion is highly disengenious and categorically false. In its Motion for Protection, the White Marlin Defendants argued that they should not have to

---

[2] During the discovery conference, counsel for the White Marlin Defendants acknowledged that they withheld production of any documents responsive to RFP Nos. 3 – 29 and 67 – 78.

January 24, 2024
Page 3

respond to Couvillion's discovery *at all* until the Court ruled on their pending Motion to Dismiss because, had the Court granted that Motion, most of the White Marlin Defendants would not have had any legal obligation to respond to Couvillion's discovery requests. In the hearing that followed, the Court orally denied the White Marlin Defendants' Motion to Dismiss. Accordingly, their counsel stated that its Motion for Protection was moot and stated that the White Marlin Defendants would appropriately respond (including, where appropriate, with objectioins) to Couvillion's outstanding discovery requests. This is precisely what the White Marlin Defendants have done, and the White Marlin Defendants ask that the Court sustain those objections.

Couvillion does not merely want documents, though. It also asks the Court to order the White Marlin Defendants "to identify which documents are produced in response to each Request." But Couvillon's request conflicts with the express text of Federal Rule of Civil Procedure 34(b). That Rule states that a "party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i). The White Marlin Defendants produced their documents as they were and are kept in the ordinary course of business, and therefore they do not have to "organize and label its production to correspond to the cateogories in each request.

With Kind Regards,

*/s/ Daniel E. Schwank*

and

*/s/ Jeb Golinkin*