

| | |
|---|---|
| **From:** | Schwank, Daniel |
| **To:** | Jeb Golinkin; McShane, Patrick J.; Denny, Danica; Rice, Katie |
| **Cc:** | Michael Cancienne |
| **Subject:** | RE: Couvillion v. WM et. al: Defendants" Discovery Responses |
| **Date:** | Monday, December 11, 2023 11:09:55 AM |

Jeb,

To your first point, Couvillion agrees not to oppose a motion to extend the discovery and dispositive motion deadline by 60 days. We also will proceed with contacting the Court to obtain a scheduling conference for the purpose of selecting a trial date in June/July as stated in the Court's signed Scheduling Order.

As to your second point, the White Marlin Defendants' position as to Couvillion's fraud claims cannot limit the scope of discovery which Couvillion is entitled to under the law. For many reasons, the White Marlin Defendants' argument is fundamentally flawed. The White Marlin Defendants were never in control of the distribution of the escrow funds. Schedule 1 to the Escrow Agreements states that the distributions of the escrow funds were conditioned on the completion of project milestones and receiving written approval of the work by the Port of Corpus Christi, the Army Corp of Engineers, and other regulatory authorities. However, the MSA between Couvillion and the White Marlin Defendants does make payment for Couvillion's services conditional upon receipt of the escrow funds. Nor would it, as Encinal Midstream, LLC is the only entity entitled to receive these funds pursuant to the Escrow Agreement.

In addition, Schedule 1 to the Escrow Agreement specifically states that Encinal is responsible for any costs associated with the pipeline removal projects which exceed the Total AFE Amount. The Agreement states that, if "the amount actually spent to achieve Completion is more than the Total AFE Amount, then [Encinal] shall nevertheless **only be entitled to the Total AFE Amount** when Completion in achieved." Therefore, the White Marlin Defendants cannot claim that payment for this project was limited solely to the funds held in escrow.

In light of the above, the White Marlin Defendants' financial information is entirely relevant and pertinent to Couvillion's claims. As the parties have discussed this issue at length, but the White Marlin Defendants refuse to produce the information and documents requested, Couvillion has no choice but to file a motion to compel requesting the Court order the production of this material.

Lastly, the White Marlin Defendants' document production on December 1, 2023 does not adhere to the requirements of the Federal Rules of Civil Procedure 34(b)(2)(E)(i). In part, the White Marlin Defendants produced almost 20,000 pages of documents and emails contained in 5,000 separate pdf files, without providing any indication which documents are responsive to the 66 RFPs issued by Couvillion. The White Marlin Defendants take the position that Couvillion should determine which of these 20,000 pages is responsive to each of its requests. This is yet another example of the White Marlin Defendants attempting to disrupt the discovery process. The White Marlin Defendants cannot avoid the requirement of FRCP 34 by arguing their production was made "in the ordinary course of business, with their attachments, with metadata, and in searchable format." These 20,000 pages of pdfs were converted from their original form into pdfs and contain no meta data. See

McKinney/Pearl Restaurant Partners, L.P. v. Metropolitan Life Insurance Company, 322 F.R.D. 235, 250 (N.D. Tex. Jan. 8, 2016)("Production 'as kept in the ordinary course of business' generally requires turning over electronic documents in the format in which they are kept on the user's hard drive or other storage device. A file that is converted to another format solely for production, or for which the application metadata has been scrubbed or altered, is not produced as kept in the ordinary course of business.").

The parties have now discussed these discovery issues (and several others) on multiple occasions, and Couvillion must now file a Motion to Compel seeking the Court order the White Marlin Defendants respond to discovery as required by law. As the parties have already filed a joint letter to the Court (rec. doc. 44) detailing this discovery dispute, Couvillion will proceed with filing its Motion to Compel and reserves its right to request all available relief under the law.

Best regards,
Daniel Schwank



**Daniel E. Schwank** (he/him)
1100 Poydras Street, Suite 3700
New Orleans, LA 70163
504.599.8247 office
504.599.8137 fax

---

**From:** Jeb Golinkin <jgolinkin@jlcfirm.com>
**Sent:** Wednesday, December 6, 2023 3:22 PM
**To:** Schwank, Daniel <DSchwank@frilot.com>; McShane, Patrick J. <PMcShane@frilot.com>; Denny, Danica <DDenny@frilot.com>; Rice, Katie <krice@frilot.com>
**Cc:** Michael Cancienne <mcancienne@jlcfirm.com>
**Subject:** RE: Couvillion v. WM et. al: Defendants' Discovery Responses

Daniel,

Nice speaking with you yesterday. I am sorry we were not able to make more progress. I am writing to clarify a few things to see if we can make more progress without burdening the Court:

First, I wanted to revisit Couvillion's position with respect to extending the discovery and dispositive motions deadline. The current scheduling order has discovery ending on 1/15/24, and the dispositive motions deadline to follow on 1/22/24. It is already December 6 and the parties have not even started depositions. Given the upcoming holidays, these are not going to happen this month, meaning the parties would have only two weeks to take all of the necessary depositions and resolve all of their remaining discovery issues. Given what remains to be done in discovery, this schedule is not realistic and needs to be amended. Does Couvillion still oppose a motion to extend the discovery

and dispositive motions deadline by 60 days?  We intend to file such a motion, and are hope we can align so it is not a contested motion.

Next, I know I mentioned this on the phone, but it appears that Couvillion continues to fundamentally misunderstand that nature of Defendants' positions with respect to its underlying allegations. Couvillion alleges Defendants committed fraud by entering into a contract that they knew *they could not pay.* But as I explained, Defendants the cost of Couvillion's work was not to be paid by *money sitting in White Marlin's bank account.* Instead, Couvillion was to be paid with funds that were specifically allocated and placed in escrow for the work Couvillion was contracted to perform when Encinal acquired Southcross.

Given this reality, Defendants are more than happy to provide (and have provided) records related to the contents of that escrow account, as well as documents and communications related to their belief about the true cost of the removal work and whether they thought the escrow account could cover those costs. But the contents of the various Defendants bank accounts are simply not relevant. That said, if there is specific, targeted information in which you are interested, we are willing to discuss this if doing so might spare the Court from having to waste its time on a discovery dispute.

Finally, on our call, you argued that Defendants were obligated to "organize and label [our production] to correspond" to specific document requests. As discussed, we produced our documents as they were kept in the ordinary course of business, with their attachments, with metadata, and in searchable format.  This satisfies our obligations under the applicable rules.

Respectfully,

Jeb

--
**Joseph W. Golinkin II**
Trial Attorney | Jordan, Lynch & Cancienne PLLC
(o) 713-955-4019 | (c) 832-250-6567
1980 Post Oak Blvd., Suite 2300 Houston, Texas 77056
www.jlcfirm.com  |  Attorney Biography



---

**From:** Schwank, Daniel <DSchwank@frilot.com>
**Sent:** Tuesday, November 28, 2023 9:51 AM
**To:** Jeb Golinkin <jgolinkin@jlcfirm.com>
**Cc:** Michael Cancienne <mcancienne@jlcfirm.com>; Denny, Danica <DDenny@frilot.com>
**Subject:** RE: Couvillion v. WM et. al: Defendants' Discovery Responses

Hi Jeb,

Yes, that is correct. However, attendance at the conference will not be necessary if the White Marlin Defendants supplement their responses prior to Monday and remedy the issues addressed below.

Best,
Daniel

---

**From:** Jeb Golinkin <jgolinkin@jlcfirm.com>
**Sent:** Monday, November 27, 2023 5:09 PM
**To:** Schwank, Daniel <DSchwank@frilot.com>
**Cc:** Michael Cancienne <mcancienne@jlcfirm.com>; Denny, Danica <DDenny@frilot.com>
**Subject:** RE: Couvillion v. WM et. al: Defendants' Discovery Responses

Daniel,

I just called and missed you. I just want to make sure I'm reading your email correctly: as I understand it, you are wanting to meet and confer with us regarding the objections/other issues addressed in your email on Monday at 10am? If that is correct, this should work provided I do not get called to trial (I do not think I will be).

-Jeb

**Joseph W. Golinkin II**
Trial Attorney | Jordan, Lynch & Cancienne PLLC
(o) 713-955-4019 | (c) 832-250-6567
1980 Post Oak Blvd., Suite 2300 Houston, Texas 77056
www.jlcfirm.com  |   Attorney Biography



---

**From:** Schwank, Daniel <DSchwank@frilot.com>
**Sent:** Monday, November 27, 2023 4:06 PM
**To:** Jeb Golinkin <jgolinkin@jlcfirm.com>
**Cc:** Michael Cancienne <mcancienne@jlcfirm.com>; Denny, Danica <DDenny@frilot.com>
**Subject:** RE: Couvillion v. WM et. al: Defendants' Discovery Responses

Hi Jeb and Michael,

We are in receipt of the White Marlin Defendants' initial responses to discovery, which we note contain no responsive documents. These responses are wholly insufficient and fail to comply with the Federal Rules of Civil Procedure. Couvillion Group propounded the subject Requests for Production and Interrogatories on October 2, 2023, after responding to Requests for Production propounded by White Marlin and producing over 1,700 documents. After receiving the discovery propounded by Couvillion, the White Marlin Defendants objected to responding to this discovery as memorialized in an email from their counsel on October 11, 2023 and October 16, 2023. The White Marlin Defendants objected on the grounds that the information sought by Couvillion was premature, irrelevant, and overly burdensome. In response, Couvillion explained that the information and documents sought were entirely relevant and necessary. The parties then jointly

submitted a letter to the Court (Rec. Doc. 44) detailing the White Marlin Defendants' objections and Couvillion's response. In the joint letter, counsel for the White Marlin Defendants outlined their objections for responding to discovery in the section titled "The White Marlin Defendants' Request for a Protective Order." This section was authored exclusively by counsel for the White Marlin Defendants. Therein, the White Marlin Defendants stated they sought a protective order pursuant to FRCP 26(c) on the grounds that Couvillion's discovery was premature, irrelevant, and overly burdensome; and that the White Marlin Defendants "should not have to produce" the documents and information sought "until the Court rules on the Motion to Dismiss." The White Marlin Defendants stated further that the detailed financial information sought related to White Marlin's relationship with Agua and Talco "will not be relevant if the Court grants its Motion to Dismiss." In pertinent part, the White Marlin Defendants' Request for a Protective Order stated:

*Agua and Talco were not parties to any contract with Couvillion, and these entities contend that Couvillion has not identified any viable basis for its extra contractual claims against them. If the Court agrees, then the White Marlin Defendants will not be parties to this case at all. As such, and given the strength of its arguments, Agua and Talco should not have to produce "financial statements . . . for the past five years"; "all documents which relate to the transfer of assets between White Marlin, Agua, Talco, Torrent, and/or Nigel Solida"; "any and all corporate records evidencing the identity and address of each person or entity that had an ownership interest in" White Marlin, Agua, and Talco for the past five years; tax returns for the past five years; "payroll records for each and every person employed by White Marlin, Agua, and Talco for the past five years" and numerous other documents, nor should they have to "identify by name and title every person employed by White Marlin, Agua, Talco, and Torrent during the past five years and dates of such employment"; and "identify each and every bank account maintained by White Marlin, Agua, Talco, and Torrent for the past five years" until the Court rules on the Motion to Dismiss.8*

*Along the same lines, White Marlin asks the Court to strike RFP Nos. 1-30 and Interrogatory Nos. 1-6 pending resolution of the Motion to Dismiss. These discovery requests seek detailed, burdensome financial information related to White Marlin's relationship with Agua and Talco that will not be relevant if the Court grants its Motion to Dismiss. Given the strength of White Marlin's arguments, it therefore requests that the Court stay these discovery requests until it rules on the pending Motion to Dismiss.*

As detailed in the Joint Letter, Couvillion argued that the White Marlin Defendants' 12(b) Motion to Dismiss would be denied, and that the White Marlin Defendants should be ordered to respond to discovery. Couvillion argued further that the discovery sought was entirely relevant and necessary, as the White Marlin Defendants fraudulently induced Couvillion to perform work while knowing they did not have the resources to timely pay Couvillion.

In response to the Joint Letter, the Court held a discovery hearing on October 25, 2023 during which the White Marlin Defendants' Motion to Dismiss was denied in its entirety. (Rec. Doc. 46) As the Court rejected the White Marlin Defendants' attempt to dismiss Agua and Talco, in addition to various causes of action brought against the White Marlin Defendants, counsel for the White Marlin Defendants suggested that the parties' discovery dispute was now moot. We agreed. The Court's minute entry confirms this and states, "the parties agreed that the discovery dispute is now moot."

(Rec. Doc. 46) Therefore, the White Marlin Defendants agreed in open court that Couvillion was allowed to conduct the discovery referenced in the parties' Joint Letter.

Despite acknowledging in open Court that the discovery sought by Couvillion was relevant and reasonable, the White Marlin Defendants have failed to produce a single document by the November 20, 2023 deadline after receiving two extension of time. While the White Marlin Defendants "anticipate making a production sometime next week" and promise to let Couvillion know "if anything changes on that front," the White Marlin Defendants' failure to timely respond to discovery violates the Federal Rules of Civil Procedure.

In addition, the White Marlin Defendants' written objections to discovery are also improper. While the White Marlin Defendants agreed that the Court's denial of their Motion to Dismiss mooted their objections to RFP Nos. 1 – 30, Defendants objected to each and every one of these Requests on substantially similar grounds. Further, the White Marlin Defendants' responses to 28 of these RFPs do not even suggest a reasonable effort to identify responsive documents was made, stating "Defendants are willing to meet and confer about this Request." Defendants stated they would "perform a reasonable search for and produce documents identified as responsive" in response to only three of the RFPs which they objected to originally. The White Marlin Defendants also failed to produce a single document responsive to RFP Nos. 31 – 65, despite making no objection to the same in their Request for a Protective Order. The White Marlin Defendants' merely suggest they will conduct a "reasonable search" in the future.

The White Marlin Defendant's Answers to Interrogatories are equally improper, as they fail to provide any substantive response whatsoever to 11 of Couvillion's 14 Interrogatories. Despite acknowledging that the Court's denial of Defendants' Motion to Dismiss mooted Defendants' objections to ROG Nos. 1 – 6, the White Marlin Defendants merely recite the same objections made in their Joint Letter. For example, in response to Interrogatory No. 4, the White Marlin Defendants object to Couvillion's request to identify Defendants' financial institutions and bank accounts, stating "Defendants bank has nothing to do with the question of whether Couvillion performed the services for which it seeks to be compensated. Defendant further objects that this discovery request is premature because this information is only relevant in the unlikely event that Plaintiff actually prevails on the merits." In denying the White Marlin Defendants' Motion to Dismiss, the Court ruled that Couvillion has sufficiently plead its allegations of fraud, and that Couvillion can proceed with discovery in this respect. Nonetheless, the White Marlin Defendants reiterate the same objections to discovery which they previously agreed were moot.

Couvillion was forced to bring the instant action as the White Marlin Defendants have repeatedly failed to issue payment for services that were provided in August and September 2021. The White Marlin Defendants' evasive and unsupported responses to discovery prevent Couvillion from obtaining the evidence it needs in support of its claims and which it is entitled to under the law. In light of the Court's ruling at the discovery hearing, the White Marlin Defendants' evasive responses can only be construed as an attempt to cause unnecessary delay, especially in light of the Court's January 15, 2024 discovery deadline. The White Marlin Defendants' responses also evidence a failure to make a diligent and good-faith effort in responding to discovery. It is Couvillion's position that the failure to make a good faith effort in responding to discovery subjects the White Marlin

Defendants, and their counsel, to sanctions as provided in FRCP 26(g). Couvillion reserves the right to seek the same should it be forced to file a Motion to Compel.

In consideration of the foregoing, **we have scheduled a Rule 37(a) conference for Monday, December 4, 2023 at 10:00 a.m.** If counsel for the White Marlin Defendants are unavailable at that time, please let us know so that an alternative and mutually agreeable time can be selected.

Moving forward, please also ensure that Danica Denny (copied herein) is included on all correspondence in this matter. Lastly, please also note that Defendants have failed to timely file an Answer to Couvillion's Complaint and Amended Complaints by the November 9, 2023 deadline. Please file the same as soon as possible.

Best,
Daniel Schwank



**Daniel E. Schwank** (he/him)
1100 Poydras Street, Suite 3700
New Orleans, LA 70163
504.599.8247 office
504.599.8137 fax

---

**From:** Jeb Golinkin <jgolinkin@jlcfirm.com>
**Sent:** Monday, November 20, 2023 10:06 PM
**To:** Schwank, Daniel <DSchwank@frilot.com>
**Cc:** Michael Cancienne <mcancienne@jlcfirm.com>
**Subject:** Couvillion v. WM et. al: Defendants' Discovery Responses

Daniel,

See attached discovery responses.

I anticipate making a production sometime next week. If anything changes on that front, I will let you know.

Thanks,

Jeb

--
**Joseph W. Golinkin II**
Trial Attorney | Jordan, Lynch & Cancienne PLLC
(o) 713-955-4019 | (c) 832-250-6567
1980 Post Oak Blvd., Suite 2300 Houston, Texas 77056

[www.jlcfirm.com](www.jlcfirm.com)  |  Attorney Biography



**Disclaimer**

This communication, including any attachments, may contain confidential attorney-client information or may otherwise be privileged or confidential. It is solely for use by the intended recipient and others authorized to receive it. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation to this information is strictly prohibited and may be unlawful. Please notify the sender immediately by replying to this message, then deleting the e-mail and any attachments from your systems.

**Disclaimer**

This communication, including any attachments, may contain confidential attorney-client information or may otherwise be privileged or confidential. It is solely for use by the intended recipient and others authorized to receive it. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation to this information is strictly prohibited and may be unlawful. Please notify the sender immediately by replying to this message, then deleting the e-mail and any attachments from your systems.