Exhibit B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| COUVILLION GROUP, LLC.,<br><br>             *Plaintiff,*<br><br>   v.<br><br>WHITE MARLIN OPERATING<br>COMPANY LLC; AGUA<br>TRANQUILLO MIDSTREAM<br>LLC; TALCO PETROLEUM<br>LLC; TORRENT OIL, LLC; &<br>NIGEL SOLIDA,<br><br>             *Defendants.* | Civil Action No. 4:22:cv-00908 |

### DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF COUVILLION GROUP, LLC'S FIRST REQUESTS FOR PRODUCTION

TO:   Couvillion Group, LLC, by and through its attorneys of record, Patrick McShante, Danica Denny, Kathleen Rice, and Daniel Schwank, 1100 Poydras Street, Suite 3700, New Orleans LA 70163.

     Pursuant to the Federal Rules of Civil Procedure, Defendants White Marlin Operating Company, LLC, Agua Tranquillo Midstream LLC, and Talco Petroleum, LLC (collectively, "Defendants") serve these objections and responses to Plaintiff's First Requests for Production.

Respectfully submitted,

JORDAN, LYNCH & CANCIENNE PLLC

By: /s/ *Joseph W. Golinkin II*
    Michael Cancienne
    State Bar No. 24055256
    Joseph W. ("Jeb") Golinkin II
    State Bar No. 24087596
    1980 Post Oak Blvd., Ste. 2300
    Houston, Texas 77056
    713.955.4028
    713.955.9644 Facsimile
    mcancienne@jlcfirm.com
    jgolinkin@jlcfirm.com

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I certify that on the 20th day of November, 2023, a true and correct copy of the above and foregoing has been served upon all counsel of record via electronic mail.

*/s/ Jeb Golinkin*
Joseph W. Golinkin II

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All documents and communications referred to or relied on when answering Couvillion's First Set of Interrogatories.

**RESPONSE:** Defendants object to this Request to the extent it calls for the production of privileged documents. Subject to the foregoing, Defendants will perform a reasonable search for and produce documents they identify as responsive to this Request.

### REQUEST FOR PRODUCTION NO. 2:

Any chart depicting the corporate relationship between You, Agua, Talco, and Torrent Oil, LLC ("Torrent") which was generated or maintained in the past five years.

**RESPONSE:** Defendants will perform a reasonable search for and produce any documents it identifies as responsive to this Request, if any.

### REQUEST FOR PRODUCTION NO. 3:

A copy of the following documents for White Marlin, Agua, Talco, and Torrent:

(1) The Articles of Incorporation, and any amendments thereto;
(2) The Bylaws, and any amendments thereto;
(3) The Certificate of Incorporation from the Secretary of State evidencing each entities' corporate existence;
(4) The Notice of Incorporation as it appeared when first published;
(5) Copies of the minutes from all meetings of members during the past five years; and
(6) Copies of the minutes from all meetings of the Board of Directors during the past five years.

**RESPONSE:** Defendants object to this Request because it seeks documents that are not relevant to Couvillion's claims or defenses, and because the request is not proportional to the needs of the case. Defendants further object to this Request because it is overly broad and unduly burdensome, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Defendants are willing to meet and confer about this Request.

**REQUEST FOR PRODUCTION NO. 4:**

A copy of all of White Marlin's financial statements, whether audited or unaudited, and all monthly profit and loss statements, from the past five years.

**RESPONSE:** Defendants object to this Request because it seeks documents that are not relevant to Couvillion's claims or defenses, and because the request is not proportional to the needs of the case. Defendants further object to this Request because it is overly broad and unduly burdensome, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Defendants are willing to meet and confer about this Request.

**REQUEST FOR PRODUCTION NO. 5:**

A copy of all of Agua's financial statements, whether audited or unaudited, and all monthly profit and loss statements, from the past five years.

**RESPONSE:** Defendants object to this Request because it seeks documents that are not relevant to Couvillion's claims or defenses, and because the request is not proportional to the needs of the case. Defendants further object to this Request because it is overly broad and unduly burdensome, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Defendants are willing to meet and confer about this Request.

**REQUEST FOR PRODUCTION NO. 6:**

A copy of all of Talco's financial statements, whether audited or unaudited, and all monthly profit and loss statements, from the past five years.

**RESPONSE:** Defendants object to this Request because it seeks documents that are not relevant to Couvillion's claims or defenses, and because the request is not proportional to the needs of the case. Defendants further object to this Request because it is overly broad and unduly burdensome, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Defendants are willing to meet and confer about this Request.

**REQUEST FOR PRODUCTION NO. 7:**

A copy of all of Torrent's financial statements, whether audited or unaudited, and all monthly profit and loss statements, from the past five years.

**RESPONSE:** Defendants object to this Request because it seeks documents that are not relevant to Couvillion's claims or defenses, and because the request is not proportional to the needs of the case. Defendants further object to this Request

because it is overly broad and unduly burdensome, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Defendants are willing to meet and confer about this Request.

**REQUEST FOR PRODUCTION NO. 8:**

For each bank account maintained by White Marlin, a copy of the monthly statement for the period beginning on January 1, 2019 until the present day, including the specific transaction number, date, amount of transaction, and transaction description for any transfer of funds between a bank account maintained by White Marlin, Agua, Talco, Torrent, and Nigel Solida.

**RESPONSE:** Defendants object to this Request because it seeks documents that are not relevant to Couvillion's claims or defenses, and because the request is not proportional to the needs of the case. Defendants further object to this Request because it is overly broad and unduly burdensome, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Defendants are willing to meet and confer about this Request.

**REQUEST FOR PRODUCTION NO. 9:**

A copy of all documents which relate to any transfer of assets between White Marlin and Agua, Talco, Torrent, and/or Nigel Solida, between January 1, 2019 and the present day.

**RESPONSE:** Defendants object to this Request because it seeks documents that are not relevant to Couvillion's claims or defenses, and because the request is not proportional to the needs of the case. Defendants further object to this Request because it is overly broad and unduly burdensome, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Defendants are willing to meet and confer about this Request.

**REQUEST FOR PRODUCTION NO. 10:**

A copy of any and all corporate records or ledgers evidencing the identity and address of each person or entity that has or had an ownership interest in White Marlin during the past five years.

**RESPONSE:** Defendants object to this Request because it seeks documents that are not relevant to Couvillion's claims or defenses, and because the request is not proportional to the needs of the case. Defendants further object to this Request because it is overly broad and unduly burdensome, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Defendants are willing to meet and confer about this Request.

**REQUEST FOR PRODUCTION NO. 11:**

A copy of any and all corporate records or ledgers evidencing the identity and address of each person or entity that has or had an ownership interest in Agua during the past five years.

**RESPONSE:** Defendants object to this Request because it seeks documents that are not relevant to Couvillion's claims or defenses, and because the request is not proportional to the needs of the case. Defendants further object to this Request because it is overly broad and unduly burdensome, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Defendants are willing to meet and confer about this Request.

**REQUEST FOR PRODUCTION NO. 12:**

A copy of any and all corporate records or ledgers evidencing the identity and address of each person or entity that has or had an ownership interest in Talco during the past five years.

**RESPONSE:** Defendants object to this Request because it seeks documents that are not relevant to Couvillion's claims or defenses, and because the request is not proportional to the needs of the case. Defendants further object to this Request because it is overly broad and unduly burdensome, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Defendants are willing to meet and confer about this Request.

**REQUEST FOR PRODUCTION NO. 13:**

A copy of any and all corporate records or ledgers evidencing the identity and address of each person or entity that has or had an ownership interest in Torrent during the past five years.

**RESPONSE:** Defendants object to this Request because it seeks documents that are not relevant to Couvillion's claims or defenses, and because the request is not proportional to the needs of the case. Defendants further object to this Request because it is overly broad and unduly burdensome, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Defendants are willing to meet and confer about this Request.

**REQUEST FOR PRODUCTION NO. 14:**

Copies of the federal tax return, and any state tax returns, for White Marlin, including all schedules and attachments, for the past five years.

**RESPONSE:** Defendants object to this Request because it seeks documents that are not relevant to Couvillion's claims or defenses, and because the request is not proportional to the needs of the case. Defendants further object to this Request because it is overly broad and unduly burdensome, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Defendants are willing to meet and confer about this Request.

## REQUEST FOR PRODUCTION NO. 15:

Copies of the federal tax return, and any state tax returns, for Agua, including all schedules and attachments, for the past five years.

**RESPONSE:** Defendants object to this Request because it seeks documents that are not relevant to Couvillion's claims or defenses, and because the request is not proportional to the needs of the case. Defendants further object to this Request because it is overly broad and unduly burdensome, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Defendants are willing to meet and confer about this Request.

## REQUEST FOR PRODUCTION NO. 16:

Copies of the federal tax return, and any state tax returns, for Talco, including all schedules and attachments, for the past five years.

**RESPONSE:** Defendants object to this Request because it seeks documents that are not relevant to Couvillion's claims or defenses, and because the request is not proportional to the needs of the case. Defendants further object to this Request because it is overly broad and unduly burdensome, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Defendants are willing to meet and confer about this Request.

## REQUEST FOR PRODUCTION NO. 17:

Copies of the federal tax return, and any state tax returns, for Torrent, including all schedules and attachments, for the past five years.

**RESPONSE:** Defendants object to this Request because it seeks documents that are not relevant to Couvillion's claims or defenses, and because the request is not proportional to the needs of the case. Defendants further object to this Request because it is overly broad and unduly burdensome, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Defendants are willing to meet and confer about this Request.

**REQUEST FOR PRODUCTION NO. 18:**

All payroll records for each and every person employed by White Marlin during the past five years.

**RESPONSE:** Defendants object to this Request because it seeks documents that are not relevant to Couvillion's claims or defenses, and because the request is not proportional to the needs of the case. Defendants further object to this Request because it is overly broad and unduly burdensome, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Defendants are willing to meet and confer about this Request.

**REQUEST FOR PRODUCTION NO. 19:**

All payroll records for each and every person employed by Agua during the past five years.

**RESPONSE:** Defendants object to this Request because it seeks documents that are not relevant to Couvillion's claims or defenses, and because the request is not proportional to the needs of the case. Defendants further object to this Request because it is overly broad and unduly burdensome, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Defendants are willing to meet and confer about this Request.

**REQUEST FOR PRODUCTION NO. 20:**

All payroll records for each and every person employed by Talco during the past five years.

**RESPONSE:** Defendants object to this Request because it seeks documents that are not relevant to Couvillion's claims or defenses, and because the request is not proportional to the needs of the case. Defendants further object to this Request because it is overly broad and unduly burdensome, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Defendants are willing to meet and confer about this Request.

**REQUEST FOR PRODUCTION NO. 21:**

All payroll records for each and every person employed by Torrent during the past five years.

**RESPONSE:** Defendants object to this Request because it seeks documents that are not relevant to Couvillion's claims or defenses, and because the request is not proportional to the needs of the case. Defendants further object to this Request

because it is overly broad and unduly burdensome, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Defendants are willing to meet and confer about this Request.

**REQUEST FOR PRODUCTION NO. 22:**

Any job description or document(s) evidencing the responsibilities and duties of any person employed by White Marlin during the past five years.

**RESPONSE:** Defendants object to this Request because it seeks documents that are not relevant to Couvillion's claims or defenses, and because the request is not proportional to the needs of the case. Defendants further object to this Request because it is overly broad and unduly burdensome, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Defendants are willing to meet and confer about this Request.

**REQUEST FOR PRODUCTION NO. 23:**

Any job description or document evidencing the responsibilities and duties of any person employed by Agua during the past five years.

**RESPONSE:** Defendants object to this Request because it seeks documents that are not relevant to Couvillion's claims or defenses, and because the request is not proportional to the needs of the case. Defendants further object to this Request because it is overly broad and unduly burdensome, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Defendants are willing to meet and confer about this Request.

**REQUEST FOR PRODUCTION NO. 24:**

Any job description or document evidencing the responsibilities and duties of any person employed by Talco during the past five years.

**RESPONSE:** Defendants object to this Request because it seeks documents that are not relevant to Couvillion's claims or defenses, and because the request is not proportional to the needs of the case. Defendants further object to this Request because it is overly broad and unduly burdensome, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Defendants are willing to meet and confer about this Request.

**REQUEST FOR PRODUCTION NO. 25:**

Any job description or document evidencing the responsibilities and duties of any person employed by Torrent during the past five years.

**RESPONSE:** Defendants object to this Request because it seeks documents that are not relevant to Couvillion's claims or defenses, and because the request is not proportional to the needs of the case. Defendants further object to this Request because it is overly broad and unduly burdensome, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Defendants are willing to meet and confer about this Request.

**REQUEST FOR PRODUCTION NO. 26:**

Any and all contracts, agreements, promissory notes, applications, loan documents, proposals, or bid documents which were executed by Richard Watson on behalf of Agua or Torrent during the past five years.

**RESPONSE:** Defendants object to this Request because it seeks documents that are not relevant to Couvillion's claims or defenses, and because the request is not proportional to the needs of the case. Defendants further object to this Request because it is overly broad and unduly burdensome, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Defendants are willing to meet and confer about this Request.

**REQUEST FOR PRODUCTION NO. 27:**

Copies of all documents evidencing loans provided by White Marlin to Agua, Talco, Torrent, and/or Nigel Solida during the past five years.

**RESPONSE:** Defendants object to this Request because it seeks documents that are not relevant to Couvillion's claims or defenses, and because the request is not proportional to the needs of the case. Defendants further object to this Request because it is overly broad and unduly burdensome, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Defendants are willing to meet and confer about this Request.

**REQUEST FOR PRODUCTION NO. 28:**

Copies of all documents evidencing loans from Agua, Talco, Torrent, and/or Nigel Solida to White Marlin during the past five years.

**RESPONSE:** Defendants object to this Request because it seeks documents that are not relevant to Couvillion's claims or defenses, and because the request is not

proportional to the needs of the case. Defendants further object to this Request because it is overly broad and unduly burdensome, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Defendants are willing to meet and confer about this Request.

**REQUEST FOR PRODUCTION NO. 29:**

All documents evidencing or describing any security or other collateral provided by Agua, Talco, or Torrent for White Marlin's benefit to secure any loan issued to White Marlin during the past five years.

**RESPONSE:** Defendants object to this Request because it seeks documents that are not relevant to Couvillion's claims or defenses, and because the request is not proportional to the needs of the case. Defendants further object to this Request because it is overly broad and unduly burdensome, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Defendants are willing to meet and confer about this Request.

**REQUEST FOR PRODUCTION NO. 30:**

Copies of any agreements, contracts, leases, or acts of sale concerning property which White Marlin, Agua, Talco, or Torrent have utilized as office space during the past five years.

**RESPONSE:** Defendants object to this Request because it is overly broad and unduly burdensome, and because it fails to identify the documents it seeks with reasonable particularity. Defendants also object to this Request insofar as it seeks the production of privileged information.

Defendants will perform a reasonable search for and produce documents identified as responsive to this Request.

**REQUEST FOR PRODUCTION NO. 31:**

Copies of any agreements, contracts, or written instruments (including any amendments) executed between White Marlin and Agua, Talco, or Torrent which pertain, refer, or relate to the work performed by Couvillion as referenced in the Complaint and/or relate to the 12" A11 pipeline located in the Corpus Christi Ship Channel.

**RESPONSE:** Defendants object to this Request because it is overly broad and unduly burdensome, and because it fails to identify the documents it seeks with reasonable particularity. Defendants also object to this Request insofar as it seeks the production of privileged information.

Defendants will perform a reasonable search for and produce documents identified as responsive to this Request.

**REQUEST FOR PRODUCTION NO. 32:**
Copies of any agreements, contracts, or written instruments (including any amendments) executed between White Marlin, Agua, Talco, or Torrent and TTL, Inc. which pertain, refer, or relate to the work performed by Couvillion as referenced in the Complaint and/or relate to the 12" A11 pipeline located in the Corpus Christi Ship Channel.

**RESPONSE:** Defendants object to this Request because it is overly broad and unduly burdensome, and because it fails to identify the documents it seeks with reasonable particularity. Defendants also object to this Request insofar as it seeks the production of privileged information.

Defendants will perform a reasonable search for and produce documents identified as responsive to this Request.

**REQUEST FOR PRODUCTION NO. 33:**

Copies of any agreements, contracts, or written instruments (including any amendments) executed between White Marlin, Agua, Talco, or Torrent and T. Baker Smith which pertain, refer, or relate to the work performed by Couvillion as referenced in the Complaint and/or relate to the 12" A11 pipeline located in the Corpus Christi Ship Channel.

**RESPONSE:** Defendants will perform a reasonable search for and produce documents they identify as responsive to this Request.

**REQUEST FOR PRODUCTION NO. 34:**

Copies of any agreements, contracts, or written instruments (including any amendments) executed between White Marlin, Agua, Talco, or Torrent and Eagle Energy Services or Eagle LLC which pertain, refer, or relate to the work performed by Couvillion as referenced in the Complaint and/or relate to the 12" A11 pipeline located in the Corpus Christi Ship Channel.

**RESPONSE:** Defendants will perform a reasonable search for and produce documents they identify as responsive to this Request.

**REQUEST FOR PRODUCTION NO. 35:**

Copies of any agreements, contracts, or written instruments (including any amendments) executed between White Marlin, Agua, Talco, or Torrent and Axis Pipeline Construction, LLC or Axis Subsea Construction Group which pertain, refer, or relate to the work performed by Couvillion as referenced in the Complaint and/or relate to the 12" A11 pipeline located in the Corpus Christi Ship Channel.

**RESPONSE:** Defendants will perform a reasonable search for and produce documents they identify as responsive to this Request.

### REQUEST FOR PRODUCTION NO. 36:

Copies of any agreements, contracts, or written instruments (including any amendments) executed between White Marlin, Agua, Talco, or Torrent and Southcross Energy LP LLC which pertain, refer, or relate to the work performed by Couvillion as referenced in the Complaint and/or relate to the 12" A11 pipeline located in the Corpus Christi Ship Channel.

**RESPONSE:** Defendants will perform a reasonable search for and produce documents they identify as responsive to this Request.

### REQUEST FOR PRODUCTION NO. 37:

Copies of any agreements, contracts, or written instruments (including any amendments) executed between White Marlin, Agua, Talco, or Torrent and Encinal Midstream, LLC which pertain, refer, or relate to the work performed by Couvillion as referenced in the Complaint and/or relate to the 12" A11 pipeline located in the Corpus Christi Ship Channel.

**RESPONSE:** Defendants will perform a reasonable search for and produce documents they identify as responsive to this Request.

### REQUEST FOR PRODUCTION NO. 38:

Copies of any and all documents, communications, emails, text messages, and letters sent or received by White Marlin, its employee(s), representative(s), and/or subcontractor(s) which pertain, refer, or relate to the work performed by Couvillion as referenced in the Complaint and/or relate to the 12" A11 pipeline located in the Corpus Christi Ship Channel.

**RESPONSE:** Defendants object to this Request because it is overly broad and unduly burdensome, and because it fails to identify the documents it seeks with reasonable particularity. Defendants also object to this Request insofar as it seeks the production of privileged information.

Defendants will perform a reasonable search for and produce documents identified as responsive to this Request.

**REQUEST FOR PRODUCTION NO. 39:**

Copies of any and all documents, communications, emails, text messages, and letters sent or received by Agua, its employee(s), its representative(s), and/or its subcontractor(s) which pertain, refer, or relate to the work performed by Couvillion as referenced in the Complaint and/or related to the 12" A11 pipeline located in the Corpus Christi Ship Channel.

**RESPONSE:** Defendants object to this Request because it is overly broad and unduly burdensome, and because it fails to identify the documents it seeks with reasonable particularity. Defendants also object to this Request insofar as it seeks the production of privileged information.

Defendants will perform a reasonable search for and produce documents identified as responsive to this Request.

**REQUEST FOR PRODUCTION NO. 40:**

Copies of any and all documents, communications, emails, text messages, and letters sent or received by Talco, its employee(s), its representative(s), and/or its subcontractor(s) which pertain, refer, or relate to the work performed by Couvillion as referenced in the Complaint and/or related to the 12" A11 pipeline located in the Corpus Christi Ship Channel.

**RESPONSE:** Defendants object to this Request because it is overly broad and unduly burdensome, and because it fails to identify the documents it seeks with reasonable particularity. Defendants also object to this Request insofar as it seeks the production of privileged information.

Defendants will perform a reasonable search for and produce documents identified as responsive to this Request.

**REQUEST FOR PRODUCTION NO. 41:**

Copies of any and all documents, communications, emails, text messages, and letters sent or received by Torrent, its employee(s), its representative(s), and/or its subcontractor(s) which pertain, refer, or relate to the work performed by Couvillion as referenced in the Complaint and/or related to the 12" A11 pipeline located in the Corpus Christi Ship Channel.

**RESPONSE:** Defendants object to this Request because it is overly broad and unduly burdensome, and because it fails to identify the documents it seeks with reasonable particularity. Defendants also object to this Request insofar as it seeks the production of privileged information.

Defendants will perform a reasonable search for and produce documents identified as responsive to this Request.

**REQUEST FOR PRODUCTION NO. 42:**

Any and all letters, correspondence, text messages, e-mails, facsimiles, documents, memoranda, or reports prepared, authored, or sent by You to any person or entity which pertain, refer, or relate to Couvillion's Invoice No.204144 or Invoice No. 204255.

**RESPONSE:** Defendants will perform a reasonable search for and produce documents they identify as responsive to this Request.

**REQUEST FOR PRODUCTION NO. 43:**

Any and all invoices submitted by Couvillion to White Marlin for work performed pursuant to the Day Rate Proposal (Rec. Doc. 11-1), Master Service Agreement (Rec. Doc. 11-2), and/or any oral agreement between Couvillion and White Marlin for to work performed by Couvillion at White Marlin's request between January 1, 2021 and the present day.

**RESPONSE:** Defendants will perform a reasonable search for and produce documents they identify as responsive to this Request.

**REQUEST FOR PRODUCTION NO. 44:**

Any and all documents which White Marlin alleges support any claim that White Marlin paid Couvillion for the amount(s) owed under the Day Rate Proposal or Master Service Agreement.

**RESPONSE:** Defendants will perform a reasonable search for and produce documents they identify as responsive to this Request.

**REQUEST FOR PRODUCTION NO. 45:**

Any and all documents, communications, e-mails, text messages, facsimiles, or reports allegedly sent to Couvillion by White Marlin, Agua, Talco, and/or Torrent disputing the amounts invoiced.

**RESPONSE:** Defendants will perform a reasonable search for and produce documents they identify as responsive to this Request.

**REQUEST FOR PRODUCTION NO. 46:**

Any and all documents, communications, e-mails, text messages, facsimiles, or reports which support White Marlin's contention that "White Marlin solicited bids from eleven contractors" for the removal of the A11 pipeline.

**RESPONSE:** Defendants will perform a reasonable search for and produce documents they identify as responsive to this Request.

**REQUEST FOR PRODUCTION NO. 47:**

Please produce all documents, communications, e-mails, text messages, facsimiles, or reports which support White Marlin's contention that "Couvillion egregiously breached its obligations under both the Day Rate Proposal and the MSA…"

**RESPONSE:** Defendants will perform a reasonable search for and produce documents they identify as responsive to this Request.

**REQUEST FOR PRODUCTION NO. 48:**

Please produce the contract between Aqua and White Marlin referenced in Paragraph 13 of White Marlin's Counterclaims.

**RESPONSE:** Defendants will perform a reasonable search for and produce documents they identify as responsive to this Request.

**REQUEST FOR PRODUCTION NO. 49:**

Any and all documents, communications, e-mails, text messages, facsimiles, or reports which support White Marlin's contention that "the change in conditions was not the driving force behind Couvillion's complete failure to satisfy its obligations."

**RESPONSE:** Defendants object to this Request because it is overly broad, and because it fails to identify the documents it seeks with reasonable particularity.

Defendants will perform a reasonable search for and produce documents identified as responsive to this Request.

**REQUEST FOR PRODUCTION NO. 50:**

Any and all documents, communications, e-mails, text messages, facsimiles, or reports which support White Marlin's contention that "Couvillion did not timely perform under the Contracts because of gross incompetence."

**RESPONSE:** Defendants object to this Request because it is overly broad, and because it fails to identify the documents it seeks with reasonable particularity.

Defendants will perform a reasonable search for and produce documents identified as responsive to this Request.

**REQUEST FOR PRODUCTION NO. 51:**

Any and all documents, communications, e-mails, text messages, facsimiles, or reports which support White Marlin's contention that "Couvillion could not even find the pipe it was supposed to remove, nor did it furnish the equipment it needed…to timely perform under the Contract."

**RESPONSE:** Defendants object to this Request because it is overly broad, and because it fails to identify the documents it seeks with reasonable particularity.

Defendants will perform a reasonable search for and produce documents identified as responsive to this Request.

**REQUEST FOR PRODUCTION NO. 52:**

Any and all documents, communications, e-mails, text messages, facsimiles, or reports which support White Marlin's contention that "Couvillion repeatedly assured White Marlin that White Marlin would not be charged for overages caused by Couvillion's own failures to comply with the Contracts."

**RESPONSE:** Defendants object to this Request because it is overly broad, and because it fails to identify the documents it seeks with reasonable particularity.

Defendants will perform a reasonable search for and produce documents identified as responsive to this Request.

**REQUEST FOR PRODUCTION NO. 53:**

Any and all documents, communications, e-mails, text messages, facsimiles, or reports which support White Marlin's contention that "[w]hen Couvillion management learned that its project manager had made these representations to

White Marlin, however, Couvillion removed him from the job, and replaced him with a new project manager who reversed course."

**RESPONSE:** Defendants object to this Request because it is overly broad, and because it fails to identify the documents it seeks with reasonable particularity.

Defendants will perform a reasonable search for and produce documents identified as responsive to this Request.

## REQUEST FOR PRODUCTION NO. 54:

Any and all documents, communications, e-mails, text messages, facsimiles, or reports which support White Marlin's contention that "White Marlin fired Couvillion on September 24, 2021."

**RESPONSE:** Defendants object to this Request because it is overly broad, and because it fails to identify the documents it seeks with reasonable particularity.

Defendants will perform a reasonable search for and produce documents identified as responsive to this Request.

## REQUEST FOR PRODUCTION NO. 55:

Any and all documents, communications, e-mails, text messages, facsimiles, or reports which support White Marlin's contention that "[a]s a result of Couvillion's Breaches of Contract, White Marlin had to retain and pay another company to complete Couvillion's scope of work."

**RESPONSE:** Defendants object to this Request because it is overly broad, and because it fails to identify the documents it seeks with reasonable particularity.

Defendants will perform a reasonable search for and produce documents identified as responsive to this Request.

## REQUEST FOR PRODUCTION NO. 56:

Any and all documents, communications, e-mails, text messages, facsimiles, or reports which support White Marlin's contention that "the 'work' Couvillion performed in connection with the Contracts…was worth, at most, $341,612."

**RESPONSE:** Defendants object to this Request because it is overly broad, and because it fails to identify the documents it seeks with reasonable particularity.

Defendants will perform a reasonable search for and produce documents identified as responsive to this Request.

### REQUEST FOR PRODUCTION NO. 57:

Any and all plans, schematics, and surveys, including but not limited to pipeline clearance surveys, of the A11 pipeline in White Marlin's possession, or in the possession of Agua, Talco, or Torrent, between 2019 and the present day.

**RESPONSE:** Defendants object to this Request because it is overly broad, and because it fails to identify the documents it seeks with reasonable particularity.

Defendants will perform a reasonable search for and produce documents identified as responsive to this Request.

### REQUEST FOR PRODUCTION NO. 58:

Any and all documents, communications, e-mails, text messages, facsimiles, or reports which pertain, relate, or mention any surveys, including but not limited to pipeline clearance surveys, of the A11 pipeline in White Marlin's possession, or in the possession of Agua, Talco, or Torrent between 2019 and the present day.

**RESPONSE:** Defendants object to this Request because it is overly broad, and because it fails to identify the documents it seeks with reasonable particularity.

Defendants will perform a reasonable search for and produce documents identified as responsive to this Request.

### REQUEST FOR PRODUCTION NO. 59:

Copies of any and all communications, emails, text messages, letters, facsimiles, reports, or invoices exchanged between White Marlin, Agua, Talco, or Torrent and the entity or entities which White Marlin alleges it was forced to retain "to complete Couvillion's scope of work." See Paragraph 30 of White Marlin's Counterclaim.

**RESPONSE:** Defendants object to this Request because it is overly broad, and because it fails to identify the documents it seeks with reasonable particularity.

Defendants will perform a reasonable search for and produce documents identified as responsive to this Request.

**REQUEST FOR PRODUCTION NO. 60:**

Any and all non-privileged documents, communications, memorandum, e-mails, text messages, facsimiles, or reports which pertain, relate, or mention White Marlin's decision to "fire[]" Couvillion on September 25, 2021.

**RESPONSE:** Defendants object to this Request because it is overly broad, and because it fails to identify the documents it seeks with reasonable particularity.

Defendants will perform a reasonable search for and produce documents identified as responsive to this Request.

**REQUEST FOR PRODUCTION NO. 61:**

Any and all documents, communications, memorandum, e-mails, text messages, facsimiles, or reports in White Marlin's possession, or the possession of Agua, Talco, or Torrent, which pertain, relate, or mention delays in the removal of the A11 pipeline due to COVID 19.

**RESPONSE:** Defendants object to this Request because it is overly broad, and because it fails to identify the documents it seeks with reasonable particularity.

Defendants will perform a reasonable search for and produce documents identified as responsive to this Request.

**REQUEST FOR PRODUCTION NO. 62:**

Any and all documents, communications, memorandum, e-mails, text messages, facsimiles, or reports in White Marlin's possession, or the possession of Agua, Talco, or Torrent, which pertain, relate, or mention delays in the removal of the A11 pipeline due to vessel traffic in the Corpus Christi Intercoastal Waterway.

**RESPONSE:** Defendants object to this Request because it is overly broad, and because it fails to identify the documents it seeks with reasonable particularity.

Defendants will perform a reasonable search for and produce documents identified as responsive to this Request.

**REQUEST FOR PRODUCTION NO. 63:**

Any and all documents, communications, memorandum, e-mails, text messages, facsimiles, or reports in White Marlin's possession, or the possession of Agua, Talco, or Torrent, which pertain, relate, mention, or provide an estimate for the number of days it would take to remove the A11 pipeline.

**RESPONSE:** Defendants object to this Request because it is overly broad, and because it fails to identify the documents it seeks with reasonable particularity.

Defendants will perform a reasonable search for and produce documents identified as responsive to this Request.

**REQUEST FOR PRODUCTION NO. 64:**

Any and all financial documents, including bank statements, in White Marlin's possession or the possession of Agua, Talco, or Torrent, related to the purchase and return of a clamp obtained from PetroQuip for work performed on the A11 pipeline.

**RESPONSE:** Defendants object to this Request because it is overly broad, and because it fails to identify the documents it seeks with reasonable particularity.

Defendants will perform a reasonable search for and produce documents identified as responsive to this Request.

**REQUEST FOR PRODUCTION NO. 65:**

Any and all documents, communications, memorandum, e-mails, text messages, facsimiles, or reports in White Marlin's possession, or the possession of Agua, Talco, or Torrent, which pertain, relate, mention the return of the clamp obtained from PetroQuip, and/or the reimbursement of money for the clamp to White Marlin, Agua, Talco, or Torrent.

**RESPONSE:** Defendants object to this Request because it is overly broad, and because it fails to identify the documents it seeks with reasonable particularity. Defendants further object to this Request insofar as it seeks the production of privileged information.

Defendants will perform a reasonable search for and produce documents identified as responsive to this Request.

**REQUEST FOR PRODUCTION NO. 66:**

Any written or recorded statement(s) in White Marlin's possession, or the possession of Agua, Talco, or Torrent, regarding any work performed by Couvillion on the A11 pipeline.

**RESPONSE:** None.

Respectfully submitted,

JORDAN, LYNCH & CANCIENNE PLLC

By: /s/ *Joseph W. Golinkin II*
    Michael Cancienne
    State Bar No. 24055256
    Joseph W. ("Jeb") Golinkin II
    State Bar No. 24087596
    1980 Post Oak Blvd., Ste. 2300
    Houston, Texas 77056
    713.955.4028
    713.955.9644 Facsimile
    mcancienne@jlcfirm.com
    jgolinkin@jlcfirm.com

**ATTORNEYS FOR DEFENDANTS**

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on the 20th day of November, 2023, a true and correct copy of the above and foregoing has been served upon all counsel of record via electronic mail.

/s/ *Jeb Golinkin*
Joseph W. Golinkin II

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| COUVILLION GROUP, LLC., | |
| *Plaintiff,* | |
| v. | |
| WHITE MARLIN OPERATING COMPANY LLC; AGUA TRANQUILLO MIDSTREAM LLC; TALCO PETROLEUM LLC; TORRENT OIL, LLC; & NIGEL SOLIDA, | Civil Action No. 4:22:cv-00908 |
| *Defendants.* | |

### DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF COUVILLION GROUP, LLC'S SECOND REQUESTS FOR PRODUCTION

TO:    Couvillion Group, LLC, by and through its attorneys of record, Patrick McShante, Danica Denny, Kathleen Rice, and Daniel Schwank, 1100 Poydras Street, Suite 3700, New Orleans LA 70163.

Pursuant to the Federal Rules of Civil Procedure, Defendants White Marlin Operating Company, LLC, Agua Tranquillo Midstream LLC, and Talco Petroleum, LLC (collectively, "Defendants") serve these objections and responses to Plaintiff's Second Requests for Production.

Respectfully submitted,

JORDAN, LYNCH & CANCIENNE PLLC

By: /s/ *Joseph W. Golinkin II*
    Michael Cancienne
    State Bar No. 24055256
    Joseph W. ("Jeb") Golinkin II
    State Bar No. 24087596
    1980 Post Oak Blvd., Ste. 2300
    Houston, Texas 77056
    713.955.4028
    713.955.9644 Facsimile
    mcancienne@jlcfirm.com
    jgolinkin@jlcfirm.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that on the 22nd day of January, 2024, a true and correct copy of the above and foregoing has been served upon all counsel of record via electronic mail.

/s/ *Jeb Golinkin*
Joseph W. Golinkin II

2

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 67:

A copy of White Marlin's general ledger from the past five years and year to date.

**RESPONSE:** Defendants object to this Request because it seeks documents that are not relevant to Couvillion's claims or defenses, and because the request is not proportional to the needs of the case. Defendants further object to this Request because it is overly broad and unduly burdensome, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Defendants are willing to meet and confer about this Request.

### REQUEST FOR PRODUCTION NO. 68:

A copy of Agua's general ledger from the past five years and year to date.

**RESPONSE:** Defendants object to this Request because it seeks documents that are not relevant to Couvillion's claims or defenses, and because the request is not proportional to the needs of the case. Defendants further object to this Request because it is overly broad and unduly burdensome, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Defendants are willing to meet and confer about this Request.

### REQUEST FOR PRODUCTION NO. 69:

A copy of Talco's general ledger from the past five years and year to date.

**RESPONSE:** Defendants object to this Request because it seeks documents that are not relevant to Couvillion's claims or defenses, and because the request is not proportional to the needs of the case. Defendants further object to this Request because it is overly broad and unduly burdensome, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Defendants are willing to meet and confer about this Request.

**REQUEST FOR PRODUCTION NO. 70:**

A copy of Torrent Oil, LLC's general ledger from the past five years and year to date.

**RESPONSE:** Defendants object to this Request because it seeks documents that are not relevant to Couvillion's claims or defenses, and because the request is not proportional to the needs of the case. Defendants further object to this Request because it is overly broad and unduly burdensome, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Defendants are willing to meet and confer about this Request.

**REQUEST FOR PRODUCTION NO. 71:**

A copy of White Marlin's accounts receivable and accounts payable subsidiary ledgers from the past five years and year to date.

**RESPONSE:** Defendants object to this Request because it seeks documents that are not relevant to Couvillion's claims or defenses, and because the request is not proportional to the needs of the case. Defendants further object to this Request because it is overly broad and unduly burdensome, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Defendants are willing to meet and confer about this Request.

**REQUEST FOR PRODUCTION NO. 72:**

A copy of Agua's accounts receivable and accounts payable subsidiary ledgers from the past five years and year to date.

**RESPONSE:** Defendants object to this Request because it seeks documents that are not relevant to Couvillion's claims or defenses, and because the request is not proportional to the needs of the case. Defendants further object to this Request because it is overly broad and unduly burdensome, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Defendants are willing to meet and confer about this Request.

**REQUEST FOR PRODUCTION NO. 73:**

A copy of Talco's accounts receivable and accounts payable subsidiary ledgers from the past five years and year to date.

**RESPONSE:** Defendants object to this Request because it seeks documents that are not relevant to Couvillion's claims or defenses, and because the request is not proportional to the needs of the case. Defendants further object to this Request because it is overly broad and unduly burdensome, and because it is not reasonably

calculated to lead to the discovery of admissible evidence. Defendants are willing to meet and confer about this Request.

**REQUEST FOR PRODUCTION NO. 74:**

A copy of Torrent Oil, LLC's accounts receivable and accounts payable subsidiary ledgers from the past five years and year to date.

**RESPONSE:** Defendants object to this Request because it seeks documents that are not relevant to Couvillion's claims or defenses, and because the request is not proportional to the needs of the case. Defendants further object to this Request because it is overly broad and unduly burdensome, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Defendants are willing to meet and confer about this Request.

**REQUEST FOR PRODUCTION NO. 75:**

A copy of White Marlin's payroll journal/ledger from the past five years.

**RESPONSE:** Defendants object to this Request because it seeks documents that are not relevant to Couvillion's claims or defenses, and because the request is not proportional to the needs of the case. Defendants further object to this Request because it is overly broad and unduly burdensome, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Defendants are willing to meet and confer about this Request.

**REQUEST FOR PRODUCTION NO. 76:**

A copy of Agua's payroll journal/ledger from the past five years.

**RESPONSE:** Defendants object to this Request because it seeks documents that are not relevant to Couvillion's claims or defenses, and because the request is not proportional to the needs of the case. Defendants further object to this Request because it is overly broad and unduly burdensome, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Defendants are willing to meet and confer about this Request.

**REQUEST FOR PRODUCTION NO. 77:**

A copy of Talco's payroll journal/ledger from the past five years.

**RESPONSE:** Defendants object to this Request because it seeks documents that are not relevant to Couvillion's claims or defenses, and because the request is not proportional to the needs of the case. Defendants further object to this Request

because it is overly broad and unduly burdensome, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Defendants are willing to meet and confer about this Request.

## REQUEST FOR PRODUCTION NO. 78:

A copy of Torrent Oil, LLC's payroll journal/ledger from the past five years.

**RESPONSE:** Defendants object to this Request because it seeks documents that are not relevant to Couvillion's claims or defenses, and because the request is not proportional to the needs of the case. Defendants further object to this Request because it is overly broad and unduly burdensome, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Defendants are willing to meet and confer about this Request.

## REQUEST FOR PRODUCTION NO. 79:

A copy of any Internal Revenue Service notices received by White Marlin for the past five years.

**RESPONSE:** Defendants object to this Request because it seeks documents that are not relevant to Couvillion's claims or defenses, and because the request is not proportional to the needs of the case. Defendants further object to this request because it fails to identify the documents it seeks with reasonable particularity. Subject to the foregoing, Defendants will perform a reasonable search for and produce documents identified as responsive to this Request.

## REQUEST FOR PRODUCTION NO. 80:

A copy of any Internal Revenue Service notices received by Agua for the past five years.

**RESPONSE:** Defendants object to this Request because it seeks documents that are not relevant to Couvillion's claims or defenses, and because the request is not proportional to the needs of the case. Defendants further object to this request because it fails to identify the documents it seeks with reasonable particularity. Subject to the foregoing, Defendants will perform a reasonable search for and produce documents identified as responsive to this Request.

## REQUEST FOR PRODUCTION NO. 81:

A copy of any Internal Revenue Service notices received by Talco for the past five years.

**RESPONSE:** Defendants object to this Request because it seeks documents that are not relevant to Couvillion's claims or defenses, and because the request is not proportional to the needs of the case. Defendants further object to this request because it fails to identify the documents it seeks with reasonable particularity. Subject to the foregoing, Defendants will perform a reasonable search for and produce documents identified as responsive to this Request.

**REQUEST FOR PRODUCTION NO. 82:**

A copy of any Internal Revenue Service notices received by Torrent Oil, LLC for the past five years.

**RESPONSE:** Defendants object to this Request because it seeks documents that are not relevant to Couvillion's claims or defenses, and because the request is not proportional to the needs of the case. Defendants further object to this request because it fails to identify the documents it seeks with reasonable particularity. Subject to the foregoing, Defendants will perform a reasonable search for and produce documents identified as responsive to this Request.

**REQUEST FOR PRODUCTION NO. 83:**

A copy of any notes payable and notes receivable executed by White Marlin for the past five years..

**RESPONSE:** Defendants object to this Request because it seeks documents that are not relevant to Couvillion's claims or defenses, and because the request is not proportional to the needs of the case. Defendants further object to this request because it fails to identify the documents it seeks with reasonable particularity. Subject to the foregoing, Defendants will perform a reasonable search for and will produce notes payable and receivable executed by White Marlin related to work performed on the Corpus Christi Bay pipeline project.

**REQUEST FOR PRODUCTION NO. 84:**

A copy of any notes payable and notes receivable executed by Agua for the past five years.

**RESPONSE:** Defendants object to this Request because it seeks documents that are not relevant to Couvillion's claims or defenses, and because the request is not proportional to the needs of the case. Defendants further object to this request because it fails to identify the documents it seeks with reasonable particularity. Subject to the foregoing, Defendants will perform a reasonable search for and will produce notes payable and receivable executed by Agua related to work performed on the Corpus Christi Bay pipeline project.

**REQUEST FOR PRODUCTION NO. 85:**

A copy of any notes payable and notes receivable executed by Talco for the past five years.

**RESPONSE:** Defendants object to this Request because it seeks documents that are not relevant to Couvillion's claims or defenses, and because the request is not proportional to the needs of the case. Defendants further object to this request because it fails to identify the documents it seeks with reasonable particularity. Subject to the foregoing, Defendants will perform a reasonable search for and will produce notes payable and receivable executed by White Talco related to work performed on the Corpus Christi Bay pipeline project.

**REQUEST FOR PRODUCTION NO. 86:**

A copy of any notes payable and notes receivable executed by Torrent Oil, LLC for the past five years.

**RESPONSE:** Defendants object to this Request because it seeks documents that are not relevant to Couvillion's claims or defenses, and because the request is not proportional to the needs of the case. Defendants further object to this request because it fails to identify the documents it seeks with reasonable particularity. Subject to the foregoing, Defendants will perform a reasonable search for and will produce notes payable and receivable executed by Torrent related to work performed on the Corpus Christi Bay pipeline project.

**REQUEST FOR PRODUCTION NO. 87:**

A copy of the schedule of intercompany transfers of funds for the past five years.

**RESPONSE:** Defendants object to this Request because it fails to identify the documents it seeks with reasonable particularity. No document called a "schedule of intercompany transfer of funds" exists.

**REQUEST FOR PRODUCTION NO. 88:**

Any job description or document(s) evidencing the responsibilities and duties of any person employed by White Marlin during the past five years.

**RESPONSE:** Defendants will perform a reasonable search for and produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 89:**

Any job description or document evidencing the responsibilities and duties of any person employed by Agua during the past five years.

**RESPONSE:** Defendants will perform a reasonable search for and produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 90:**

Any job description or document evidencing the responsibilities and duties of any person employed by Talco during the past five years.

**RESPONSE:** Defendants will perform a reasonable search for and produce documents responsive to this Request, if any.

Respectfully submitted,

JORDAN, LYNCH & CANCIENNE PLLC

By: */s/ Joseph W. Golinkin II*
    Michael Cancienne
    State Bar No. 24055256
    Joseph W. ("Jeb") Golinkin II
    State Bar No. 24087596
    1980 Post Oak Blvd., Ste. 2300
    Houston, Texas 77056
    713.955.4028
    713.955.9644 Facsimile
    mcancienne@jlcfirm.com
    jgolinkin@jlcfirm.com

**ATTORNEYS FOR DEFENDANTS**