<span style="color:red">**Exhibit C**</span>

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| COUVILLION GROUP, LLC., | |
| *Plaintiff,* | |
| v. | |
| WHITE MARLIN OPERATING COMPANY LLC; AGUA TRANQUILLO MIDSTREAM LLC; TALCO PETROLEUM LLC; TORRENT OIL, LLC; & NIGEL SOLIDA, | Civil Action No. 4:22:cv-00908 |
| *Defendants.* | |

**WHITE MARLIN'S OBJECTIONS AND ANSWERS TO PLAINTIFF COUVILLION GROUP, LLC'S FIRST SET OF INTERROGATORIES**

TO:   Couvillion Group, LLC, by and through its attorneys of record, Patrick McShante, Danica Denny, Kathleen Rice, and Daniel Schwank, 1100 Poydras Street, Suite 3700, New Orleans LA 70163.

Pursuant to the Federal Rules of Civil Procedure, Defendant White Marlin Operating Company, LLC serves these objections and answers to Plaintiff's First Set of Interrogatories.

Respectfully submitted,

JORDAN, LYNCH & CANCIENNE PLLC

By: /s/ *Joseph W. Golinkin II*
    Michael Cancienne
    State Bar No. 24055256
    Joseph W. ("Jeb") Golinkin II
    State Bar No. 24087596
    1980 Post Oak Blvd., Ste. 2300
    Houston, Texas 77056
    713.955.4028
    713.955.9644 Facsimile
    mcancienne@jlcfirm.com
    jgolinkin@jlcfirm.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that on the 20th day of November, 2023, a true and correct copy of the above and foregoing has been served upon all counsel of record via electronic mail.

/s/ *Jeb Golinkin*
Joseph W. Golinkin II

2

# INTERROGATORIES

## INTERROGATORY NO. 1:

Please provide the following information for White Marlin, Agua, Talco, and Torrent Oil, LLC ("Torrent"):

(1) The identity of each and every affiliate, subsidiary, and parent entity between January 1, 2019 and the present day;
(2) The identity of each and every director, officer, and member with a financial interest between January 1, 2019 and the present day;
(3) Each state or jurisdiction of incorporation and the date of incorporation in each state or jurisdiction;
(4) The net worth of each; and
(5) The address for each and every office.

**ANSWER:** Defendant objects to this Interrogatory as overly broad and unduly burdensome as it is not tailored to the subject matter of this lawsuit. Defendant further objects to this Interrogatory as it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

## INTERROGATORY NO. 2:

Please identify by name and title each and every person employed by White Marlin, Agua, Talco, and Torrent during the past five years and the dates of such employment. Please also state which entity employed each person.

**ANSWER:** Defendant objects to this Interrogatory as overly broad and unduly burdensome as it is not tailored to the subject matter of this lawsuit. Defendant further objects to this Interrogatory as it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

## INTERROGATORY NO. 3:

Please identify the accounting firm(s)/CPA that prepared financial documents, such as tax returns or balance sheets, for White Marlin, Agua, Talco, and Torrent during the past five years.

**ANSWER:** Defendant objects to this Interrogatory as overly broad and unduly burdensome as it is not tailored to the subject matter of this lawsuit. Defendant further objects to this Interrogatory as it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. The identity of the accounting firms/CPAs that prepare Defendants' financial statements are utterly

irrelevant to the question of whether Couvillion performed the services for which it seeks to be compensated.

**INTERROGATORY NO. 4:**

Please identify each and every bank account maintained by White Marlin, Agua, Talco, and Torrent for the past five years, including the name of the financial institution where the account is maintained and each account number.

**ANSWER:** Defendant objects to this Interrogatory as overly broad and unduly burdensome as it is not tailored to the subject matter of this lawsuit. Defendant further objects to this Interrogatory as it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Where Defendants bank has nothing to do with the question of whether Couvillion performed the services for which it seeks to be compensated. Defendant further objects that this discovery request is premature because this information is only relevant in the unlikely event that Plaintiff actually prevails on the merits. *Mandeville v. Quinstar Corp.*, 109 Fed.App'x 191, 194 (10th Cir. 2004); *MidAmerican Dist, Inc. v. Clarification Tech., Inc.*, 807 F.Supp.2d 646, 664, 683 (E.D.K.Y. 2011); *Higgins v. Journal Register Co.*, No. 3:06–cv–1446(AVC), 2007 WL 3124731. at *3 (D.Conn. Oct. 23, 2007). Plaintiff alleges that Solida committed fraud by "knowingly providing false information in order to induce Couvillion to agree to perform the work at issue while at the same time knowing that neither Solida nor any of these organizations had the resources to timely pay for the work." (ECF 24 at Paragraph XL.)

**INTERROGATORY NO. 5:**

Please identify each and every instance when funds were transferred between a bank account maintained by the following entities during the past five years: White Marlin, Agua, Talco, Torrent, or Nigel Solida. Please also describe each and every document, ledger, or itemized account statement which evidences each payment.

**ANSWER:** Defendant objects to this Interrogatory as overly broad and unduly burdensome as it is not tailored to the subject matter of this lawsuit. Defendant further objects to this Interrogatory as it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Where Defendants bank has nothing to do with the question of whether Couvillion performed the services for which it seeks to be compensated. Defendant further objects that this discovery request is premature because this information is only relevant in the unlikely event that Plaintiff actually prevails on the merits. *Mandeville v. Quinstar Corp.*, 109 Fed.App'x 191, 194 (10th Cir. 2004); *MidAmerican Dist, Inc. v. Clarification Tech., Inc.*, 807 F.Supp.2d 646, 664, 683 (E.D.K.Y. 2011);

*Higgins v. Journal Register Co.*, No. 3:06–cv–1446(AVC), 2007 WL 3124731. at *3 (D.Conn. Oct. 23, 2007).

**INTERROGATORY NO. 6:**

Please identify each and every payment made or received by White Marlin, Agua, Talco, Torrent, or Nigel Solida arising or related to the removal of the A11 pipeline, and please describe each and every document, ledger, or itemized account statement which evidences each payment.

**ANSWER:** Defendant objects to this Interrogatory because it fails to describe the information is seeks with reasonable particularity. Defendant objects to this Interrogatory as overly broad and unduly burdensome as it is not tailored to the subject matter of this lawsuit. Defendant further objects to this Interrogatory as it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 7:**

Please provide all facts which you will rely in asserting that White Marlin, Agua, Talco, and Torrent are not in breach of their obligations under the Day Rate Proposal, executed on July 23, 2021, or Master Service Agreement, dated July 26, 2021, and describe each and every document which supports this assertion.

**ANSWER:** Defendant objects to this Interrogatory because it is overly broad and unduly burdensome. Interrogatories that demand that a party state or describe "all" facts that support a cause of action or defense are improper. *E.g. In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. CV14MD2542VSBSLC, 2020 WL 6290584, at *4 (S.D.N.Y. Oct. 27, 2020) ("The Court finds that these contention interrogatories "are overly broad and unduly burdensome" insofar as they demand that TreeHouse identify "all factual bases and Documents" for "each Customer or potential Customer" TreeHouse claims to have lost."); *Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. v. Coventry First LLC*, 273 F.R.D. 367, 369 (S.D.N.Y. 2010) ("[W]hile contention interrogatories are a perfectly acceptable form of discovery, Defendants' requests, insofar as they seek every fact, every piece of evidence, every witness, and every application of law to fact . . . are overly broad and unduly burdensome." (citations omitted)); *Gregg v. Local 305 IBEW*, No. 1:08-CV-160, 2009 U.S. Dist. LEXIS 40761, at *16 (N.D. Ind. May 13, 2009) ("Gregg's Interrogatory encompasses virtually every factual basis for all of the Defendants' contentions. To respond would be an unduly burdensome task, since it would require the Defendants to produce veritable narratives of their entire case." (citation omitted)); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007) ("Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents

of supporting documents."). Defendant further objects that this Interrogatory is premature. *See, e.g., SEC v. Berry*, No. C07-4431 RMW (HRL), 2011 U.S. Dist. LEXIS 64437, at *6 (N.D. Cal. June, 15, 2011) ("'[C]ourts tend to deny contention interrogatories filed before substantial discovery has taken place, but grant them if discovery is almost complete.'" (quoting *In re eBay Seller Antitrust Litig.*, No. C 07-1882 JF (RS), 2008 U.S. Dist. LEXIS 102815, at *4 (N.D. Cal. Dec. 11, 2008))); *Helmert v. Butterball, LLC*, No. 4:08CV00342 JLH, 2010 U.S. Dist. LEXIS 121902, at *4 (E.D. Ark. Nov. 3, 2010) ("[A] number of district courts, including several in this circuit, have determined that contention interrogatories need not be answered until discovery is complete or nearing completion.")

## INTERROGATORY NO. 8:

Please provide all facts which you will rely in asserting that Couvillion "did not timely perform under the Contracts because of gross incompetence." Please also describe each and every document which supports this assertion.

**ANSWER:** Defendant objects to this Interrogatory because it is overly broad and unduly burdensome. Interrogatories that demand that a party state or describe "all" facts that support a cause of action or defense are improper. *E.g. In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. CV14MD2542VSBSLC, 2020 WL 6290584, at *4 (S.D.N.Y. Oct. 27, 2020) ("The Court finds that these contention interrogatories "are overly broad and unduly burdensome" insofar as they demand that TreeHouse identify "all factual bases and Documents" for "each Customer or potential Customer" TreeHouse claims to have lost."); *Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. v. Coventry First LLC*, 273 F.R.D. 367, 369 (S.D.N.Y. 2010) ("[W]hile contention interrogatories are a perfectly acceptable form of discovery, Defendants' requests, insofar as they seek every fact, every piece of evidence, every witness, and every application of law to fact . . . are overly broad and unduly burdensome." (citations omitted)); *Gregg v. Local 305 IBEW*, No. 1:08-CV-160, 2009 U.S. Dist. LEXIS 40761, at *16 (N.D. Ind. May 13, 2009) ("Gregg's Interrogatory encompasses virtually every factual basis for all of the Defendants' contentions. To respond would be an unduly burdensome task, since it would require the Defendants to produce veritable narratives of their entire case." (citation omitted)); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007) ("Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents."). Defendant further objects that this Interrogatory is premature. *See, e.g., SEC v. Berry*, No. C07-4431 RMW (HRL), 2011 U.S. Dist. LEXIS 64437, at *6 (N.D. Cal. June, 15, 2011) ("'[C]ourts tend to deny contention interrogatories filed before substantial discovery has taken place, but grant them if discovery is almost complete.'" (quoting *In re eBay Seller Antitrust Litig.*, No. C 07-1882 JF (RS), 2008 U.S. Dist. LEXIS 102815, at *4 (N.D. Cal. Dec. 11, 2008))); *Helmert v. Butterball, LLC*, No. 4:08CV00342 JLH, 2010 U.S. Dist. LEXIS 121902,

at *4 (E.D. Ark. Nov. 3, 2010) ("[A] number of district courts, including several in this circuit, have determined that contention interrogatories need not be answered until discovery is complete or nearing completion.").

Subject to and without waiving the foregoing, examples of gross incompetence include but are not limited to the following:

- Couvillion roughly seven weeks to remove *only* 476 feet of steel pipe even though it originally represented that it would take 14 days to remove *all* of the steel pipe referenced in the Day Rate Proposal;
- Couvillion could not find the pipe it was supposed to remove;
- Couvillion did it furnish the equipment it needed to timely perform under the Contracts;
- Failed to timely provide 90 Foot Excavator;
- Hopper Barge not available when needed;
- 3 point anchor system in pieces, not attached to winches;
- Pulling Unit, and safety cages not welded down;
- Pulling Barge was too small and was not operable;
- Second Truckable Tug not on site as required;
- Diamond saw with operator not on site as required;
- Equipment not rigged up and ready on day one of the mobe up;
- Anchors were not heavy enough and were deployed improperly;
- Replacement anchors were too heavy and were not able to deploy.

## INTERROGATORY NO. 9:

Please provide all facts which you will rely in asserting that "the change in conditions was not the driving force behind Couvillion's complete failure to satisfy its obligations." Please also describe each and every document which supports this assertion.

**ANSWER:** Defendant objects to this Interrogatory because it is overly broad and unduly burdensome. Interrogatories that demand that a party state or describe "all" facts that support a cause of action or defense are improper. *E.g. In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. CV14MD2542VSBSLC, 2020 WL 6290584, at *4 (S.D.N.Y. Oct. 27, 2020) ("The Court finds that these contention interrogatories "are overly broad and unduly burdensome" insofar as they demand that TreeHouse identify "all factual bases and Documents" for "each Customer or potential Customer" TreeHouse claims to have lost."); *Ritchie Risk-Linked Strategies*

*Trading (Ir.), Ltd. v. Coventry First LLC*, 273 F.R.D. 367, 369 (S.D.N.Y. 2010) ("[W]hile contention interrogatories are a perfectly acceptable form of discovery, Defendants' requests, insofar as they seek every fact, every piece of evidence, every witness, and every application of law to fact . . . are overly broad and unduly burdensome." (citations omitted)); *Gregg v. Local 305 IBEW*, No. 1:08-CV-160, 2009 U.S. Dist. LEXIS 40761, at *16 (N.D. Ind. May 13, 2009) ("Gregg's Interrogatory encompasses virtually every factual basis for all of the Defendants' contentions. To respond would be an unduly burdensome task, since it would require the Defendants to produce veritable narratives of their entire case." (citation omitted)); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007) ("Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents."). Defendant further objects that this Interrogatory is premature. *See, e.g., SEC v. Berry*, No. C07-4431 RMW (HRL), 2011 U.S. Dist. LEXIS 64437, at *6 (N.D. Cal. June, 15, 2011) ("'[C]ourts tend to deny contention interrogatories filed before substantial discovery has taken place, but grant them if discovery is almost complete.'" (quoting *In re eBay Seller Antitrust Litig.*, No. C 07-1882 JF (RS), 2008 U.S. Dist. LEXIS 102815, at *4 (N.D. Cal. Dec. 11, 2008))); *Helmert v. Butterball, LLC*, No. 4:08CV00342 JLH, 2010 U.S. Dist. LEXIS 121902, at *4 (E.D. Ark. Nov. 3, 2010) ("[A] number of district courts, including several in this circuit, have determined that contention interrogatories need not be answered until discovery is complete or nearing completion.").

**INTERROGATORY NO. 10:**

Please provide all facts which you will rely in asserting that "the 'work' Couvillion performed in connection with the Contracts…was worth, at most, $341,612." Please also describe each and every document which supports this assertion.

**ANSWER:** Defendant objects to this Interrogatory because it is overly broad and unduly burdensome. Interrogatories that demand that a party state or describe "all" facts that support a cause of action or defense are improper. *E.g. In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. CV14MD2542VSBSLC, 2020 WL 6290584, at *4 (S.D.N.Y. Oct. 27, 2020) ("The Court finds that these contention interrogatories "are overly broad and unduly burdensome" insofar as they demand that TreeHouse identify "all factual bases and Documents" for "each Customer or potential Customer" TreeHouse claims to have lost."); *Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. v. Coventry First LLC*, 273 F.R.D. 367, 369 (S.D.N.Y. 2010) ("[W]hile contention interrogatories are a perfectly acceptable form of discovery, Defendants' requests, insofar as they seek every fact, every piece of evidence, every witness, and every application of law to fact . . . are overly broad and unduly burdensome." (citations omitted)); *Gregg v. Local 305 IBEW*, No. 1:08-CV-160, 2009 U.S. Dist. LEXIS 40761, at *16 (N.D. Ind. May 13, 2009) ("Gregg's Interrogatory encompasses virtually every factual basis for all of the Defendants' contentions. To

respond would be an unduly burdensome task, since it would require the Defendants to produce veritable narratives of their entire case." (citation omitted)); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007) ("Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents."). Defendant further objects that this Interrogatory is premature. *See, e.g., SEC v. Berry*, No. C07-4431 RMW (HRL), 2011 U.S. Dist. LEXIS 64437, at *6 (N.D. Cal. June, 15, 2011) ("'[C]ourts tend to deny contention interrogatories filed before substantial discovery has taken place, but grant them if discovery is almost complete.'" (quoting *In re eBay Seller Antitrust Litig.*, No. C 07-1882 JF (RS), 2008 U.S. Dist. LEXIS 102815, at *4 (N.D. Cal. Dec. 11, 2008))); *Helmert v. Butterball, LLC*, No. 4:08CV00342 JLH, 2010 U.S. Dist. LEXIS 121902, at *4 (E.D. Ark. Nov. 3, 2010) ("[A] number of district courts, including several in this circuit, have determined that contention interrogatories need not be answered until discovery is complete or nearing completion.").

Subject to the foregoing, Couvillion should have been able to remove all 1260 feet of pipe for $509,483 plus additional costs directly attributable to erroneous depth and location data. Instead, Couvillion only removed roughly 25% of the job. $341,612 represents the top end of the value of any work performed by Couvillion. In fact, the value of Couvillion's work was roughly $127,370.75, which represents 25% of the $509,483.

## INTERROGATORY NO. 11:

Please identify each and every plan, schematic, and survey related to the A11 pipeline which was provided to Couvillion by White Marlin, Agua, Talco, and/or Torrent, and/or any agent(s) or representative(s) acting on their behalf, in addition to the date each survey was provided to Couvillion, the identity of who performed the survey, when each survey was conducted, and when White Marlin, Agua, Talco, and/or Torrent first obtained the survey, and from whom it obtained any survey.

**ANSWER:** Defendant objects to this Interrogatory because it is vague and fails to identify the information it seeks with reasonable particularity insofar as it fails to define or describe "plan, schematic, and survey." Defendant further objects that this Interrogatory appears to be aimed to harass Defendants. Couvillion knows what it was provided.

To the extent Couvillion has questions about the origins of specific documents that it believes fall in these categories, please provide a list of said documents and Defendant will attempt to provide the requested information.

**INTERROGATORY NO. 12:**

Please describe all documents, notes, logs, memoranda or diary maintained in connection with any of your activities that concern or in any way relate to the claims asserted by Couvillion in the Complaint or the claims asserted by You in the Counterclaim.

**ANSWER:** Defendant objects that this Interrogatory is overly broad and unduly burdensome. Defendant objects to this Interrogatory because it is vague and fails to identify the information it seeks with reasonable particularity insofar as it fails to define or describe "documents, notes, logs, memoranda or diary that concern or in any way relate to the claims asserted by Couvillion."

**INTERROGATORY NO. 13:**

Please state the names and addresses of each person known or reasonably felt by you to be in possession of or having control of any document relevant to the claims asserted by Couvillion in the Complaint or the claims asserted by You in the Counterclaim.

**ANSWER:** Defendant objects to this Interrogatory because it calls for speculation. Subject to the foregoing, relevant documents may be possessed by White Marlin, Couvillion, and Axis.

**INTERROGATORY NO. 14:**

Please state the names and addresses of each person known or reasonably felt by you to be a witness to the trial of this case, whether expert or non-expert.

**ANSWER:**

| |
|---|
| **Richard Watson**<br>c/o Jordan, Lynch & Cancienne PLLC<br>1980 Post Oak Blvd., Ste. 2300<br>Houston, Texas 77007<br>(713) 955-4019 |
| **Pam Lewandowski**<br>c/o Jordan, Lynch & Cancienne PLLC<br>1980 Post Oak Blvd., Ste. 2300<br>Houston, Texas 77007<br>(713) 955-4019 |

| **Charles Robinson** |
| --- |
| c/o Jordan, Lynch & Cancienne PLLC |
| 1980 Post Oak Blvd., Ste. 2300 |
| Houston, Texas 77007 |
| (713) 955-4019 |
| **Nigel Solida** |
| c/o Jordan, Lynch & Cancienne PLLC |
| 1980 Post Oak Blvd., Ste. 2300 |
| Houston, Texas 77007 |
| (713) 955-4019 |
| **Jason Holvey** |
| 371 Walker Road |
| Po Box 344 |
| Belle Chasse LA 70037 |
| **Colin Harris** |
| 371 Walker Road |
| Po Box 344 |
| Belle Chasse LA 70037 |
| **Okbel Guillen** |
| 371 Walker Road |
| Po Box 344 |
| Belle Chasse LA 70037 |
| **Timmy Couvillion** |
| 371 Walker Road |
| Po Box 344 |
| Belle Chasse LA 70037 |
| **Michael Roy** |
| 371 Walker Road |
| Po Box 344 |
| Belle Chasse LA 70037 |
| **Theo Matthews** |
| 371 Walker Road |
| Po Box 344 |
| Belle Chasse LA 70037 |
| **Manuel Booker** |
| 371 Walker Road |
| Po Box 344 |
| Belle Chasse LA 70037 |
| **Albert Black** |
| 371 Walker Road |
| Po Box 344 |
| Belle Chasse LA 70037 |

| |
|---|
| **Jaimie Colgin** |
| 371 Walker Road |
| Po Box 344 |
| Belle Chasse LA 70037 |
| **Mitch Dautreuil** |
| 371 Walker Road |
| Po Box 344 |
| Belle Chasse LA 70037 |
| **Mike Luke** |
| Eagle Energy Services |
| mluke@eagle-facilities.com |
| C: (985) 803-5455 |
| **Okbel Guillen** |
| 371 Walker Road |
| Po Box 344 |
| Belle Chasse LA 70037 |
| **Pete Cormier** |
| **Michael Cancienne** |
| c/o Jeb Golinkin |
| Jordan, Lynch & Cancienne PLLC |
| 1980 Post Oak Blvd., Suite 2300 |
| Houston, TX 77007 |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| COUVILLION GROUP, LLC., | |
| *Plaintiff,* | |
| v. | |
| WHITE MARLIN OPERATING COMPANY LLC; AGUA TRANQUILLO MIDSTREAM LLC; TALCO PETROLEUM LLC; TORRENT OIL, LLC; & NIGEL SOLIDA, | Civil Action No. 4:22:cv-00908 |
| *Defendants.* | |

## AGUA TRANQUILLO'S OBJECTIONS AND ANSWERS TO PLAINTIFF COUVILLION GROUP, LLC'S FIRST SET OF INTERROGATORIES

TO:    Couvillion Group, LLC, by and through its attorneys of record, Patrick McShante, Danica Denny, Kathleen Rice, and Daniel Schwank, 1100 Poydras Street, Suite 3700, New Orleans LA 70163.

Pursuant to the Federal Rules of Civil Procedure, Defendant Agua Tranquillo Midstream, LLC serves these objections and answers to Plaintiff's First Set of Interrogatories.

Respectfully submitted,

JORDAN, LYNCH & CANCIENNE PLLC

By: /s/ *Joseph W. Golinkin II*
    Michael Cancienne
    State Bar No. 24055256
    Joseph W. ("Jeb") Golinkin II
    State Bar No. 24087596
    1980 Post Oak Blvd., Ste. 2300
    Houston, Texas 77056
    713.955.4028
    713.955.9644 Facsimile
    mcancienne@jlcfirm.com
    jgolinkin@jlcfirm.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

      I certify that on the 20th day of November, 2023, a true and correct copy of the above and foregoing has been served upon all counsel of record via electronic mail.

                  */s/ Jeb Golinkin*
                  Joseph W. Golinkin II

2

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Please provide the following information for White Marlin, Agua, Talco, and Torrent Oil, LLC ("Torrent"):

    (1) The identity of each and every affiliate, subsidiary, and parent entity between January 1, 2019 and the present day;

    (2) The identity of each and every director, officer, and member with a financial interest between January 1, 2019 and the present day;

    (3) Each state or jurisdiction of incorporation and the date of incorporation in each state or jurisdiction;

    (4) The net worth of each; and

    (5) The address for each and every office.

**ANSWER:** Defendant objects to this Interrogatory as overly broad and unduly burdensome as it is not tailored to the subject matter of this lawsuit. Defendant further objects to this Interrogatory as it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 2:**

Please identify by name and title each and every person employed by White Marlin, Agua, Talco, and Torrent during the past five years and the dates of such employment. Please also state which entity employed each person.

**ANSWER:** Defendant objects to this Interrogatory as overly broad and unduly burdensome as it is not tailored to the subject matter of this lawsuit. Defendant further objects to this Interrogatory as it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 3:**

Please identify the accounting firm(s)/CPA that prepared financial documents, such as tax returns or balance sheets, for White Marlin, Agua, Talco, and Torrent during the past five years.

**ANSWER:** Defendant objects to this Interrogatory as overly broad and unduly burdensome as it is not tailored to the subject matter of this lawsuit. Defendant further objects to this Interrogatory as it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. The identity of the accounting firms/CPAs that prepare Defendants' financial statements are utterly

irrelevant to the question of whether Couvillion performed the services for which it seeks to be compensated.

## INTERROGATORY NO. 4:

Please identify each and every bank account maintained by White Marlin, Agua, Talco, and Torrent for the past five years, including the name of the financial institution where the account is maintained and each account number.

**ANSWER:** Defendant objects to this Interrogatory as overly broad and unduly burdensome as it is not tailored to the subject matter of this lawsuit. Defendant further objects to this Interrogatory as it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Where Defendants bank has nothing to do with the question of whether Couvillion performed the services for which it seeks to be compensated. Defendant further objects that this discovery request is premature because this information is only relevant in the unlikely event that Plaintiff actually prevails on the merits. *Mandeville v. Quinstar Corp.*, 109 Fed.App'x 191, 194 (10th Cir. 2004); *MidAmerican Dist, Inc. v. Clarification Tech., Inc.*, 807 F.Supp.2d 646, 664, 683 (E.D.K.Y. 2011); *Higgins v. Journal Register Co.*, No. 3:06–cv–1446(AVC), 2007 WL 3124731. at *3 (D.Conn. Oct. 23, 2007). Plaintiff alleges that Solida committed fraud by "knowingly providing false information in order to induce Couvillion to agree to perform the work at issue while at the same time knowing that neither Solida nor any of these organizations had the resources to timely pay for the work." (ECF 24 at Paragraph XL.)

## INTERROGATORY NO. 5:

Please identify each and every instance when funds were transferred between a bank account maintained by the following entities during the past five years: White Marlin, Agua, Talco, Torrent, or Nigel Solida. Please also describe each and every document, ledger, or itemized account statement which evidences each payment.

**ANSWER:** Defendant objects to this Interrogatory as overly broad and unduly burdensome as it is not tailored to the subject matter of this lawsuit. Defendant further objects to this Interrogatory as it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Where Defendants bank has nothing to do with the question of whether Couvillion performed the services for which it seeks to be compensated. Defendant further objects that this discovery request is premature because this information is only relevant in the unlikely event that Plaintiff actually prevails on the merits. *Mandeville v. Quinstar Corp.*, 109 Fed.App'x 191, 194 (10th Cir. 2004); *MidAmerican Dist, Inc. v. Clarification Tech., Inc.*, 807 F.Supp.2d 646, 664, 683 (E.D.K.Y. 2011);

4

*Higgins v. Journal Register Co.*, No. 3:06–cv–1446(AVC), 2007 WL 3124731. at *3 (D.Conn. Oct. 23, 2007).

## INTERROGATORY NO. 6:

Please identify each and every payment made or received by White Marlin, Agua, Talco, Torrent, or Nigel Solida arising or related to the removal of the A11 pipeline, and please describe each and every document, ledger, or itemized account statement which evidences each payment.

**ANSWER:** Defendant objects to this Interrogatory because it fails to describe the information is seeks with reasonable particularity. Defendant objects to this Interrogatory as overly broad and unduly burdensome as it is not tailored to the subject matter of this lawsuit. Defendant further objects to this Interrogatory as it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

## INTERROGATORY NO. 7:

Please provide all facts which you will rely in asserting that White Marlin, Agua, Talco, and Torrent are not in breach of their obligations under the Day Rate Proposal, executed on July 23, 2021, or Master Service Agreement, dated July 26, 2021, and describe each and every document which supports this assertion.

**ANSWER:** Defendant objects to this Interrogatory because it is overly broad and unduly burdensome. Interrogatories that demand that a party state or describe "all" facts that support a cause of action or defense are improper. *E.g. In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. CV14MD2542VSBSLC, 2020 WL 6290584, at *4 (S.D.N.Y. Oct. 27, 2020) ("The Court finds that these contention interrogatories "are overly broad and unduly burdensome" insofar as they demand that TreeHouse identify "all factual bases and Documents" for "each Customer or potential Customer" TreeHouse claims to have lost."); *Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. v. Coventry First LLC*, 273 F.R.D. 367, 369 (S.D.N.Y. 2010) ("[W]hile contention interrogatories are a perfectly acceptable form of discovery, Defendants' requests, insofar as they seek every fact, every piece of evidence, every witness, and every application of law to fact . . . are overly broad and unduly burdensome." (citations omitted)); *Gregg v. Local 305 IBEW*, No. 1:08-CV-160, 2009 U.S. Dist. LEXIS 40761, at *16 (N.D. Ind. May 13, 2009) ("Gregg's Interrogatory encompasses virtually every factual basis for all of the Defendants' contentions. To respond would be an unduly burdensome task, since it would require the Defendants to produce veritable narratives of their entire case." (citation omitted)); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007) ("Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents

of supporting documents."). Defendant further objects that this Interrogatory is premature. *See, e.g., SEC v. Berry*, No. C07-4431 RMW (HRL), 2011 U.S. Dist. LEXIS 64437, at *6 (N.D. Cal. June, 15, 2011) ("'[C]ourts tend to deny contention interrogatories filed before substantial discovery has taken place, but grant them if discovery is almost complete.'" (quoting *In re eBay Seller Antitrust Litig.*, No. C 07-1882 JF (RS), 2008 U.S. Dist. LEXIS 102815, at *4 (N.D. Cal. Dec. 11, 2008))); *Helmert v. Butterball, LLC*, No. 4:08CV00342 JLH, 2010 U.S. Dist. LEXIS 121902, at *4 (E.D. Ark. Nov. 3, 2010) ("[A] number of district courts, including several in this circuit, have determined that contention interrogatories need not be answered until discovery is complete or nearing completion.")

**INTERROGATORY NO. 8:**

Please provide all facts which you will rely in asserting that Couvillion "did not timely perform under the Contracts because of gross incompetence." Please also describe each and every document which supports this assertion.

**ANSWER:** Defendant objects to this Interrogatory because it is overly broad and unduly burdensome. Interrogatories that demand that a party state or describe "all" facts that support a cause of action or defense are improper. *E.g. In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. CV14MD2542VSBSLC, 2020 WL 6290584, at *4 (S.D.N.Y. Oct. 27, 2020) ("The Court finds that these contention interrogatories "are overly broad and unduly burdensome" insofar as they demand that TreeHouse identify "all factual bases and Documents" for "each Customer or potential Customer" TreeHouse claims to have lost."); *Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. v. Coventry First LLC*, 273 F.R.D. 367, 369 (S.D.N.Y. 2010) ("[W]hile contention interrogatories are a perfectly acceptable form of discovery, Defendants' requests, insofar as they seek every fact, every piece of evidence, every witness, and every application of law to fact . . . are overly broad and unduly burdensome." (citations omitted)); *Gregg v. Local 305 IBEW*, No. 1:08-CV-160, 2009 U.S. Dist. LEXIS 40761, at *16 (N.D. Ind. May 13, 2009) ("Gregg's Interrogatory encompasses virtually every factual basis for all of the Defendants' contentions. To respond would be an unduly burdensome task, since it would require the Defendants to produce veritable narratives of their entire case." (citation omitted)); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007) ("Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents."). Defendant further objects that this Interrogatory is premature. *See, e.g., SEC v. Berry*, No. C07-4431 RMW (HRL), 2011 U.S. Dist. LEXIS 64437, at *6 (N.D. Cal. June, 15, 2011) ("'[C]ourts tend to deny contention interrogatories filed before substantial discovery has taken place, but grant them if discovery is almost complete.'" (quoting *In re eBay Seller Antitrust Litig.*, No. C 07-1882 JF (RS), 2008 U.S. Dist. LEXIS 102815, at *4 (N.D. Cal. Dec. 11, 2008))); *Helmert v. Butterball, LLC*, No. 4:08CV00342 JLH, 2010 U.S. Dist. LEXIS 121902,

at *4 (E.D. Ark. Nov. 3, 2010) ("[A] number of district courts, including several in this circuit, have determined that contention interrogatories need not be answered until discovery is complete or nearing completion.").

Subject to and without waiving the foregoing, examples of gross incompetence include but are not limited to the following:

- Couvillion roughly seven weeks to remove *only* 476 feet of steel pipe even though it originally represented that it would take 14 days to remove *all* of the steel pipe referenced in the Day Rate Proposal;
- Couvillion could not find the pipe it was supposed to remove;
- Couvillion did it furnish the equipment it needed to timely perform under the Contracts;
- Failed to timely provide 90 Foot Excavator;
- Hopper Barge not available when needed;
- 3 point  anchor system  in pieces, not attached  to winches;
- Pulling Unit, and safety cages not welded down;
- Pulling Barge was too small and was not operable;
- Second Truckable Tug not on site as required;
- Diamond saw with operator not on site as required;
- Equipment not rigged up and ready on day one of the mobe up;
- Anchors were not heavy enough and were deployed improperly;
- Replacement anchors were too heavy and were not able to deploy.

## INTERROGATORY NO. 9:

Please provide all facts which you will rely in asserting that "the change in conditions was not the driving force behind Couvillion's complete failure to satisfy its obligations." Please also describe each and every document which supports this assertion.

**ANSWER:** Defendant objects to this Interrogatory because it is overly broad and unduly burdensome. Interrogatories that demand that a party state or describe "all" facts that support a cause of action or defense are improper. *E.g. In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. CV14MD2542VSBSLC, 2020 WL 6290584, at *4 (S.D.N.Y. Oct. 27, 2020) ("The Court finds that these contention interrogatories "are overly broad and unduly burdensome" insofar as they demand that TreeHouse identify "all factual bases and Documents" for "each Customer or potential Customer" TreeHouse claims to have lost."); *Ritchie Risk-Linked Strategies*

*Trading (Ir.), Ltd. v. Coventry First LLC*, 273 F.R.D. 367, 369 (S.D.N.Y. 2010) ("[W]hile contention interrogatories are a perfectly acceptable form of discovery, Defendants' requests, insofar as they seek every fact, every piece of evidence, every witness, and every application of law to fact . . . are overly broad and unduly burdensome." (citations omitted)); *Gregg v. Local 305 IBEW*, No. 1:08-CV-160, 2009 U.S. Dist. LEXIS 40761, at *16 (N.D. Ind. May 13, 2009) ("Gregg's Interrogatory encompasses virtually every factual basis for all of the Defendants' contentions. To respond would be an unduly burdensome task, since it would require the Defendants to produce veritable narratives of their entire case." (citation omitted)); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007) ("Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents."). Defendant further objects that this Interrogatory is premature. *See, e.g., SEC v. Berry*, No. C07-4431 RMW (HRL), 2011 U.S. Dist. LEXIS 64437, at *6 (N.D. Cal. June, 15, 2011) ("'[C]ourts tend to deny contention interrogatories filed before substantial discovery has taken place, but grant them if discovery is almost complete.'" (quoting *In re eBay Seller Antitrust Litig.*, No. C 07-1882 JF (RS), 2008 U.S. Dist. LEXIS 102815, at *4 (N.D. Cal. Dec. 11, 2008))); *Helmert v. Butterball, LLC*, No. 4:08CV00342 JLH, 2010 U.S. Dist. LEXIS 121902, at *4 (E.D. Ark. Nov. 3, 2010) ("[A] number of district courts, including several in this circuit, have determined that contention interrogatories need not be answered until discovery is complete or nearing completion.").

## **INTERROGATORY NO. 10:**

Please provide all facts which you will rely in asserting that "the 'work' Couvillion performed in connection with the Contracts…was worth, at most, $341,612." Please also describe each and every document which supports this assertion.

**ANSWER:** Defendant objects to this Interrogatory because it is overly broad and unduly burdensome. Interrogatories that demand that a party state or describe "all" facts that support a cause of action or defense are improper. *E.g. In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. CV14MD2542VSBSLC, 2020 WL 6290584, at *4 (S.D.N.Y. Oct. 27, 2020) ("The Court finds that these contention interrogatories "are overly broad and unduly burdensome" insofar as they demand that TreeHouse identify "all factual bases and Documents" for "each Customer or potential Customer" TreeHouse claims to have lost."); *Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. v. Coventry First LLC*, 273 F.R.D. 367, 369 (S.D.N.Y. 2010) ("[W]hile contention interrogatories are a perfectly acceptable form of discovery, Defendants' requests, insofar as they seek every fact, every piece of evidence, every witness, and every application of law to fact . . . are overly broad and unduly burdensome." (citations omitted)); *Gregg v. Local 305 IBEW*, No. 1:08-CV-160, 2009 U.S. Dist. LEXIS 40761, at *16 (N.D. Ind. May 13, 2009) ("Gregg's Interrogatory encompasses virtually every factual basis for all of the Defendants' contentions. To

8

respond would be an unduly burdensome task, since it would require the Defendants to produce veritable narratives of their entire case." (citation omitted)); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007) ("Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents."). Defendant further objects that this Interrogatory is premature. *See, e.g., SEC v. Berry*, No. C07-4431 RMW (HRL), 2011 U.S. Dist. LEXIS 64437, at *6 (N.D. Cal. June, 15, 2011) ("'[C]ourts tend to deny contention interrogatories filed before substantial discovery has taken place, but grant them if discovery is almost complete.'" (quoting *In re eBay Seller Antitrust Litig.*, No. C 07-1882 JF (RS), 2008 U.S. Dist. LEXIS 102815, at *4 (N.D. Cal. Dec. 11, 2008))); *Helmert v. Butterball, LLC*, No. 4:08CV00342 JLH, 2010 U.S. Dist. LEXIS 121902, at *4 (E.D. Ark. Nov. 3, 2010) ("[A] number of district courts, including several in this circuit, have determined that contention interrogatories need not be answered until discovery is complete or nearing completion.").

Subject to the foregoing, Couvillion should have been able to remove all 1260 feet of pipe for $509,483 plus additional costs directly attributable to erroneous depth and location data. Instead, Couvillion only removed roughly 25% of the job. $341,612 represents the top end of the value of any work performed by Couvillion. In fact, the value of Couvillion's work was roughly $127,370.75, which represents 25% of the $509,483.

## INTERROGATORY NO. 11:

Please identify each and every plan, schematic, and survey related to the A11 pipeline which was provided to Couvillion by White Marlin, Agua, Talco, and/or Torrent, and/or any agent(s) or representative(s) acting on their behalf, in addition to the date each survey was provided to Couvillion, the identity of who performed the survey, when each survey was conducted, and when White Marlin, Agua, Talco, and/or Torrent first obtained the survey, and from whom it obtained any survey.

**ANSWER:** Defendant objects to this Interrogatory because it is vague and fails to identify the information it seeks with reasonable particularity insofar as it fails to define or describe "plan, schematic, and survey." Defendant further objects that this Interrogatory appears to be aimed to harass Defendants. Couvillion knows what it was provided.

To the extent Couvillion has questions about the origins of specific documents that it believes fall in these categories, please provide a list of said documents and Defendant will attempt to provide the requested information.

**INTERROGATORY NO. 12:**

Please describe all documents, notes, logs, memoranda or diary maintained in connection with any of your activities that concern or in any way relate to the claims asserted by Couvillion in the Complaint or the claims asserted by You in the Counterclaim.

**ANSWER:** Defendant objects that this Interrogatory is overly broad and unduly burdensome. Defendant objects to this Interrogatory because it is vague and fails to identify the information it seeks with reasonable particularity insofar as it fails to define or describe "documents, notes, logs, memoranda or diary that concern or in any way relate to the claims asserted by Couvillion."

**INTERROGATORY NO. 13:**

Please state the names and addresses of each person known or reasonably felt by you to be in possession of or having control of any document relevant to the claims asserted by Couvillion in the Complaint or the claims asserted by You in the Counterclaim.

**ANSWER:** Defendant objects to this Interrogatory because it calls for speculation. Subject to the foregoing, relevant documents may be possessed by White Marlin, Couvillion, and Axis.

**INTERROGATORY NO. 14:**

Please state the names and addresses of each person known or reasonably felt by you to be a witness to the trial of this case, whether expert or non-expert.

**ANSWER:**

| |
|---|
| **Richard Watson** |
| c/o Jordan, Lynch & Cancienne PLLC |
| 1980 Post Oak Blvd., Ste. 2300 |
| Houston, Texas 77007 |
| (713) 955-4019 |
| **Pam Lewandowski** |
| c/o Jordan, Lynch & Cancienne PLLC |
| 1980 Post Oak Blvd., Ste. 2300 |
| Houston, Texas 77007 |
| (713) 955-4019 |

| |
|---|
| **Charles Robinson**<br>c/o Jordan, Lynch & Cancienne PLLC<br>1980 Post Oak Blvd., Ste. 2300<br>Houston, Texas 77007<br>(713) 955-4019 |
| **Nigel Solida**<br>c/o Jordan, Lynch & Cancienne PLLC<br>1980 Post Oak Blvd., Ste. 2300<br>Houston, Texas 77007<br>(713) 955-4019 |
| **Jason Holvey**<br>371 Walker Road<br>Po Box 344<br>Belle Chasse LA 70037 |
| **Colin Harris**<br>371 Walker Road<br>Po Box 344<br>Belle Chasse LA 70037 |
| **Okbel Guillen**<br>371 Walker Road<br>Po Box 344<br>Belle Chasse LA 70037 |
| **Timmy Couvillion**<br>371 Walker Road<br>Po Box 344<br>Belle Chasse LA 70037 |
| **Michael Roy**<br>371 Walker Road<br>Po Box 344<br>Belle Chasse LA 70037 |
| **Theo Matthews**<br>371 Walker Road<br>Po Box 344<br>Belle Chasse LA 70037 |
| **Manuel Booker**<br>371 Walker Road<br>Po Box 344<br>Belle Chasse LA 70037 |
| **Albert Black**<br>371 Walker Road<br>Po Box 344<br>Belle Chasse LA 70037 |

Case 4:22-cv-00908   Document 50-3   Filed on 01/24/24 in TXSD   Page 24 of 36

| | |
|---|---|
| **Jaimie Colgin** | |
| 371 Walker Road | |
| Po Box 344 | |
| Belle Chasse LA 70037 | |
| **Mitch Dautreuil** | |
| 371 Walker Road | |
| Po Box 344 | |
| Belle Chasse LA 70037 | |
| **Mike Luke** | |
| Eagle Energy Services | |
| mluke@eagle-facilities.com | |
| C: (985) 803-5455 | |
| **Okbel Guillen** | |
| 371 Walker Road | |
| Po Box 344 | |
| Belle Chasse LA 70037 | |
| **Pete Cormier** | |
| **Michael Cancienne** | |
| c/o Jeb Golinkin | |
| Jordan, Lynch & Cancienne PLLC | |
| 1980 Post Oak Blvd., Suite 2300 | |
| Houston, TX 77007 | |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| COUVILLION GROUP, LLC., | |
| *Plaintiff,* | |
| v. | |
| WHITE MARLIN OPERATING COMPANY LLC; AGUA TRANQUILLO MIDSTREAM LLC; TALCO PETROLEUM LLC; TORRENT OIL, LLC; & NIGEL SOLIDA, | Civil Action No. 4:22-cv-00908 |
| *Defendants.* | |

## TALCO PETROLEUM, LLC'S OBJECTIONS AND ANSWERS TO COUVILLION GROUP, LLC'S FIRST SET OF INTERROGATORIES

TO:    Couvillion Group, LLC, by and through its attorneys of record, Patrick McShante, Danica Denny, Kathleen Rice, and Daniel Schwank, 1100 Poydras Street, Suite 3700, New Orleans LA 70163.

Pursuant to the Federal Rules of Civil Procedure, Defendant Talco Petroleum, LLC ("Talco") serves these objections and answers to Plaintiff's First Set of Interrogatories.

Respectfully submitted,

JORDAN, LYNCH & CANCIENNE PLLC

By: /s/ *Joseph W. Golinkin II*
    Michael Cancienne
    State Bar No. 24055256
    Joseph W. ("Jeb") Golinkin II
    State Bar No. 24087596
    1980 Post Oak Blvd., Ste. 2300
    Houston, Texas 77056
    713.955.4028
    713.955.9644 Facsimile
    mcancienne@jlcfirm.com
    jgolinkin@jlcfirm.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that on the 20th day of November, 2023, a true and correct copy of the above and foregoing has been served upon all counsel of record via electronic mail.

/s/ *Jeb Golinkin*
Joseph W. Golinkin II

2

<u>**INTERROGATORIES**</u>

<u>**INTERROGATORY NO. 1:**</u>

Please provide the following information for White Marlin, Agua, Talco, and Torrent Oil, LLC ("Torrent"):

    (1) The identity of each and every affiliate, subsidiary, and parent entity between January 1, 2019 and the present day;

    (2) The identity of each and every director, officer, and member with a financial interest between January 1, 2019 and the present day;

    (3) Each state or jurisdiction of incorporation and the date of incorporation in each state or jurisdiction;

    (4) The net worth of each; and

    (5) The address for each and every office.

**ANSWER:** Defendant objects to this Interrogatory as overly broad and unduly burdensome as it is not tailored to the subject matter of this lawsuit. Defendant further objects to this Interrogatory as it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

<u>**INTERROGATORY NO. 2:**</u>

Please identify by name and title each and every person employed by White Marlin, Agua, Talco, and Torrent during the past five years and the dates of such employment. Please also state which entity employed each person.

**ANSWER:** Defendant objects to this Interrogatory as overly broad and unduly burdensome as it is not tailored to the subject matter of this lawsuit. Defendant further objects to this Interrogatory as it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

<u>**INTERROGATORY NO. 3:**</u>

Please identify the accounting firm(s)/CPA that prepared financial documents, such as tax returns or balance sheets, for White Marlin, Agua, Talco, and Torrent during the past five years.

**ANSWER:** Defendant objects to this Interrogatory as overly broad and unduly burdensome as it is not tailored to the subject matter of this lawsuit. Defendant further objects to this Interrogatory as it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. The identity of the accounting firms/CPAs that prepare Defendants' financial statements are utterly

irrelevant to the question of whether Couvillion performed the services for which it seeks to be compensated.

**INTERROGATORY NO. 4:**

Please identify each and every bank account maintained by White Marlin, Agua, Talco, and Torrent for the past five years, including the name of the financial institution where the account is maintained and each account number.

**ANSWER:** Defendant objects to this Interrogatory as overly broad and unduly burdensome as it is not tailored to the subject matter of this lawsuit. Defendant further objects to this Interrogatory as it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Where Defendants bank has nothing to do with the question of whether Couvillion performed the services for which it seeks to be compensated. Defendant further objects that this discovery request is premature because this information is only relevant in the unlikely event that Plaintiff actually prevails on the merits. *Mandeville v. Quinstar Corp.*, 109 Fed.App'x 191, 194 (10th Cir. 2004); *MidAmerican Dist, Inc. v. Clarification Tech., Inc.*, 807 F.Supp.2d 646, 664, 683 (E.D.K.Y. 2011); *Higgins v. Journal Register Co.*, No. 3:06–cv–1446(AVC), 2007 WL 3124731. at *3 (D.Conn. Oct. 23, 2007). Plaintiff alleges that Solida committed fraud by "knowingly providing false information in order to induce Couvillion to agree to perform the work at issue while at the same time knowing that neither Solida nor any of these organizations had the resources to timely pay for the work." (ECF 24 at Paragraph XL.)

**INTERROGATORY NO. 5:**

Please identify each and every instance when funds were transferred between a bank account maintained by the following entities during the past five years: White Marlin, Agua, Talco, Torrent, or Nigel Solida. Please also describe each and every document, ledger, or itemized account statement which evidences each payment.

**ANSWER:** Defendant objects to this Interrogatory as overly broad and unduly burdensome as it is not tailored to the subject matter of this lawsuit. Defendant further objects to this Interrogatory as it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Where Defendants bank has nothing to do with the question of whether Couvillion performed the services for which it seeks to be compensated. Defendant further objects that this discovery request is premature because this information is only relevant in the unlikely event that Plaintiff actually prevails on the merits. *Mandeville v. Quinstar Corp.*, 109 Fed.App'x 191, 194 (10th Cir. 2004); *MidAmerican Dist, Inc. v. Clarification Tech., Inc.*, 807 F.Supp.2d 646, 664, 683 (E.D.K.Y. 2011);

4

*Higgins v. Journal Register Co.*, No. 3:06–cv–1446(AVC), 2007 WL 3124731. at *3 (D.Conn. Oct. 23, 2007).

**INTERROGATORY NO. 6:**

Please identify each and every payment made or received by White Marlin, Agua, Talco, Torrent, or Nigel Solida arising or related to the removal of the A11 pipeline, and please describe each and every document, ledger, or itemized account statement which evidences each payment.

**ANSWER:** Defendant objects to this Interrogatory because it fails to describe the information is seeks with reasonable particularity. Defendant objects to this Interrogatory as overly broad and unduly burdensome as it is not tailored to the subject matter of this lawsuit. Defendant further objects to this Interrogatory as it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 7:**

Please provide all facts which you will rely in asserting that White Marlin, Agua, Talco, and Torrent are not in breach of their obligations under the Day Rate Proposal, executed on July 23, 2021, or Master Service Agreement, dated July 26, 2021, and describe each and every document which supports this assertion.

**ANSWER:** Defendant objects to this Interrogatory because it is overly broad and unduly burdensome. Interrogatories that demand that a party state or describe "all" facts that support a cause of action or defense are improper. *E.g. In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. CV14MD2542VSBSLC, 2020 WL 6290584, at *4 (S.D.N.Y. Oct. 27, 2020) ("The Court finds that these contention interrogatories "are overly broad and unduly burdensome" insofar as they demand that TreeHouse identify "all factual bases and Documents" for "each Customer or potential Customer" TreeHouse claims to have lost."); *Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. v. Coventry First LLC*, 273 F.R.D. 367, 369 (S.D.N.Y. 2010) ("[W]hile contention interrogatories are a perfectly acceptable form of discovery, Defendants' requests, insofar as they seek every fact, every piece of evidence, every witness, and every application of law to fact . . . are overly broad and unduly burdensome." (citations omitted)); *Gregg v. Local 305 IBEW*, No. 1:08-CV-160, 2009 U.S. Dist. LEXIS 40761, at *16 (N.D. Ind. May 13, 2009) ("Gregg's Interrogatory encompasses virtually every factual basis for all of the Defendants' contentions. To respond would be an unduly burdensome task, since it would require the Defendants to produce veritable narratives of their entire case." (citation omitted)); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007) ("Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents

of supporting documents."). Defendant further objects that this Interrogatory is premature. *See, e.g., SEC v. Berry*, No. C07-4431 RMW (HRL), 2011 U.S. Dist. LEXIS 64437, at *6 (N.D. Cal. June, 15, 2011) ("'[C]ourts tend to deny contention interrogatories filed before substantial discovery has taken place, but grant them if discovery is almost complete.'" (quoting *In re eBay Seller Antitrust Litig.*, No. C 07-1882 JF (RS), 2008 U.S. Dist. LEXIS 102815, at *4 (N.D. Cal. Dec. 11, 2008))); *Helmert v. Butterball, LLC*, No. 4:08CV00342 JLH, 2010 U.S. Dist. LEXIS 121902, at *4 (E.D. Ark. Nov. 3, 2010) ("[A] number of district courts, including several in this circuit, have determined that contention interrogatories need not be answered until discovery is complete or nearing completion.")

## **INTERROGATORY NO. 8:**

Please provide all facts which you will rely in asserting that Couvillion "did not timely perform under the Contracts because of gross incompetence." Please also describe each and every document which supports this assertion.

**ANSWER:** Defendant objects to this Interrogatory because it is overly broad and unduly burdensome. Interrogatories that demand that a party state or describe "all" facts that support a cause of action or defense are improper. *E.g. In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. CV14MD2542VSBSLC, 2020 WL 6290584, at *4 (S.D.N.Y. Oct. 27, 2020) ("The Court finds that these contention interrogatories "are overly broad and unduly burdensome" insofar as they demand that TreeHouse identify "all factual bases and Documents" for "each Customer or potential Customer" TreeHouse claims to have lost."); *Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. v. Coventry First LLC*, 273 F.R.D. 367, 369 (S.D.N.Y. 2010) ("[W]hile contention interrogatories are a perfectly acceptable form of discovery, Defendants' requests, insofar as they seek every fact, every piece of evidence, every witness, and every application of law to fact . . . are overly broad and unduly burdensome." (citations omitted)); *Gregg v. Local 305 IBEW*, No. 1:08-CV-160, 2009 U.S. Dist. LEXIS 40761, at *16 (N.D. Ind. May 13, 2009) ("Gregg's Interrogatory encompasses virtually every factual basis for all of the Defendants' contentions. To respond would be an unduly burdensome task, since it would require the Defendants to produce veritable narratives of their entire case." (citation omitted)); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007) ("Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents."). Defendant further objects that this Interrogatory is premature. *See, e.g., SEC v. Berry*, No. C07-4431 RMW (HRL), 2011 U.S. Dist. LEXIS 64437, at *6 (N.D. Cal. June, 15, 2011) ("'[C]ourts tend to deny contention interrogatories filed before substantial discovery has taken place, but grant them if discovery is almost complete.'" (quoting *In re eBay Seller Antitrust Litig.*, No. C 07-1882 JF (RS), 2008 U.S. Dist. LEXIS 102815, at *4 (N.D. Cal. Dec. 11, 2008))); *Helmert v. Butterball, LLC*, No. 4:08CV00342 JLH, 2010 U.S. Dist. LEXIS 121902,

at *4 (E.D. Ark. Nov. 3, 2010) ("[A] number of district courts, including several in this circuit, have determined that contention interrogatories need not be answered until discovery is complete or nearing completion.").

Subject to and without waiving the foregoing, examples of gross incompetence include but are not limited to the following:

- Couvillion roughly seven weeks to remove *only* 476 feet of steel pipe even though it originally represented that it would take 14 days to remove *all* of the steel pipe referenced in the Day Rate Proposal;
- Couvillion could not find the pipe it was supposed to remove;
- Couvillion did it furnish the equipment it needed to timely perform under the Contracts;
- Failed to timely provide 90 Foot Excavator;
- Hopper Barge not available when needed;
- 3 point  anchor system  in pieces, not attached  to winches;
- Pulling Unit, and safety cages not welded down;
- Pulling Barge was too small and was not operable;
- Second Truckable Tug not on site as required;
- Diamond saw with operator not on site as required;
- Equipment not rigged up and ready on day one of the mobe up;
- Anchors were not heavy enough and were deployed improperly;
- Replacement anchors were too heavy and were not able to deploy.

## INTERROGATORY NO. 9:

Please provide all facts which you will rely in asserting that "the change in conditions was not the driving force behind Couvillion's complete failure to satisfy its obligations." Please also describe each and every document which supports this assertion.

**ANSWER:** Defendant objects to this Interrogatory because it is overly broad and unduly burdensome. Interrogatories that demand that a party state or describe "all" facts that support a cause of action or defense are improper. *E.g. In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. CV14MD2542VSBSLC, 2020 WL 6290584, at *4 (S.D.N.Y. Oct. 27, 2020) ("The Court finds that these contention interrogatories "are overly broad and unduly burdensome" insofar as they demand that TreeHouse identify "all factual bases and Documents" for "each Customer or potential Customer" TreeHouse claims to have lost."); *Ritchie Risk-Linked Strategies*

*Trading (Ir.), Ltd. v. Coventry First LLC*, 273 F.R.D. 367, 369 (S.D.N.Y. 2010) ("[W]hile contention interrogatories are a perfectly acceptable form of discovery, Defendants' requests, insofar as they seek every fact, every piece of evidence, every witness, and every application of law to fact . . . are overly broad and unduly burdensome." (citations omitted)); *Gregg v. Local 305 IBEW*, No. 1:08-CV-160, 2009 U.S. Dist. LEXIS 40761, at *16 (N.D. Ind. May 13, 2009) ("Gregg's Interrogatory encompasses virtually every factual basis for all of the Defendants' contentions. To respond would be an unduly burdensome task, since it would require the Defendants to produce veritable narratives of their entire case." (citation omitted)); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007) ("Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents."). Defendant further objects that this Interrogatory is premature. *See, e.g., SEC v. Berry*, No. C07-4431 RMW (HRL), 2011 U.S. Dist. LEXIS 64437, at *6 (N.D. Cal. June, 15, 2011) ("'[C]ourts tend to deny contention interrogatories filed before substantial discovery has taken place, but grant them if discovery is almost complete.'" (quoting *In re eBay Seller Antitrust Litig.*, No. C 07-1882 JF (RS), 2008 U.S. Dist. LEXIS 102815, at *4 (N.D. Cal. Dec. 11, 2008))); *Helmert v. Butterball, LLC*, No. 4:08CV00342 JLH, 2010 U.S. Dist. LEXIS 121902, at *4 (E.D. Ark. Nov. 3, 2010) ("[A] number of district courts, including several in this circuit, have determined that contention interrogatories need not be answered until discovery is complete or nearing completion.").

**INTERROGATORY NO. 10:**

Please provide all facts which you will rely in asserting that "the 'work' Couvillion performed in connection with the Contracts…was worth, at most, $341,612." Please also describe each and every document which supports this assertion.

**ANSWER:** Defendant objects to this Interrogatory because it is overly broad and unduly burdensome. Interrogatories that demand that a party state or describe "all" facts that support a cause of action or defense are improper. *E.g. In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. CV14MD2542VSBSLC, 2020 WL 6290584, at *4 (S.D.N.Y. Oct. 27, 2020) ("The Court finds that these contention interrogatories "are overly broad and unduly burdensome" insofar as they demand that TreeHouse identify "all factual bases and Documents" for "each Customer or potential Customer" TreeHouse claims to have lost."); *Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. v. Coventry First LLC*, 273 F.R.D. 367, 369 (S.D.N.Y. 2010) ("[W]hile contention interrogatories are a perfectly acceptable form of discovery, Defendants' requests, insofar as they seek every fact, every piece of evidence, every witness, and every application of law to fact . . . are overly broad and unduly burdensome." (citations omitted)); *Gregg v. Local 305 IBEW*, No. 1:08-CV-160, 2009 U.S. Dist. LEXIS 40761, at *16 (N.D. Ind. May 13, 2009) ("Gregg's Interrogatory encompasses virtually every factual basis for all of the Defendants' contentions. To

respond would be an unduly burdensome task, since it would require the Defendants to produce veritable narratives of their entire case." (citation omitted)); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007) ("Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents."). Defendant further objects that this Interrogatory is premature. *See, e.g., SEC v. Berry*, No. C07-4431 RMW (HRL), 2011 U.S. Dist. LEXIS 64437, at *6 (N.D. Cal. June, 15, 2011) ("'[C]ourts tend to deny contention interrogatories filed before substantial discovery has taken place, but grant them if discovery is almost complete.'" (quoting *In re eBay Seller Antitrust Litig.*, No. C 07-1882 JF (RS), 2008 U.S. Dist. LEXIS 102815, at *4 (N.D. Cal. Dec. 11, 2008))); *Helmert v. Butterball, LLC*, No. 4:08CV00342 JLH, 2010 U.S. Dist. LEXIS 121902, at *4 (E.D. Ark. Nov. 3, 2010) ("[A] number of district courts, including several in this circuit, have determined that contention interrogatories need not be answered until discovery is complete or nearing completion.").

Subject to the foregoing, Couvillion should have been able to remove all 1260 feet of pipe for $509,483 plus additional costs directly attributable to erroneous depth and location data. Instead, Couvillion only removed roughly 25% of the job. $341,612 represents the top end of the value of any work performed by Couvillion. In fact, the value of Couvillion's work was roughly $127,370.75, which represents 25% of the $509,483.

## INTERROGATORY NO. 11:

Please identify each and every plan, schematic, and survey related to the A11 pipeline which was provided to Couvillion by White Marlin, Agua, Talco, and/or Torrent, and/or any agent(s) or representative(s) acting on their behalf, in addition to the date each survey was provided to Couvillion, the identity of who performed the survey, when each survey was conducted, and when White Marlin, Agua, Talco, and/or Torrent first obtained the survey, and from whom it obtained any survey.

**ANSWER:** Defendant objects to this Interrogatory because it is vague and fails to identify the information it seeks with reasonable particularity insofar as it fails to define or describe "plan, schematic, and survey." Defendant further objects that this Interrogatory appears to be aimed to harass Defendants. Couvillion knows what it was provided.

To the extent Couvillion has questions about the origins of specific documents that it believes fall in these categories, please provide a list of said documents and Defendant will attempt to provide the requested information.

**INTERROGATORY NO. 12:**

Please describe all documents, notes, logs, memoranda or diary maintained in connection with any of your activities that concern or in any way relate to the claims asserted by Couvillion in the Complaint or the claims asserted by You in the Counterclaim.

**ANSWER:** Defendant objects that this Interrogatory is overly broad and unduly burdensome. Defendant objects to this Interrogatory because it is vague and fails to identify the information it seeks with reasonable particularity insofar as it fails to define or describe "documents, notes, logs, memoranda or diary that concern or in any way relate to the claims asserted by Couvillion."

**INTERROGATORY NO. 13:**

Please state the names and addresses of each person known or reasonably felt by you to be in possession of or having control of any document relevant to the claims asserted by Couvillion in the Complaint or the claims asserted by You in the Counterclaim.

**ANSWER:** Defendant objects to this Interrogatory because it calls for speculation. Subject to the foregoing, relevant documents may be possessed by White Marlin, Couvillion, and Axis.

**INTERROGATORY NO. 14:**

Please state the names and addresses of each person known or reasonably felt by you to be a witness to the trial of this case, whether expert or non-expert.

**ANSWER:**

| |
|---|
| **Richard Watson**<br>c/o Jordan, Lynch & Cancienne PLLC<br>1980 Post Oak Blvd., Ste. 2300<br>Houston, Texas 77007<br>(713) 955-4019 |
| **Pam Lewandowski**<br>c/o Jordan, Lynch & Cancienne PLLC<br>1980 Post Oak Blvd., Ste. 2300<br>Houston, Texas 77007<br>(713) 955-4019 |

| |
|---|
| **Charles Robinson** |
| c/o Jordan, Lynch & Cancienne PLLC |
| 1980 Post Oak Blvd., Ste. 2300 |
| Houston, Texas 77007 |
| (713) 955-4019 |
| **Nigel Solida** |
| c/o Jordan, Lynch & Cancienne PLLC |
| 1980 Post Oak Blvd., Ste. 2300 |
| Houston, Texas 77007 |
| (713) 955-4019 |
| **Jason Holvey** |
| 371 Walker Road |
| Po Box 344 |
| Belle Chasse LA 70037 |
| **Colin Harris** |
| 371 Walker Road |
| Po Box 344 |
| Belle Chasse LA 70037 |
| **Okbel Guillen** |
| 371 Walker Road |
| Po Box 344 |
| Belle Chasse LA 70037 |
| **Timmy Couvillion** |
| 371 Walker Road |
| Po Box 344 |
| Belle Chasse LA 70037 |
| **Michael Roy** |
| 371 Walker Road |
| Po Box 344 |
| Belle Chasse LA 70037 |
| **Theo Matthews** |
| 371 Walker Road |
| Po Box 344 |
| Belle Chasse LA 70037 |
| **Manuel Booker** |
| 371 Walker Road |
| Po Box 344 |
| Belle Chasse LA 70037 |
| **Albert Black** |
| 371 Walker Road |
| Po Box 344 |
| Belle Chasse LA 70037 |

| |
|---|
| **Jaimie Colgin** |
| 371 Walker Road |
| Po Box 344 |
| Belle Chasse LA 70037 |
| **Mitch Dautreuil** |
| 371 Walker Road |
| Po Box 344 |
| Belle Chasse LA 70037 |
| **Mike Luke** |
| Eagle Energy Services |
| mluke@eagle-facilities.com |
| C: (985) 803-5455 |
| **Okbel Guillen** |
| 371 Walker Road |
| Po Box 344 |
| Belle Chasse LA 70037 |
| **Pete Cormier** |
| **Michael Cancienne** |
| c/o Jeb Golinkin |
| Jordan, Lynch & Cancienne PLLC |
| 1980 Post Oak Blvd., Suite 2300 |
| Houston, TX 77007 |