February 2, 2024

**VIA EMAIL and CMECF**
The Honorable Andrew M. Edison
United States Courthouse
515 Rusk Street, Room 6202
Houston, Texas 77022
Cm4147@txs.uscourts.gov

> Re: *Couvillion Group, LLC v. White Marlin Operating Company, LLC, et al;* Civil Action No. 4:22-cv-00908
> Couvillion's Request for Pre-Motion Conference

Dear Judge Edison,

    We write to inform you that following the Pre-Motion Conference held on January 31, 2024, the parties were unable to reach a compromise regarding the instant discovery dispute. As such, Couvillion Group, LLC ("Couvillion") requests that the status conference with the Court, set for Monday, February 5, 2024, at 4:00 pm, proceed as scheduled. Couvillion propounded discovery on Defendants in October 2023; however, Defendants have failed to respond to a total of fifty (50) Requests for Production and Interrogatories. As a result, Couvillion has requested the Court intervene and enter an order compelling Defendants to respond fully.

    As explained during the Pre-Motion Conference, Couvillion's discovery seeks information and documents which are related to its claims for breach of contract, breach of oral contract, suit on sworn account, alter ego, fraud, negligent misrepresentation and quatum meruit arising out of Defendants' failue to pay Couvillion for services rendered in the summer of 2021. Specifically, Couvillion's discovery seeks documents and information related to Defendants' ownership, control, and financial relationship, as well as financial statements, asset transfers, banking information, and employment records. Couvillion requests these documents as the information therein is relevant to Couvillion's pending claims of fraud, alter ego, and breach of contract.

    Couvillion's Verified Second Amended Complaint asserts, in part, that Defendants perpetuated acts of fraud to induce Couvillion's performance while knowing they did not have the resources to timely pay Couvillion. Couvillion also assert an alter ego claim on the basis that Defendants disregarded corporate separateness, commingled assests, and were operated in a manner to avoid paying Couvillion for the services it performed. The United States Fifth Circuit Court of Appeal has provided the following "list of non-exhaustive factors" for district court to consider:

    (1) common employees;

1

February 2, 2024
Page 2

    (2) common offices;

    (3) centralized accounting;

    (4) payment of wages by one corporation to the other's employees;

    (5) common business name;

    (6) services rended by the employees of one corporation on behalf of the other;

    (7) undocumented transfers of funds between corporations;

    (8) unclear allocations of profits and losses between corporation; and

    (9) common ownership.[1]

As a result, the documents and information sought by Couvillion are surely relevant, as Defendants' ownership, tax returns, payroll information, and financial statements are necessary to prove Couvillion's alter ego claim. Much of the same financial information, such as profit and loss statements, notes payable and receivable, and bank account information, is also relevant to Couvillion's fraud claims.

    Nonetheless, Couvillion offered to limit the scope of its discovery during the Pre-Motion Conference. Couvillion offered to revise its Requests which sought "all documents evidencing or describing" certain documents, in addition to Requests seeking "all documents which relate to" certain documents. Couvillion also offered to limit the scope of the documents sought by reducing the number of years for each Request. Instead of requesting documents and information from the past five years, Couvillion offered to revise its Requests to only seek documents and information from January 1, 2020, to the present.

    After the conclusion of the Pre-Motion Conference, Couvillion provided counsel for Defendants substantial revisions to its discovery in accordance with the Court's recommendations. (See Exhibit A: Couvillion's Proposed Revisions). However, Defendants rejected all but three of Couvillion's proposed revisions. (See Exhibit B: email exchange between counsel). In addition, Defendants rejected 34 of Couvillion's proposed revised discovery requests, without suggesting any revisions of their own. Nonetheless, Couvillion agreed to accept Defendants' proposal to revise Interrogatory No. 1 by removing the request for "the net worth of each" Defendant.

    While the parties were able to reach a compromise as to four of the fifty discovery requests which Defendants have objected to, Defendants still refuse to provide a majority of the information and documents sought by Couvillion. Specifically, Defendants maintain they should not have to

---

[1] *De La Hoya v. Coldwell Banker Mexico, Inc.*, 125 Fed.Appx. 533, 538 (5th Cir. 2005).



February 2, 2024
Page 3

provide information and documents to the following discovery requests revised by Couvillion after the Pre-Motion Conference:

1. **INTERROGATORY NO. 2:**

    Please identify by name and title each and every person employed by White Marlin, Agua, Talco, and Torrent from January 1, 2020 to the present day and the dates of such employment. Please also state which entity employed each person.

2. **INTERROGATORY NO. 4:**

    Please identify each and every bank account maintained by White Marlin, Agua, Talco, and Torrent from January 1, 2020 to the present day, including the name of the financial institution where the account is maintained and each account number.

3. **INTERROGATORY NO. 5:**

    Please identify each and every transfer of funds between a bank account maintained by the following entities between January 1, 2020 and the present day: White Marlin, Agua, Talco, Torrent, or Nigel Solida. Please also identify the document(s) which were relied upon when answering this Interrogatory.

4. **INTERROGATORY NO. 6:**

    Please identify each and every payment made or received by White Marlin, Agua, Talco, Torrent, or Nigel Solida related to the removal of the A11 pipeline, and please describe each and every document, ledger, or itemized account statement which evidences each payment.

5. **REQUEST FOR PRODUCTION NO. 3:**

    A copy of the following documents for White Marlin, Agua, Talco, and Torrent:

    (1) The Articles of Incorporation, and any amendments thereto;

    (2) The Bylaws, and any amendments thereto;

    (3) The Certificate of Incorporation from the Secretary of State evidencing each entities' corporate existence;

    (4) The Notice of Incorporation as it appeared when first published;

    (5) Copies of the minutes from all meetings of members from January 1, 2020 until the present day; and


February 2, 2024
Page 4

      (6) Copies of the minutes from all meetings of the Board of Directors from January 1, 2020 until the present day.

6. **REQUEST FOR PRODUCTION NO. 4:**

A copy of all of White Marlin's monthly profit and loss statements, whether audited or unaudited, from January 1, 2020 until the present day.

7. **REQUEST FOR PRODUCTION NO. 5:**

A copy of all of Agua's monthly profit and loss statements, whether audited or unaudited, from January 1, 2020 until the present day.

8. **REQUEST FOR PRODUCTION NO. 6:**

A copy of all of Talco's monthly profit and loss statements, whether audited or unaudited, from January 1, 2020 until the present day.

9. **REQUEST FOR PRODUCTION NO. 7:**

A copy of all of Torrent's monthly profit and loss statements, whether audited or unaudited, from January 1, 2020 until the present day.

10. **REQUEST FOR PRODUCTION NO. 8:**

For each bank account maintained by White Marlin, a copy of the monthly statement for the period beginning on January 1, 2020 until the present day, including the specific transaction number, date, amount of transaction, and transaction description for any transfer of funds between a bank account maintained by White Marlin, Agua, Talco, Torrent, and Nigel Solida.

11. **REQUEST FOR PRODUCTION NO. 9:**

Copies of any document transferring assets between White Marlin and Agua, Talco, Torrent, and/or Nigel Solida, between January 1, 2020 and the present day.

12. **REQUEST FOR PRODUCTION NO. 10:**

A copy of a document evidencing the identity and address of each person or entity that has or had an ownership interest in White Marlin between January 1, 2020 and the present day.

February 2, 2024
Page 5

13. **REQUEST FOR PRODUCTION NO. 11:**

A copy of a document evidencing the identity and address of each person or entity that has or had an ownership interest in Agua between January 1, 2020 and the present day.

14. **REQUEST FOR PRODUCTION NO. 12:**

A copy of a document evidencing the identity and address of each person or entity that has or had an ownership interest in Talco between January 1, 2020 and the present day.

15. **REQUEST FOR PRODUCTION NO. 13:**

A copy of a document evidencing the identity and address of each person or entity that has or had an ownership interest in Torrent between January 1, 2020 and the present day.

16. **REQUEST FOR PRODUCTION NO. 14:**

A copy of White Marlin's federal and state tax return(s), including all schedules and attachments, filed between January 1, 2020 and the present day.

17. **REQUEST FOR PRODUCTION NO. 15:**

A copy of Agua's federal and state tax return(s), including all schedules and attachments, filed between January 1, 2020 and the present day.

18. **REQUEST FOR PRODUCTION NO. 16:**

A copy of Talco's federal and state tax return(s), including all schedules and attachments, filed between January 1, 2020 and the present day.

19. **REQUEST FOR PRODUCTION NO. 17:**

A copy of Torrent's federal and state tax return(s), including all schedules and attachments, filed between January 1, 2020 and the present day.

20. **REQUEST FOR PRODUCTION NO. 18:**

The payroll records for each and every person employed by White Marlin between January 1, 2020 and the present day.

February 2, 2024
Page 6

21. **REQUEST FOR PRODUCTION NO. 19:**

    The payroll records for each and every person employed by Agua between January 1, 2020 and the present day.

22. **REQUEST FOR PRODUCTION NO. 20:**

    The payroll records for each and every person employed by Talco between January 1, 2020 and the present day.

23. **REQUEST FOR PRODUCTION NO. 21:**

    The payroll records for each and every person employed by Torrent between January 1, 2020 and the present day.

24. **REQUEST FOR PRODUCTION NO. 22:**

    The job description for any person employed by White Marlin between January 1, 2020 and the present day.

25. **REQUEST FOR PRODUCTION NO. 23:**

    The job description for any person employed by Agua between January 1, 2020 and the present day.

26. **REQUEST FOR PRODUCTION NO. 24:**

    The job description for any person employed by Talco between January 1, 2020 and the present day.

27. **REQUEST FOR PRODUCTION NO. 25:**

    The job description for any person employed by Torrent between January 1, 2020 and the present day.

28. **REQUEST FOR PRODUCTION NO. 27:**

    A copy of all loans provided by White Marlin to Agua, Talco, Torrent, and/or Nigel Solida between January 1, 2020 and the present day.

February 2, 2024
Page 7

29. **REQUEST FOR PRODUCTION NO. 28:**

    A copy of all loans provided by Agua, Talco, Torrent, and/or Nigel Solida to White Marlin between January 1, 2020 and the present day.

30. **REQUEST FOR PRODUCTION NO. 67:**

    A copy of White Marlin's general ledger from January 1, 2020 to the present day.

31. **REQUEST FOR PRODUCTION NO. 68:**

    A copy of Agua's general ledger from January 1, 2020 to the present day.

32. **REQUEST FOR PRODUCTION NO. 69:**

    A copy of Talco's general ledger from January 1, 2020 to the present day.

33. **REQUEST FOR PRODUCTION NO. 70:**

    A copy of Torrent Oil, LLC's general ledger from January 1, 2020 to the present day.

34. **REQUEST FOR PRODUCTION NO. 71:**

    A copy of White Marlin's accounts receivable and accounts payable subsidiary ledgers from January 1, 2020 to the present day.

35. **REQUEST FOR PRODUCTION NO. 72:**

    A copy of Agua's accounts receivable and accounts payable subsidiary ledgers from January 1, 2020 to the present day.

36. **REQUEST FOR PRODUCTION NO. 73:**

    A copy of Talco's accounts receivable and accounts payable subsidiary ledgers from January 1, 2020 to the present day.

37. **REQUEST FOR PRODUCTION NO. 74:**

    A copy of Torrent Oil, LLC's accounts receivable and accounts payable subsidiary ledgers January 1, 2020 to the present day.

38. **REQUEST FOR PRODUCTION NO. 75:**

    A copy of White Marlin's payroll journal/ledger January 1, 2020 to the present day.

39. **REQUEST FOR PRODUCTION NO. 76:**

    A copy of Agua's payroll journal/ledger January 1, 2020 to the present day.

40. **REQUEST FOR PRODUCTION NO. 77:**

    A copy of Talco's payroll journal/ledger January 1, 2020 to the present day.

41. **REQUEST FOR PRODUCTION NO. 78:**

    A copy of Torrent Oil, LLC's payroll journal/ledger January 1, 2020 to the present day.

42. **REQUEST FOR PRODUCTION NO. 79:**

    A copy of any Internal Revenue Service notices received by White Marlin from January 1, 2020 to the present day.

43. **REQUEST FOR PRODUCTION NO. 80:**

    A copy of any Internal Revenue Service notices received by Agua from January 1, 2020 to the present day.

44. **REQUEST FOR PRODUCTION NO. 81:**

    A copy of any Internal Revenue Service notices received by Talco from January 1, 2020 to the present day.

45. **REQUEST FOR PRODUCTION NO. 82:**

    A copy of any Internal Revenue Service notices received by Torrent Oil, LLC from January 1, 2020 to the present day.

46. **REQUEST FOR PRODUCTION NO. 83:**

    A copy of any notes payable and notes receivable executed by White Marlin from January 1, 2020 to the present day.

47. **REQUEST FOR PRODUCTION NO. 84:**

    A copy of any notes payable and notes receivable executed by Agua from January 1, 2020 to the present day.

February 2, 2024
Page 9

48. **REQUEST FOR PRODUCTION NO. 85:**

A copy of any notes payable and notes receivable executed by Talco from January 1, 2020 to the present day.

49. **REQUEST FOR PRODUCTION NO. 86:**

A copy of any notes payable and notes receivable executed by Torrent Oil, LLC from January 1, 2020 to the present day.

50. **REQUEST FOR PRODUCTION NO. 87:**

A copy of the schedule of intercompany transfers of funds from January 1, 2020 to the present day.

As demonstrated by the foregoing and during the Pre-Motion Conference, the documents and information which Couvillion seeks are entirely relevant to its claims. Both the Federal Rules of Civil Procedure and United States Fifth Circuit precedent establish that Couvillion is entited to obtain documents and information relevant to their claims. Accordingly, Couvillion requests that this Honorable Court enter an order on the record compelling Defendants to respond to the discovery listed above.

With Kind Regards,

*/s/ Daniel E. Schwank*