UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS – HOUSTON DIVISION

| | | |
|---|---|---|
| COUVILLION GROUP, LLC | * | |
| VERSUS | * | CIVIL ACTION NO. 4:22-cv-00908 |
| WHITE MARLIN OPERATING COMPANY LLC | * | |

* ******************************

**REQUESTS FOR PRODUCTION**

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, Couvillion Group, LLC ("Couvillion") and propounds the following Requests for Production to White Marlin Operating Company, LLC ("White Marlin"), Agua Tranquillo Midstream LLC ("Agua"), and Talco Petroleum, LLC ("Talco"):

A. In the following Requests for Production:

"You" and "Your" means Defendant, White Marlin Operating Company, LLC, and all representatives or other persons acting on behalf of Defendant.

"Document" means any written, recorded or graphic matter however produced or reproduced.

"Identity" or "identification" when used with respect to an individual means to state his full name, his present or last known employment, and his present or last known address.

"Identify" or "identification" when used with reference to a document means to state the type of document (e.g. lease, memorandum, contract, telegram, chart, etc.) or some other means of identifying its location and custodian, the date thereon, if any, and the identity of the party or parties whose name or names appear thereon, or in lieu thereof, you may attach to your answers a copy of each such document.

"Complaint" refers to the Complaint filed by Plaintiff in this litigation and any subsequent Complaint.

***If you assert a claim of privilege for any reason, you are required to submit a Privilege Log which complies with the requirements of the Federal Rules of Civil Procedure.***

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All documents and communications referred to or relied on when answering Couvillion's First Set of Interrogatories.

**REQUEST FOR PRODUCTION NO. 2:**

Any chart depicting the corporate relationship between You, Agua, Talco, and Torrent Oil, LLC ("Torrent") which was generated or maintained in the past five years.[1]

**REQUEST FOR PRODUCTION NO. 3:**

A copy of the following documents for White Marlin, Agua, Talco, and Torrent:

(1) The Articles of Incorporation, and any amendments thereto;

(2) The Bylaws, and any amendments thereto;

(3) The Certificate of Incorporation from the Secretary of State evidencing each entities' corporate existence;

(4) The Notice of Incorporation as it appeared when first published;

(5) Copies of the minutes from all meetings of members ~~during the past five years~~from January 1, 2020 until the present day; and

(6) Copies of the minutes from all meetings of the Board of Directors from January 1, 2020 until the present day~~during the past five years~~.

**REQUEST FOR PRODUCTION NO. 4:**

[1] Of note, precedent from the United States Fifth Circuit Court of Appeal and courts in Texas establishes that the information sought in this Request for Production, and throughout Couvillion's discovery, is entirely relevant to the claims alleged by Couvillion in its Verified Second Amended Complaint. See De La Hoya, v. Coldwell Banker Mexico, Inc., 125 Fed. App'x. 533, 538 (5th Cir. 2005); Perez v. McCreary, Veselka, Bragg & Allen, P.C., 2021 WL 352433 (W.D. Tex. Feb 2, 2021) (wherein the Court granted a party's Motion to Compel information about ownership interests, organizational structure, and employee data, in addition to information regarding the organization's net worth, on the basis of an alter ego and joint enterprise claim).

A copy of all of White Marlin's ~~financial statements, whether audited or unaudited, and all~~ monthly profit and loss statements, whether audited or unaudited, from January 1, 2020 until the present day.~~the past five years.~~

**REQUEST FOR PRODUCTION NO. 5:**

A copy of all of Agua's ~~financial statements, whether audited or unaudited, and all~~ monthly profit and loss statements, whether audited or unaudited, from January 1, 2020 until the present day.

**Formatted:** Indent: First line: 0.5"

~~monthly profit and loss statements, from the past five years.~~

**Formatted:** Indent: First line: 0"

**REQUEST FOR PRODUCTION NO. 6:**

A copy of all of Talco's monthly profit and loss statements, whether audited or unaudited, from January 1, 2020 until the present day.

**Formatted:** Indent: First line: 0.5"

~~financial statements, whether audited or unaudited, and all monthly profit and loss statements, from the past five years.~~

**Formatted:** Indent: First line: 0"

**REQUEST FOR PRODUCTION NO. 7:**

A copy of all of Torrent's monthly profit and loss statements, whether audited or unaudited, from January 1, 2020 until the present day.~~financial statements, whether audited or unaudited, and all monthly profit and loss statements, from the past five years.~~

**REQUEST FOR PRODUCTION NO. 8:**

For each bank account maintained by White Marlin, a copy of the monthly statement for the period beginning on January 1, 2020~~19~~ until the present day, including the specific transaction number, date, amount of transaction, and transaction description for any transfer of funds between a bank account maintained by White Marlin, Agua, Talco, Torrent, and Nigel Solida.

**REQUEST FOR PRODUCTION NO. 9:**

~~A copy of all documents which relate to any~~ Copies of any document ~~transfer~~transferring ~~of a~~assets between White Marlin and Agua, Talco, Torrent, and/or Nigel Solida, between January 1, 2020~~19~~ and the present day.

**REQUEST FOR PRODUCTION NO. 10:**

~~A copy of any and all corporate~~A copy of a document ~~records or ledgers~~ evidencing the identity and address of each person or entity that has or had an ownership interest in White Marlin between January 1, 2020 and the present day.

~~during the past five years.~~

**REQUEST FOR PRODUCTION NO. 11:**

A copy of a document evidencing the identity and address of each person or entity that has or had an ownership interest in ~~A copy of any and all corporate records or ledgers evidencing the identity and address of each person or entity that has or had an ownership interest in~~ Agua between January 1, 2020 and the present day.

~~during the past five years.~~

**Formatted:** Indent: First line: 0.5"

**REQUEST FOR PRODUCTION NO. 12:**

A copy of a document evidencing the identity and address of each person or entity that has or had an ownership interest in ~~A copy of any and all corporate records or ledgers evidencing the identity and address of each person or entity that has or had an ownership interest in~~ Talco between January 1, 2020 and the present day. ~~during the past five years.~~

**REQUEST FOR PRODUCTION NO. 13:**

A copy of a document evidencing the identity and address of each person or entity that has or had an ownership interest in ~~A copy of any and all corporate records or ledgers evidencing the identity and address of each person or entity that has or had an ownership interest in~~ Torrent between January 1, 2020 and the present day. ~~during the past five years.~~

**REQUEST FOR PRODUCTION NO. 14:**

A copyCopies of the White Marlin's federal and state tax return(s), including all schedules and attachments, filed between January 1, 2020 and the present day. and any state tax returns, for White Marlin, including all schedules and attachments, for the past five years.

**REQUEST FOR PRODUCTION NO. 15:**

A copy of Agua's federal and state tax return(s), including all schedules and attachments, filed between January 1, 2020 and the present day.

Copies of the federal tax return, and any state tax returns, for Agua, including all schedules and attachments, for the past five years.

**REQUEST FOR PRODUCTION NO. 16:**

A copy of Talco's federal and state tax return(s), including all schedules and attachments, filed between January 1, 2020 and the present day. Copies of the federal tax return, and any state tax returns, for Talco, including all schedules and attachments, for the past five years.

**REQUEST FOR PRODUCTION NO. 17:**

A copy of Torrent's federal and state tax return(s), including all schedules and attachments, filed between January 1, 2020 and the present day. Copies of the federal tax return, and any state tax returns, for Torrent, including all schedules and attachments, for the past five years.

**REQUEST FOR PRODUCTION NO. 18:**

All The payroll records for each and every person employed by White Marlin between January 1, 2020 and the present day. during the past five years.

**REQUEST FOR PRODUCTION NO. 19:**

All The payroll records for each and every person employed by Agua between January 1, 2020 and the present day. during the past five years.

**REQUEST FOR PRODUCTION NO. 20:**

~~All~~ The payroll records for each and every person employed by Talco between January 1, 2020 and the present day. ~~during the past five years.~~

**REQUEST FOR PRODUCTION NO. 21:**

~~All~~ The payroll records for each and every person employed by Torrent between January 1, 2020 and the present day. ~~during the past five years.~~

**REQUEST FOR PRODUCTION NO. 22:**

~~Any~~ The job description ~~or document(s) evidencing the responsibilities and duties of~~for any person employed by White Marlin between January 1, 2020 and the present day. ~~during the past five years.~~

Formatted: Font: Not Bold, No underline

**REQUEST FOR PRODUCTION NO. 23:**

~~Any~~ The job description ~~or document evidencing the responsibilities and duties of~~for any person employed by Agua between January 1, 2020 and the present day. ~~during the past five years.~~

**REQUEST FOR PRODUCTION NO. 24:**

~~Any~~ The job description ~~or document evidencing the responsibilities and duties of~~for any person employed by Talco between January 1, 2020 and the present day. ~~during the past five years.~~

**REQUEST FOR PRODUCTION NO. 25:**

~~Any~~ The job description ~~or document evidencing the responsibilities and duties of~~for any person employed by Torrent between January 1, 2020 and the present day. ~~during the past five years.~~

**REQUEST FOR PRODUCTION NO. 26:**

Any and all contracts, agreements, promissory notes, applications, loan documents, proposals, or bid documents which were executed by Richard Watson on behalf of Agua or Torrent between January 1, 2020 and the present day. ~~during the past five years.~~

**REQUEST FOR PRODUCTION NO. 27:**

A copy of~~Copies of~~ all ~~documents evidencing~~ loanss~~s~~ provided by White Marlin to Agua, Talco, Torrent, and/or Nigel Solida between January 1, 2020 and the present day. ~~during the past five years.~~

**REQUEST FOR PRODUCTION NO. 28:**

A copy of all loans provided by ~~Copies of all documents evidencing loans from~~ Agua, Talco, Torrent, and/or Nigel Solida to White Marlin ~~during the past five years.~~between January 1, 2020 and the present day.

**REQUEST FOR PRODUCTION NO. 29:**

~~All~~ A document~~s~~ ~~evidencing or describing~~sufficient to identify any security or other collateral provided by Agua, Talco, or Torrent for White Marlin's benefit to secure any loan issued to White Marlin between January 1, 2020 and the present day.

~~during the past five years.~~

**REQUEST FOR PRODUCTION NO. 30:**

Copies of any agreements, contracts, leases, or acts of sale concerning property which White Marlin, Agua, Talco, or Torrent have utilized as office space during the past five years.

**REQUEST FOR PRODUCTION NO. 31:**

Copies of any agreements, contracts, or written instruments (including any amendments) executed between White Marlin and Agua, Talco, or Torrent which pertain, refer, or relate to the work performed by Couvillion as referenced in the Complaint and/or relate to the 12" A11 pipeline located in the Corpus Christi Ship Channel.

**REQUEST FOR PRODUCTION NO. 32:**

Copies of any agreements, contracts, or written instruments (including any amendments) executed between White Marlin, Agua, Talco, or Torrent and TTL, Inc. which pertain, refer, or relate to the work performed by Couvillion as referenced in the Complaint and/or relate to the 12" A11 pipeline located in the Corpus Christi Ship Channel.

**REQUEST FOR PRODUCTION NO. 33:**

Copies of any agreements, contracts, or written instruments (including any amendments) executed between White Marlin, Agua, Talco, or Torrent and T. Baker Smith which pertain, refer, or relate to the work performed by Couvillion as referenced in the Complaint and/or relate to the 12" A11 pipeline located in the Corpus Christi Ship Channel.

**REQUEST FOR PRODUCTION NO. 34:**

Copies of any agreements, contracts, or written instruments (including any amendments) executed between White Marlin, Agua, Talco, or Torrent and Eagle Energy Services or Eagle LLC which pertain, refer, or relate to the work performed by Couvillion as referenced in the Complaint and/or relate to the 12" A11 pipeline located in the Corpus Christi Ship Channel.

**REQUEST FOR PRODUCTION NO. 35:**

Copies of any agreements, contracts, or written instruments (including any amendments) executed between White Marlin, Agua, Talco, or Torrent and Axis Pipeline Construction, LLC or Axis Subsea Construction Group which pertain, refer, or relate to the work performed by Couvillion as referenced in the Complaint and/or relate to the 12" A11 pipeline located in the Corpus Christi Ship Channel.

**REQUEST FOR PRODUCTION NO. 36:**

Copies of any agreements, contracts, or written instruments (including any amendments) executed between White Marlin, Agua, Talco, or Torrent and Southcross Energy LP LLC which

pertain, refer, or relate to the work performed by Couvillion as referenced in the Complaint and/or relate to the 12" A11 pipeline located in the Corpus Christi Ship Channel.

**REQUEST FOR PRODUCTION NO. 37:**

Copies of any agreements, contracts, or written instruments (including any amendments) executed between White Marlin, Agua, Talco, or Torrent and Encinal Midstream, LLC which pertain, refer, or relate to the work performed by Couvillion as referenced in the Complaint and/or relate to the 12" A11 pipeline located in the Corpus Christi Ship Channel.

**REQUEST FOR PRODUCTION NO. 38:**

Copies of any and all documents, communications, emails, text messages, and letters sent or received by White Marlin, its employee(s), representative(s), and/or subcontractor(s) which pertain, refer, or relate to the work performed by Couvillion as referenced in the Complaint and/or relate to the 12" A11 pipeline located in the Corpus Christi Ship Channel.

**REQUEST FOR PRODUCTION NO. 39:**

Copies of any and all documents, communications, emails, text messages, and letters sent or received by Agua, its employee(s), its representative(s), and/or its subcontractor(s) which pertain, refer, or relate to the work performed by Couvillion as referenced in the Complaint and/or related to the 12" A11 pipeline located in the Corpus Christi Ship Channel.

**REQUEST FOR PRODUCTION NO. 40:**

Copies of any and all documents, communications, emails, text messages, and letters sent or received by Talco, its employee(s), its representative(s), and/or its subcontractor(s) which pertain, refer, or relate to the work performed by Couvillion as referenced in the Complaint and/or related to the 12" A11 pipeline located in the Corpus Christi Ship Channel.

**REQUEST FOR PRODUCTION NO. 41:**

Copies of any and all documents, communications, emails, text messages, and letters sent or received by Torrent, its employee(s), its representative(s), and/or its subcontractor(s)

which pertain, refer, or relate to the work performed by Couvillion as referenced in the Complaint and/or related to the 12" A11 pipeline located in the Corpus Christi Ship Channel.

**REQUEST FOR PRODUCTION NO. 42:**

Any and all letters, correspondence, text messages, e-mails, facsimiles, documents, memoranda, or reports prepared, authored, or sent by You to any person or entity which pertain, refer, or relate to Couvillion's Invoice No.204144 or Invoice No. 204255.

**REQUEST FOR PRODUCTION NO. 43:**

Any and all invoices submitted by Couvillion to White Marlin for work performed pursuant to the Day Rate Proposal (Rec. Doc. 11-1), Master Service Agreement (Rec. Doc. 11-2), and/or any oral agreement between Couvillion and White Marlin for to work performed by Couvillion at White Marlin's request between January 1, 2021 and the present day.

**REQUEST FOR PRODUCTION NO. 44:**

Any and all documents which White Marlin alleges support any claim that White Marlin paid Couvillion for the amount(s) owed under the Day Rate Proposal or Master Service Agreement.

**REQUEST FOR PRODUCTION NO. 45:**

Any and all documents, communications, e-mails, text messages, facsimiles, or reports allegedly sent to Couvillion by White Marlin, Agua, Talco, and/or Torrent disputing the amounts invoiced.

**REQUEST FOR PRODUCTION NO. 46:**

Any and all documents, communications, e-mails, text messages, facsimiles, or reports which support White Marlin's contention that "White Marlin solicited bids from eleven contractors" for the removal of the A11 pipeline.

**REQUEST FOR PRODUCTION NO. 47:**

Please produce all documents, communications, e-mails, text messages, facsimiles, or reports which support White Marlin's contention that "Couvillion egregiously breached its obligations under both the Day Rate Proposal and the MSA…"

**REQUEST FOR PRODUCTION NO. 48:**

Please produce the contract between Aqua and White Marlin referenced in Paragraph 13 of White Marlin's Counterclaims.

**REQUEST FOR PRODUCTION NO. 49:**

Any and all documents, communications, e-mails, text messages, facsimiles, or reports which support White Marlin's contention that "the change in conditions was not the driving force behind Couvillion's complete failure to satisfy its obligations."

**REQUEST FOR PRODUCTION NO. 50:**

Any and all documents, communications, e-mails, text messages, facsimiles, or reports which support White Marlin's contention that "Couvillion did not timely perform under the Contracts because of gross incompetence."

**REQUEST FOR PRODUCTION NO. 51:**

Any and all documents, communications, e-mails, text messages, facsimiles, or reports which support White Marlin's contention that "Couvillion could not even find the pipe it was supposed to remove, nor did it furnish the equipment it needed…to timely perform under the Contract."

**REQUEST FOR PRODUCTION NO. 52:**

Any and all documents, communications, e-mails, text messages, facsimiles, or reports which support White Marlin's contention that "Couvillion repeatedly assured White Marlin that

White Marlin would not be charged for overages caused by Couvillion's own failures to comply with the Contracts."

**REQUEST FOR PRODUCTION NO. 53:**

Any and all documents, communications, e-mails, text messages, facsimiles, or reports which support White Marlin's contention that "[w]hen Couvillion management learned that its project manager had made these representations to White Marlin, however, Couvillion removed him from the job, and replaced him with a new project manager who reversed course."

**REQUEST FOR PRODUCTION NO. 54:**

Any and all documents, communications, e-mails, text messages, facsimiles, or reports which support White Marlin's contention that "White Marlin fired Couvillion on September 24, 2021."

**REQUEST FOR PRODUCTION NO. 55:**

Any and all documents, communications, e-mails, text messages, facsimiles, or reports which support White Marlin's contention that "[a]s a result of Couvillion's Breaches of Contract, White Marlin had to retain and pay another company to complete Couvillion's scope of work."

**REQUEST FOR PRODUCTION NO. 56:**

Any and all documents, communications, e-mails, text messages, facsimiles, or reports which support White Marlin's contention that "the 'work' Couvillion performed in connection with the Contracts…was worth, at most, $341,612."

Formatted: Indent: First line: 0.5"

**REQUEST FOR PRODUCTION NO. 57:**

Any and all plans, schematics, and surveys, including but not limited to pipeline clearance surveys, of the A11 pipeline in White Marlin's possession, or in the possession of Agua, Talco, or Torrent, between 2019 and the present day.

**REQUEST FOR PRODUCTION NO. 58:**

Any and all documents, communications, e-mails, text messages, facsimiles, or reports which pertain, relate, or mention any surveys, including but not limited to pipeline clearance surveys, of the A11 pipeline in White Marlin's possession, or in the possession of Agua, Talco, or Torrent between 2019 and the present day.

**REQUEST FOR PRODUCTION NO. 59:**

Copies of any and all communications, emails, text messages, letters, facsimiles, reports, or invoices exchanged between White Marlin, Agua, Talco, or Torrent and the entity or entities which White Marlin alleges it was forced to retain "to complete Couvillion's scope of work." See Paragraph 30 of White Marlin's Counterclaim.

**REQUEST FOR PRODUCTION NO. 60:**

Any and all non-privileged documents, communications, memorandum, e-mails, text messages, facsimiles, or reports which pertain, relate, or mention White Marlin's decision to "fire[]" Couvillion on September 25, 2021.

**REQUEST FOR PRODUCTION NO. 61:**

Any and all documents, communications, memorandum, e-mails, text messages, facsimiles, or reports in White Marlin's possession, or the possession of Agua, Talco, or Torrent, which pertain, relate, or mention delays in the removal of the A11 pipeline due to COVID 19.

**REQUEST FOR PRODUCTION NO. 62:**

Any and all documents, communications, memorandum, e-mails, text messages, facsimiles, or reports in White Marlin's possession, or the possession of Agua, Talco, or Torrent, which pertain, relate, or mention delays in the removal of the A11 pipeline due to vessel traffic in the Corpus Christi Intercoastal Waterway.

**REQUEST FOR PRODUCTION NO. 63:**

Any and all documents, communications, memorandum, e-mails, text messages, facsimiles, or reports in White Marlin's possession, or the possession of Agua, Talco, or Torrent, which pertain, relate, mention, or provide an estimate for the number of days it would take to remove the A11 pipeline.

**REQUEST FOR PRODUCTION NO. 64:**

Any and all financial documents, including bank statements, in White Marlin's possession or the possession of Agua, Talco, or Torrent, related to the purchase and return of a clamp obtained from PetroQuip for work performed on the A11 pipeline.

**REQUEST FOR PRODUCTION NO. 65:**

Any and all documents, communications, memorandum, e-mails, text messages, facsimiles, or reports in White Marlin's possession, or the possession of Agua, Talco, or Torrent, which pertain, relate, mention the return of the clamp obtained from PetroQuip, and/or the reimbursement of money for the clamp to White Marlin, Agua, Talco, or Torrent.

**REQUEST FOR PRODUCTION NO. 66:**

Any written or recorded statement(s) in White Marlin's possession, or the possession of Agua, Talco, or Torrent, regarding any work performed by Couvillion on the A11 pipeline.

Respectfully submitted,

**FRILOT L.L.C.**

***/s/ Daniel E. Schwank***
**PATRICK J. MCSHANE T.A. (#19055)**
***Pro hac vice***
**DANICA BENBOW DENNY (#27376)**
***Pro hac vice***
**KATHLEEN P. RICE (#31291)**
***Pro hac vice***
**DANIEL E. SCHWANK (#39333)**
***Pro hac vice***
1100 Poydras Street, Suite 3700
New Orleans, LA 70163-3600
Telephone: (504) 599-8000
Facsimile: (504) 599-8100
E-mail: pmcshane@frilot.com
ddenny@frilot.com
krice@frilot.com
dschwank@frilot.com
***Counsel for Plaintiff, Couvillion Group, LLC***

**AND**

**RICHARD GORMAN LAW**

**Richard L. Gorman**
**State Bar No. 00784155**
**Federal I.D. 15685**
12335 Kingsride Ln. #354
Houston, TX 77024-4116
Telephone: (832) 725-4026
Facsimile: (281) 854-2200
E-mail: rg@richardgormanlaw.com
***Local Counsel for Plaintiff, Couvillion Group, LLC***

**CERTIFICATE OF CIRCULATION AND SERVICE**

I certify that on October 2, 2023, the following was circulated and served on all counsel of record via electronic mail.

***/s/ Daniel E. Schwank***

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF TEXAS – HOUSTON DIVISION**

| | | |
|---|---|---|
| **COUVILLION GROUP, LLC** | * * * | |
| **VERSUS** | * * * | **CIVIL ACTION NO. 4:22-cv-00908** |
| **WHITE MARLIN OPERATING COMPANY LLC** | * * * * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**COUVILLION'S FIRST SUPPLEMENTAL REQUESTS FOR PRODUCTION**

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, Couvillion Group, LLC ("Couvillion") and propounds the following First Supplemental Requests for Production to White Marlin Operating Company, LLC ("White Marlin"), Agua Tranquillo Midstream LLC ("Agua"), and Talco Petroleum, LLC ("Talco"):

A. In the following Requests for Production:

"You" and "Your" means Defendant, White Marlin Operating Company, LLC, and all representatives or other persons acting on behalf of Defendant.

"Document" means any written, recorded or graphic matter however produced or reproduced.

"Identity" or "identification" when used with respect to an individual means to state his full name, his present or last known employment, and his present or last known address.

"Identify" or "identification" when used with reference to a document means to state the type of document (e.g. lease, memorandum, contract, telegram, chart, etc.) or some other means of identifying its location and custodian, the date thereon, if any, and the identity of the party or parties whose name or names appear thereon, or in lieu thereof, you may attach to your answers a copy of each such document.

"Complaint" refers to the Complaint filed by Plaintiff in this litigation and any subsequent Complaint.

***If you assert a claim of privilege for any reason, you are required to submit a Privilege Log which complies with the requirements of the Federal Rules of Civil Procedure.***

## FIRST SUPPLEMENTAL REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 67:**

A copy of White Marlin's general ledger from ~~the past five years and year to date.~~January 1, 2020 to the present day.

**REQUEST FOR PRODUCTION NO. 68:**

A copy of Agua's general ledger from January 1, 2020 to the present day. ~~the past five years and year to date.~~

**REQUEST FOR PRODUCTION NO. 69:**

A copy of Talco's general ledger from January 1, 2020 to the present day. ~~the past five years and year to date.~~

**REQUEST FOR PRODUCTION NO. 70:**

A copy of Torrent Oil, LLC's general ledger from January 1, 2020 to the present day. ~~the past five years and year to date.~~

**REQUEST FOR PRODUCTION NO. 71:**

A copy of White Marlin's accounts receivable and accounts payable subsidiary ledgers from January 1, 2020 to the present day. ~~from the past five years and year to date.~~

**REQUEST FOR PRODUCTION NO. 72:**

A copy of Agua's accounts receivable and accounts payable subsidiary ledgers from January 1, 2020 to the present day. ~~from the past five years and year to date.~~

**REQUEST FOR PRODUCTION NO. 73:**

A copy of Talco's accounts receivable and accounts payable subsidiary ledgers from January 1, 2020 to the present day. ~~the past five years and year to date.~~

**REQUEST FOR PRODUCTION NO. 74:**

A copy of Torrent Oil, LLC's accounts receivable and accounts payable subsidiary ledgers January 1, 2020 to the present day. ~~from the past five years and year to date.~~

**REQUEST FOR PRODUCTION NO. 75:**

A copy of White Marlin's payroll journal/ledger January 1, 2020 to the present day. from the past five years.

**REQUEST FOR PRODUCTION NO. 76:**

A copy of Agua's payroll journal/ledger January 1, 2020 to the present day. from the past five years.

**REQUEST FOR PRODUCTION NO. 77:**

A copy of Talco's payroll journal/ledger January 1, 2020 to the present day. from the past five years.

**REQUEST FOR PRODUCTION NO. 78:**

A copy of Torrent Oil, LLC's payroll journal/ledger January 1, 2020 to the present day. from the past five years.

**REQUEST FOR PRODUCTION NO. 79:**

A copy of any Internal Revenue Service notices received by White Marlin from January 1, 2020 to the present day. for the past five years.

**REQUEST FOR PRODUCTION NO. 80:**

A copy of any Internal Revenue Service notices received by Agua from January 1, 2020 to the present day.for the past five years.

**REQUEST FOR PRODUCTION NO. 81:**

A copy of any Internal Revenue Service notices received by Talco for from January 1, 2020 to the present day.

the past five years.

**REQUEST FOR PRODUCTION NO. 82:**

A copy of any Internal Revenue Service notices received by Torrent Oil, LLC from January 1, 2020 to the present day.for the past five years.

**REQUEST FOR PRODUCTION NO. 83:**

A copy of any notes payable and notes receivable executed by White Marlin from January 1, 2020 to the present day.~~for the past five years.~~

**REQUEST FOR PRODUCTION NO. 84:**

A copy of any notes payable and notes receivable executed by Agua from January 1, 2020 to the present day.~~for the past five years.~~

**REQUEST FOR PRODUCTION NO. 85:**

A copy of any notes payable and notes receivable executed by Talco from January 1, 2020 to the present day.

~~for the past five years.~~

**REQUEST FOR PRODUCTION NO. 86:**

A copy of any notes payable and notes receivable executed by Torrent Oil, LLC from January 1, 2020 to the present day.~~for the past five years.~~

**REQUEST FOR PRODUCTION NO. 87:**

A copy of the schedule of intercompany transfers of funds from January 1, 2020 to the present day.~~for the past five years.~~

Respectfully submitted,

**FRILOT L.L.C.**

***/s/ Daniel E. Schwank***

**PATRICK J. MCSHANE T.A. (#19055)**
***Pro hac vice***
**DANICA BENBOW DENNY (#27376)**
***Pro hac vice***
**KATHLEEN P. RICE (#31291)**
***Pro hac vice***
**DANIEL E. SCHWANK (#39333)**
***Pro hac vice***
1100 Poydras Street, Suite 3700
New Orleans, LA 70163-3600
Telephone: (504) 599-8000

Facsimile: (504) 599-8100
E-mail: pmcshane@frilot.com
ddenny@frilot.com
krice@frilot.com
dschwank@frilot.com
***Counsel for Plaintiff, Couvillion Group, LLC***

**AND**

**RICHARD GORMAN LAW**

**Richard L. Gorman**
**State Bar No. 00784155**
**Federal I.D. 15685**
12335 Kingsride Ln. #354
Houston, TX 77024-4116
Telephone: (832) 725-4026
Facsimile: (281) 854-2200
E-mail: rg@richardgormanlaw.com
***Local Counsel for Plaintiff, Couvillion Group, LLC***

**CERTIFICATE OF CIRCULATION AND SERVICE**

I certify that on December 14, 2023, the following was circulated and served on all counsel of record via electronic mail.

***/s/ Daniel E. Schwank***

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF TEXAS – HOUSTON DIVISION**

| | | |
|---|---|---|
| **COUVILLION GROUP, LLC** | * * * | |
| **VERSUS** | * * * | **CIVIL ACTION NO. 4:22-cv-00908** |
| **WHITE MARLIN OPERATING COMPANY LLC** | * * * * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**INTERROGATORIES**

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, Couvillion Group, LLC ("Couvillion") and propounds the following Interrogatories to White Marlin Operating Company, LLC ("White Marlin"), Agua Tranquillo Midstream LLC ("Agua"), and Talco Petroleum, LLC ("Talco"):

A. In the following Interrogatories:

"You" and "Your" means Defendant, White Marlin Operating Company, LLC, and all representatives or other persons acting on behalf of Defendant.

"Document" means any written, recorded or graphic matter however produced or reproduced.

"Identity" or "identification" when used with respect to an individual means to state his full name, his present or last known employment, and his present or last known address.

"Identify" or "identification" when used with reference to a document means to state the type of document (e.g. lease, memorandum, contract, telegram, chart, etc.) or some other means of identifying its location and custodian, the date thereon, if any, and the identity of the party or parties whose name or names appear thereon, or in lieu thereof, you may attach to your answers a copy of each such document.

"Complaint" refers to the Complaint filed by Plaintiff in this litigation and any subsequent Complaint.

***If you assert a claim of privilege for any reason, you are required to submit a Privilege Log which complies with the requirements of the Federal Rules of Civil Procedure.***

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Please provide the following information for White Marlin, Agua, Talco, and Torrent Oil, LLC ("Torrent"):

(1) The identity of each and every affiliate, subsidiary, and parent entity between January 1, 2020 and the present day;

(2) The identity of each and every director, officer, and member with a financial interest between January 1, 2020 and the present day;

(3) Each state or jurisdiction of incorporation and the date of incorporation in each state or jurisdiction;

(4) The net worth of each; and

(5) The address for each and every office.[1]

**INTERROGATORY NO. 2:**

Please identify by name and title each and every person employed by White Marlin, Agua, Talco, and Torrent from January 1, 2020 to the present day and the dates of such employment. Please also state which entity employed each person.

**INTERROGATORY NO. 3:**

Please identify the accounting firm(s)/CPA that prepared financial documents, such as tax returns or balance sheets, for White Marlin, Agua, Talco, and Torrent from January 1, 2020 to the present day.

[1] Of note, precedent from the United States Fifth Circuit Court of Appeal and courts in Texas establishes that the information sought in this Interrogatory, and throughout Couvillion's discovery, is entirely relevant to the claims alleged by Couvillion in its Verified Second Amended Complaint. *See De La Hoya, v. Coldwell Banker Mexico, Inc.*, 125 Fed. App'x. 533, 538 (5th Cir. 2005); *Perez v. McCreary, Veselka, Bragg & Allen, P.C.*, 2021 WL 352433 (W.D. Tex. Feb 2, 2021) (wherein the Court granted a party's Motion to Compel information about ownership interests, organizational structure, and employee data, in addition to information regarding the organization's net worth, on the basis of an alter ego and joint enterprise claim).

**INTERROGATORY NO. 4:**

Please identify each and every bank account maintained by White Marlin, Agua, Talco, and Torrent from January 1, 2020 to the present day, including the name of the financial institution where the account is maintained and each account number.

**INTERROGATORY NO. 5:**

Please identify each and every transfer of funds between a bank account maintained by the following entities between January 1, 2020 and the present day: White Marlin, Agua, Talco, Torrent, or Nigel Solida. Please also identify the document(s) which were relied upon when answering this Interrogatory.

**INTERROGATORY NO. 6:**

Please identify each and every payment made or received by White Marlin, Agua, Talco, Torrent, or Nigel Solida related to the removal of the A11 pipeline, and please describe each and every document, ledger, or itemized account statement which evidences each payment.

**INTERROGATORY NO. 1:**

Please provide the following information for White Marlin, Agua, Talco, and Torrent Oil, LLC ("Torrent"):

(1) The identity of each and every affiliate, subsidiary, and parent entity between January 1, 2019 and the present day;

(2) The identity of each and every director, officer, and member with a financial interest between January 1, 2019 and the present day;

(3) Each state or jurisdiction of incorporation and the date of incorporation in each state or jurisdiction;

(4) The net worth of each; and

(5) The address for each and every office.[2]

**INTERROGATORY NO. 2:**

Please identify by name and title each and every person employed by White Marlin, Agua, Talco, and Torrent during the past five years and the dates of such employment. Please also state which entity employed each person.

**INTERROGATORY NO. 3:**

Please identify the accounting firm(s)/CPA that prepared financial documents, such as tax returns or balance sheets, for White Marlin, Agua, Talco, and Torrent during the past five years.

**INTERROGATORY NO. 4:**

Please identify each and every bank account maintained by White Marlin, Agua, Talco, and Torrent for the past five years, including the name of the financial institution where the account is maintained and each account number.

**INTERROGATORY NO. 5:**

Please identify each and every instance when funds were transferred between a bank account maintained by the following entities during the past five years: White Marlin, Agua, Talco, Torrent, or Nigel Solida. Please also describe each and every document, ledger, or itemized account statement which evidences each payment.

**INTERROGATORY NO. 6:**

[2] Of note, precedent from the United States Fifth Circuit Court of Appeal and courts in Texas establishes that the information sought in this Interrogatory, and throughout Couvillion's discovery, is entirely relevant to the claims alleged by Couvillion in its Verified Second Amended Complaint. *See De La Hoya, v. Coldwell Banker Mexico, Inc.*, 125 Fed. App'x. 533, 538 (5th Cir. 2005); *Perez v. McCreary, Veselka, Bragg & Allen, P.C.*, 2021 WL 352433 (W.D. Tex. Feb 2, 2021) (wherein the Court granted a party's Motion to Compel information about ownership interests, organizational structure, and employee data, in addition to information regarding the organization's net worth, on the basis of an alter ego and joint enterprise claim).

~~Please identify each and every payment made or received by White Marlin, Agua, Talco, Torrent, or Nigel Solida arising or related to the removal of the A11 pipeline, and please describe each and every document, ledger, or itemized account statement which evidences each payment.~~

**INTERROGATORY NO. 7:**

Please provide all facts which you will rely in asserting that White Marlin, Agua, Talco, and Torrent are not in breach of their obligations under the Day Rate Proposal, executed on July 23, 2021, or Master Service Agreement, dated July 26, 2021, and describe each and every document which supports this assertion.

**INTERROGATORY NO. 8:**

Please provide all facts which you will rely in asserting that Couvillion "did not timely perform under the Contracts because of gross incompetence." Please also describe each and every document which supports this assertion.

**INTERROGATORY NO. 9:**

Please provide all facts which you will rely in asserting that "the change in conditions was not the driving force behind Couvillion's complete failure to satisfy its obligations." Please also describe each and every document which supports this assertion.

**INTERROGATORY NO. 10:**

Please provide all facts which you will rely in asserting that "the 'work' Couvillion performed in connection with the Contracts…was worth, at most, $341,612." Please also describe each and every document which supports this assertion.

**INTERROGATORY NO. 11:**

Please identify each and every plan, schematic, and survey related to the A11 pipeline which was provided to Couvillion by White Marlin, Agua, Talco, and/or Torrent, and/or any agent(s) or representative(s) acting on their behalf, in addition to the date each survey was provided to Couvillion, the identity of who performed the survey, when each survey was

conducted, and when White Marlin, Agua, Talco, and/or Torrent first obtained the survey, and from whom it obtained any survey.

**INTERROGATORY NO. 12:**

Please describe all documents, notes, logs, memoranda or diary maintained in connection with any of your activities that concern or in any way relate to the claims asserted by Couvillion in the Complaint or the claims asserted by You in the Counterclaim.

**INTERROGATORY NO. 13:**

Please state the names and addresses of each person known or reasonably felt by you to be in possession of or having control of any document relevant to the claims asserted by Couvillion in the Complaint or the claims asserted by You in the Counterclaim.

**INTERROGATORY NO. 14:**

Please state the names and addresses of each person known or reasonably felt by you to be a witness to the trial of this case, whether expert or non-expert.

Respectfully submitted,

**FRILOT L.L.C.**

***/s/ Daniel E. Schwank***

**PATRICK J. MCSHANE T.A. (#19055)**
***Pro hac vice***
**DANICA BENBOW DENNY (#27376)**
***Pro hac vice***
**KATHLEEN P. RICE (#31291)**
***Pro hac vice***
**DANIEL E. SCHWANK (#39333)**
***Pro hac vice***
1100 Poydras Street, Suite 3700
New Orleans, LA 70163-3600
Telephone: (504) 599-8000
Facsimile: (504) 599-8100
E-mail: pmcshane@frilot.com

ddenny@frilot.com
krice@frilot.com
dschwank@frilot.com
***Counsel for Plaintiff, Couvillion Group, LLC***

**AND**

**RICHARD GORMAN LAW**
**Richard L. Gorman**
**State Bar No. 00784155**
**Federal I.D. 15685**
12335 Kingsride Ln. #354
Houston, TX 77024-4116
Telephone: (832) 725-4026
Facsimile: (281) 854-2200
E-mail: rg@richardgormanlaw.com
***Local Counsel for Plaintiff, Couvillion Group, LLC***

**CERTIFICATE OF CIRCULATION AND SERVICE**

I certify that on October 2, 2023, the following was circulated and served on all counsel of record via electronic mail.

***/s/ Daniel E. Schwank***