| | |
|---|---|
| **From:** | Jeb Golinkin |
| **To:** | Schwank, Daniel |
| **Cc:** | Michael Cancienne; Denny, Danica |
| **Subject:** | RE: Next Steps/ Next Week"s Deposition |
| **Date:** | Friday, February 2, 2024 2:28:17 PM |
| **Attachments:** | image001.png |

Daniel,

Respectfully, it seems Couvillion mostly ignored the Court's comments during the hearing (and our concerns and simply narrowed the date range.) That change is helpful, but the issues we flagged were not limited to merely the date range. I attempted to offer Couvillion an acceptable way to resolve most of our issues and for whatever reason, you have rejected it. That is your prerogative. Accordingly, we are find having the Court rule on your objections to the remaining request.

To be clear, if you intend to attempt to have the Court rule on your amended discovery requests, please include our full objections to your original discovery requests, as well as the amended proposals you are rejecting.

Finally, with regard for your demand for us to amend our discovery responses, you misunderstand the law. Again, Rule 34 states that we must "produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i). We have complied with this Request. Yesterday, the Court further instructed us to clarify whether we were withholding any documents on the basis of our objections for the various RFPs. We have now done so.

Thanks,

Jeb

--
**Joseph W. Golinkin II**
Trial Attorney | Jordan, Lynch & Cancienne PLLC
(o) 713-955-4019 | (c) 832-250-6567
1980 Post Oak Blvd., Suite 2300 Houston, Texas 77056
www.jlcfirm.com  |  Attorney Biography



**From:** Schwank, Daniel <DSchwank@frilot.com>
**Sent:** Friday, February 2, 2024 1:45 PM
**To:** Jeb Golinkin <jgolinkin@jlcfirm.com>
**Cc:** Michael Cancienne <mcancienne@jlcfirm.com>; Denny, Danica <DDenny@frilot.com>
**Subject:** RE: Next Steps/ Next Week's Deposition

Jeb,

Thank you for agreeing to produce responsive documents to Couvillion's RFP 26, 29, and Interrogatory No. 3. In the spirit of compromise, we accept Defendants' proposed revision to Interrogatory No.1 and will remove "the net worth of each."

Based on your email below, and despite receiving our revisions limiting the scope of what is sought, it seems the White Marlin Defendants are not willing to compromise as to Couvillion's Request for Production Nos: 3, 4, 5, 6, 7, 10, 11, 12, 13, 14, 15, 16, 17, 27, and 67-86, in addition to Couvillion's Interrogatory No. 4.

Except for our agreement to revise Interrogatory No. 1, Couvillion cannot agree to the other proposed revisions. The Court expressed concern over Requests which sought "all documents evidencing or describing" certain documents, or "all documents which relate" to certain documents. We have revised the discovery to address these concern. The White Marlin Defendants' also objected on the basis of scope regarding all Requests seeking documents from the past five years. We have revised Couvillion's discovery to request documents from January 1, 2020 to the present, as discussed during the pre-motion conference. The revisions which you propose would not entitle Couvillion to obtain the actual document transferring assets between the companies. Further, a document "sufficient to show" any transfer of assets or loan may not contain the details of the loan or asset transfer. Couvillion is entitled to receive these documents in discovery. If these documents do not exist, Defendants can state that in response to the Request.

Further, we need the White Marlin Defendants to amend their discovery responses by stating, for each response, whether documents were produced pursuant to each Request. We are not requesting that Defendants identify the bates number for each and every document responsive to the Requests. However, stating that "Defendants are not withholding any documents" does not allow Couvillion to assess whether documents were produced in response to each Request. This is required under the law.

If the White Marlin Defendants agree to provide the documents and information requested in Couvillion's revised discovery, there will be no need to involve the Court further. If not, we will proceed with drafting a letter to the Court informing Judge Edison of the proposed revisions and the need for the status conference on Monday. Please let us know if Couvillion's revisions are acceptable to Defendants.

Best,
Daniel



**Daniel E. Schwank** (he/him)
1100 Poydras Street, Suite 3700
New Orleans, LA 70163
504.599.8247 office
504.599.8137 fax

**From:** Jeb Golinkin <jgolinkin@jlcfirm.com>
**Sent:** Friday, February 2, 2024 11:47 AM
**To:** Schwank, Daniel <DSchwank@frilot.com>
**Cc:** Michael Cancienne <mcancienne@jlcfirm.com>; Denny, Danica <DDenny@frilot.com>
**Subject:** RE: Next Steps/ Next Week's Deposition

Daniel,

These do not move the ball much and do not really address the issues flagged during the hearing. That said, there are some issues where (hopefully) we can agree:

**RFPs**

We are willing to agree to the following RFPs as revised in your proposals: 26, 29

Also, we could agree to search for the following RFPs if they are revised consistent with the below:

- RFP 8: "Documents sufficient to show any transfers of funds between or among any named Defendant between January 1, 2020 and present."

- RFP 9: Documents sufficient to show any transfer of assets between or among any named Defendant between January 1, 2020 and present."

- RFP 28: Documents sufficient to show any loans from Agua, Talco, Torrent, and/or Nigel Solida to White Marlin between January 1, 2020 and the present day.

- RFP 18-25: "Documents sufficient to identify employees of any named Defendant that did work on behalf of multiple named Defendants and those employees job descriptions/roles."

**Rogs**

We are willing to agree to the following Rogs as revised in your proposals: 3.

We can also agree to the following Rogs if you will agree to revise them as set forth below:

- Rog 1: As written, except remove "the net worth of each."

- Rog 2: "Please identify any person(s) that performed work on behalf of multiple named Defendants related to any pipeline removal project(s) in the Corpus Christi Bay. For each person(s) identified, identify(1) the entity that employed them; (2) the dates of their employment; and (3) the other named Defendants for which they also performed work; and

(4) a general description of their roles and responsibilities for each named Defendant identified.

- Rog 5: Please identify any transfer of funds between named Defendants since January 1, 2020. For each transfer, please identify the date of the transfer, the amount, the transferor, the transferee, and generally describe the purpose of the transfer.

**With respect to our document production**, Defendants are not withholding any documents we have identified as responsive to the following RFPs: 1, 2, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, or 66.

**With regard to depositions,** as I mentioned, I am out of the country for the Tokyo Marathon between 2/29-3/8. I have reached out to Richard about doing the deposition on 2/27-28 or the week of 3/11. I will let you know when I hear back.

Thanks and let me know if you have any questions,

Jeb

--
**Joseph W. Golinkin II**
Trial Partner | Jordan, Lynch & Cancienne PLLC
(o) 713-955-4019 | (c) 832-250-6567
1980 Post Oak Blvd., Suite 2300 Houston, Texas 77056
www.jlcfirm.com  |   Attorney Biography



---

**From:** Schwank, Daniel <DSchwank@frilot.com>
**Sent:** Thursday, February 1, 2024 3:46 PM
**To:** Jeb Golinkin <jgolinkin@jlcfirm.com>
**Cc:** Michael Cancienne <mcancienne@jlcfirm.com>; Denny, Danica <DDenny@frilot.com>
**Subject:** RE: Next Steps/ Next Week's Deposition

Hi Jeb,

Please see the attached redline of Couvillion's discovery in accordance with the comments from Judge Edison regarding scope. As you will note, we have limited our requests seeking documents and information from the past five years to seeking documents and information between January 1, 2020 until the present day. In addition, we have revised the requests which previously sought "each and every" document by specifying the particular document sought.

Please confirm Defendants' agreement to produce the documents and information sought in the attached redlines.

In addition, please let us know when we can expect to receive Defendants' supplemental discovery responses indicating if documents have been produced for each Request for Production.

Best regards,
Daniel

---

**From:** Schwank, Daniel
**Sent:** Wednesday, January 31, 2024 11:43 AM
**To:** Jeb Golinkin <jgolinkin@jlcfirm.com>
**Cc:** Michael Cancienne <mcancienne@jlcfirm.com>; Denny, Danica <DDenny@frilot.com>
**Subject:** RE: Next Steps/ Next Week's Deposition

Hi Jeb,

We will provide you with our revised RFPs and ROGs in accordance with the comments from Judge Edison. We would also like to reschedule Mr. Watson's deposition for some time after we obtain the rolling production of the White Marlin Defendants' financial documents. Could you please provide us with his availability at the end of February/early March, in addition to the availability of the other corporate representatives?

Thanks,
Daniel



**Daniel E. Schwank** (he/him)
1100 Poydras Street, Suite 3700
New Orleans, LA 70163
504.599.8247 office
504.599.8137 fax

---

**From:** Jeb Golinkin <jgolinkin@jlcfirm.com>
**Sent:** Wednesday, January 31, 2024 10:14 AM
**To:** Schwank, Daniel <DSchwank@frilot.com>
**Cc:** Michael Cancienne <mcancienne@jlcfirm.com>
**Subject:** Next Steps/ Next Week's Deposition

Daniel,

1. Why don't you take a crack at revising the contested RFPs and Rogs to make them narrower based on Judge Edison's comments and I will let you know whether we can accept the revised versions or propose additional revisions for your consideration.

th

2. Do you still want to depose Richard on the 7, or do you want to push his deposition? I do not think this should impact your ability to appropriately depose him as a fact witness, but obviously we will not be producing additional documents in advance of that deposition as it is presently scheduled regardless of any agreement we are able to reach.

-Jeb

--

**Joseph W. Golinkin II**
Trial Attorney | Jordan, Lynch & Cancienne PLLC
(o) 713-955-4019 | (c) 832-250-6567
1980 Post Oak Blvd., Suite 2300 Houston, Texas 77056
www.jlcfirm.com |  Attorney Biography



**Disclaimer**

This communication, including any attachments, may contain confidential attorney-client information or may otherwise be privileged or confidential. It is solely for use by the intended recipient and others authorized to receive it. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation to this information is strictly prohibited and may be unlawful. Please notify the sender immediately by replying to this message, then deleting the e-mail and any attachments from your systems.

**Disclaimer**

This communication, including any attachments, may contain confidential attorney-client information or may otherwise be privileged or confidential. It is solely for use by the intended recipient and others authorized to receive it. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation to this information is strictly prohibited and may be unlawful. Please notify the sender immediately by replying to this message, then deleting the e-mail and any attachments from your systems.