August 21, 2024

The Honorable Andrew Edison
601 Rosenberg, Seventh Floor
Houston, TX 77002
Ruben_Castro@txs.uscourts.gov

      Re:    Cause No. 4:22-cv-00908, *Couvillion Group, LLC v. White Marlin Operating Company LLC et. al.*: Joint Letter Regarding Couvillion's Discovery Requests

Dear Judge Edison,

    Defendants[1] seek the Court's assistance in resolving three straightforward discovery disputes between the parties. The parties conferred about these requests through their counsel on August 19, 2024 and could not reach agreement on the issues outlined below.

    First, Defendants have requested the opportunity to depose three fact witnesses and Couvillion's corporate representative. After much negotiation, Couvillion finally agreed to present two of its fact witnesses in New Orleans on August 27 and 28. (Ex. 1). However, Couvillion now refuses to present these witnesses because it "offered August 27 and August 28 for these depositions subject to the completion of Defendants' corporate depositions." (Ex. 2). Couvillion is also refusing to provide dates (ever) when Defendants can depose its corporate representative because, in its estimation, it is entitled to depose Defendants' 30(b)(6) witnesses again. (*Id.*). Defendants disagree but attempted to compromise by offering to present a different 30(b)(6) witness for several hours after his long scheduled fact witness testimony. (Ex. 3). Couvillion not only refused this offer, but also cancelled that witness' (Nigel Solida) long scheduled fact deposition at 7 pm on the Friday before Solida's Tuesday deposition even though Couvillion knew Solida had already flown to Houston from Vancouver to give his testimony. (Ex. 3).

    Notwithstanding the dubious merits of Couvillion's complaints regarding Defendants' 30(b)(6) testimony, the Rules do not allow it to hold the rest of discovery hostage in an attempt to extract concessions from Defendants. Defendants therefore request that Defendants present Mr. Holvey and Mr. Dautrel as scheduled on 8/27 and 8/28, and that Couvillion promptly provide dates when Defendants can depose Couvillion's corporate representative.

    Next, Defendants ask the Court to overrule Couvillion's objections to Interrogatory Nos. 3-5, 8-11, 12, 16, 17 and instruct Couvillion to provide answers to the queries contained therein. (Ex. 4). Most of these are straightforward contention interrogatories, and Couvillion's answers to these queries are inadequate.

    Finally, Defendants ask the Court to address certain deficiencies regarding Couvillion's document production. Specifically, Couvillion refuses to produce its documents as they were kept in the ordinary course of business in a searchable format that preserves relevant metadata. (Ex. 1). Instead, it has produced 15 combined pdf files which are not searchable, contain no metadata, and cannot be loaded into a document database. Additionally, Defendants would appreciate if Couvillion would clarify whether they searched relevant custodians' emails, or whether they simply had their witnesses self-collect.

---

[1] White Marlin Operating Company, LLC, Agua Tranquillo Midstream LLC, Talco Petroleum, LLC, and Nigel Solida.

- 2 -                                                     August 21, 2024

**Couvillion's Motion to Quash, Opposition, and Motion for Protective Order**

Defendants' instant request represents an ill-fated attempt to divert attention from Defendants' general abuse of discovery and blatant violation of the Court's previous discovery Order.

First, Couvillion does not refuse to provide dates for its corporate deposition or the depositions of Mr. Holvey and Mr. Dautreuil. Couvillion seeks to enforce the parties' agreement as to the sequence of discovery – namely, that Defendants' three corporate depositions will be conducted before any deposition of Couvillion. Couvillion properly noticed the corporate depositions of White Marlin, Agua, and Talco on May 2, 2024. At Defendants' corporate depositions, they failed to appoint a representative which was prepared to "testify about information known or reasonably available to the organization" in violation of the FRCP 30(b)(6). Defendants now oppose Couvillion's right to finish these depositions. On August 2, 2024, Defendants attempted to relegate Couvillion to completing three corporate depositions and Nigel Solida's entire fact deposition to one day. On the same day, Defendants stated that critical documents would be withheld until the day before the fact deposition of Mr. Solida, despite the Court's order to produce the same in February.

Defendants attempt an end run at the sequence of discovery established since Couvillion first requested to take these depositions on December 14, 2023. Granting Couvillion's request to resume the Defendants' corporate depositions will permit discovery to proceed as planned. Accordingly, Couvillion requests the Court quash Mr. Holvey and Mr. Dautreuil's August 27th and August 28th Notices of Deposition.

Second, Couvillion objected to Defendants' contention interrogatories on the basis of prematurity, as discovery is still ongoing. Nonetheless, Couvillion's Answers to Interrogatories contain the information that was available at the time. The supplemental responses demanded by Defendants - requesting facts establishing Defendants' false representations, fraudulent acts, breaches of contract, and disregard for corporate formality – were obtained during the deposition of Richard Watson and Defendants' partial corporate deposition. During the deposition, Couvillion learned of the presence of a $5 million intercompany loan, and that White Marlin transferred almost $4 million dollars to an affiliate company during a period of "catastrophic financial downtown." Defendants are clearly seeking to prohibit Couvillion from obtaining additional information and documents responsive to these Interrogatories by refusing to comply with the Court's Order and by objecting to resuming the Defendants' corporate depositions.

Third, Couvillion produced all responsive documents as they were kept in the ordinary course of business. In addition, Couvillion organized its document production into individual, labeled exhibits to correspond to the categories of each request. See FRCP 34 (b)(2)(E). Defendants offer no showing of their purported need for individual pdfs, and are simply attempting to impose undue burden and cost on Couvillion.

Respectfully,

*/s/ Jeb Golinkin*[2] and */s/ Daniel Schwank*[3]

---

[2] Counsel for the White Marlin Defendants
[3] Counsel for Couvillion Group, LLC